Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York  10022
Tel. No. 718.777.0400
Joseph D. Nohavicka
Norma E. Ortiz, *Of Counsel*
*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

-------------------------------------------------------x
:
In re                                                                   :
:
**ZHANG MEDICAL P.C. d/b/a**             :
:                       Case No. 23-10678-pb
**NEW HOPE FERTILITY CLINIC**       :
:                       Sub-Chapter V Chapter 11
:
                                                         Debtor.    :
-------------------------------------------------------x

## DEBTOR'S MOTION FOR THE ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO (A) PAY PRE-PETITION WAGES, OTHER COMPENSATION AND EMPLOYEE BENEFITS, (B) CONTINUE EXISTING EMPLOYEE BENEFIT PLANS AND PROGRAMS, AND (C) AUTHORIZING THE BANKS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS RELATED TO SUCH OBLIGATIONS

Zhang Medical P.C., doing business as New Hope Fertility Clinic (the "Debtor"), the above-captioned debtor and debtor-in-possession, hereby requests through its proposed attorneys, Pardalis & Nohavicka LLP, the entry of an order granting this motion (the "Motion") pursuant to Sections 105(a) and 363(b) of Title 11 of the U.S. Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to (1) pay and honor certain pre-petition claims for wages, salaries, employee benefits and other compensation, including any required withholdings and deductions, (2) continue to provide employee benefits in the ordinary course of business, (3) pay all related costs and expenses, (4) directing the banks to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing and (5) grant any further and related relief as the Court deems just.  In support of this Motion, the Debtor respectfully states as follows:

**FACTUAL BACKGROUND**

1. On April 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code as a Sub-Chapter V small business debtor. The Debtor is authorized to operate its business and manage its affairs as a debtor-in-possession pursuant to Sections 1182, 1107(a) and 1108 of the Bankruptcy Code. The Debtor qualifies as a debtor under Sub-Chapter V of Chapter 11 of the Bankruptcy Code.

2. Eric M. Huebscher was appointed as the Chapter 11 Subchapter V Trustee by the United States Trustee on May 2, 2023.

3. The Debtor operates a fertility clinic in Manhattan. It operates from the premises known as Four Columbus Circle, New York, New York 10019. The Debtor's Local Rule 1007-2 Declaration has been filed with the court and sets forth the facts leading to its bankruptcy filing and describes its business operations. The facts set forth in that document are respectfully incorporated herein.

4. The Debtor operates its clinic with approximately 88 employees and contractors (the "Payees") and is open seven days a week. In addition to rendering routine services for its patients' infertility-related medical needs, the Debtor provides sophisticated and cutting-edge laboratory services, medical procedures and medical testing for its patients. It employs specialized technicians and medical personnel to perform *in vitro* fertilization and to oversee the storage of over 40,000 embryos and male and female gametes. The Debtor also employs a host of administrative and non-medical staff that are vital to its operations.

5. On the Petition Date, the Debtor was indebted to the Payees for amounts that include wages, compensation, employee-related benefits and withholding costs that were incurred in the ordinary course of the Debtor's business. Annexed hereto as Exhibit A is a list of the Payees, excluding their names, and the amounts due to them for the period of April 23, 2023 through the Petition Date (the "Payroll Period"). The Debtor estimates that the Payees are due

no less than $166,108.30 for the work performed and the associated costs rendered during the Payroll Period. The Payees are paid on a bi-weekly basis.

6. The amounts due consist of wages, amounts due to independent contractors that work regularly for the Debtor, withholding charges (defined below), and insurance and employee benefits paid routinely to the Payees in the ordinary course of the Debtor's business (the "Worker Compensation"). The amounts do not include unpaid bonuses or employee incentives.

7. The Debtor is required by law to withhold amounts related to federal, state, and local income taxes, including Social Security and Medicare taxes, that must be paid to the appropriate governmental authorities. The Debtor is also required to pay for federal and state unemployment insurance on a periodic basis (collectively the "Withholding Charges"). The Debtor seeks the authority to pay the Withholding Charges incurred during the Payroll Period as and when they become due.

8. One of the Payees is the Debtor's medical director and sole shareholder Dr. John Zhang. Dr. Zhang is the life-blood of the Debtor's operations. He renders much-needed medical services to patients and dedicates his life to the Debtor's business. Doctor Zhang often works six and seven days a week for the Debtor and is an essential provider for the Debtor's business. The Worker Compensation due to him during the Payroll Period is approximately $28,846.00. However, the Debtor is limiting its request for reimbursement to Dr. Zhang to the $15,150.00 limit set forth in Bankruptcy Code Section 507(a)(4). The Debtor requests the authority to pay Dr. Zhang this amount because his services are vital to the Debtor's operations. The Debtor employs a host of nurse practitioners and other medical professionals to render services to its patients. However, the Debtor has a limited number of medical doctors on its staff and the Debtor cannot operate without his services. Dr. Zhang's continued services are required to ensure that the Debtor can continue to provide uninterrupted services to its patients at the same high-quality level of care it provided before the bankruptcy filing.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meanings of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. The Debtor requests the entry of an interim order and final order, substantially in the form attached hereto, pursuant Bankruptcy Code §§ 105(a) and 363(b) and Bankruptcy Rules 6003 and 6004, authorizing it to pay the Worker Compensation for the work performed by the Payees during the Payroll Period. The Payees are essential to the Debtor's continued day-to day operations and are instrumental to, among other things, the preservation of its patients' embryos and gametes. The Debtor's medical equipment must be constantly monitored and maintained to ensure that the patient specimens are maintained at proper temperatures and properly stored at all times. In addition, the Debtor cannot operate without the work performed by its non-medical staff. The Debtor seeks this authority to ensure that the Payees do not experience any personal and financial hardship as a result of the Debtor's bankruptcy filing and ensure that the Payees remain in the Debtor's employ during this critical time for the Debtor. Many of the Payees have specialized knowledge and experience and cannot be easily replaced by the Debtor.

11. The Debtor also seeks the authority to modify, change and discontinue any of its practices in connection with Worker Compensation, as well as any other employment-related policies, wages or benefits, in the ordinary course of its business during this Chapter 11 case, in its discretion without the need for further Court approval.

12. Finally, the Debtor requests that the banks and other financial institutions, including Bank of America and Chase Bank (the "Banks"), that maintain its accounts are authorized and directed to receive, process, honor and pay all checks presented for payment and

electronic transfers and payment requests to the extent they relate to the Workers Compensation and are authorized by the proposed court order.

**BASIS FOR RELIEF**

13. The Debtor asserts that granting the relief requested will benefit all creditors and the bankruptcy estate and ensure that its operations are not interrupted by the effect of its bankruptcy filing. The Court is authorized to grant the relief requested by the Debtor. Bankruptcy Code Section 507(a)(4)(A) provides in relevant part that the claims asserted against the Debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date are afforded priority unsecured status to the extent of $15,150 per employee. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. These Bankruptcy Code provisions are commonly relied upon by the court to grant the relief requested by the Debtor.

14. Since the claims entitled to priority status under Bankruptcy Code section 507(a) must be paid in full, granting the relief requested herein affects the timing of payment to the Payees but does not alter the rights of these creditors. Payment of the Worker Compensation up to the Section 507(a) statutory limit per individual will benefit the Debtor's business and value by ensuring the Payees continue to provide vital services to the Debtor. Moreover, many of the Withholding Charges are required to be paid by the Debtor under applicable federal, state and local law.

15. The Court is authorized to grant the relief requested by the Debtor. Under the appropriate circumstances, a court may authorize a debtor to pay or provide special treatment for certain prepetition obligations. *See, e.g., In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581

(3d Cir. 1981) (recognizing that "[i]f payment of a pre- petition claim 'is essential to the continued operation of [the debtor], payment may be authorized."); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding sound business justification for payment of certain pre-petition claims); *In re Tropical Sportswear Int'l Corp.,* 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) (holding that "[Bankruptcy Code] section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks."). "Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets." *In re Endo International PLC*, 2022 WL 16935997 at * 6 (Bankr. S.D.N.Y. Nov. 14, 2022) (quoting *United States ex rel. Harrison v. Est. of Deutscher (In re H & S Transp. Co.*), 115 B.R. 592, 599 (M.D. Tenn. 1990)). The relief requested by the Debtor seeks solely to continue its ordinary course business practice in connection with its payment of Worker Compensation so that it can protect the viability of its operations for the benefit of its creditors and bankruptcy estate.

### SATIFICATION OF BANKRUPTCY RULE 6003(b)

16. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001). For the reasons stated above, granting the relief requested herein is essential to permit the Debtor to continue to operate is business, protects its patients' specimens and preserve the Debtor's value as a going concern. If the Debtor does not receive this authorization and related relief during the 21 days following the Petition Date, it would severely disrupt the Debtor's operations with no reciprocal benefit to creditors and parties in interest. Therefore, the relief requested herein is necessary in order for

the Debtor to operate its businesses in the ordinary course, preserve the ongoing value of the Debtor's operations, protect the interests of the Debtor's patients and maximize the value of its estate for the benefit of all creditors and stakeholders. For these reasons, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### **WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

17. The Debtor requests, for the reasons stated above, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### **NOTICE**

18. Once the Debtor files the Motion, it will serve a copy of the Motion upon (a) the United States Trustee for Region 2, (b) the Sub-Chapter V Trustee Eric M. Huebscher and (c) the Debtor's largest unsecured creditor. Upon entry of an order scheduling a hearing on the Debtor's request, the Debtor will serve the creditors and parties directed by the Court. The Debtor requests that notice of the Motion be limited to the twenty largest unsecured creditors of the Debtor, the U.S. Trustee, the Sub Chapter V Trustee and any party that has filed a Notice of Appearance. In the light of the nature of the relief requested and the circumstances of the Debtor's case, the Debtor respectfully submits that no further notice is necessary.

### **NO PRIOR REQUEST**

19. No prior request for the relief sought in the Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the Interim Order and a Final Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein,

and granting such other relief as is just and proper.

Dated: New York, New York
      May 3, 2023                      Respectfully submitted,

By: */s/ Norma E. Ortiz*
    Norma E. Ortiz, Of Counsel
    JOSEPH D. NOHAVICKA
    Pardalis & Nohavicka LLP
    950 Third Avenue, 11th Floor
    New York, New York  10022
    Tel. No. 718.777.0400
    bankruptcypn@gmail.com
    jnfirm@aol.com
    *Proposed Counsel to the Debtor*
    *Debtor-in-Possession*

**EXHIBIT A**

| PayClass | EarnHours | EarnRate | EarnAmount | Home Position Desc | Dist Department Desc |
|---|---|---|---|---|---|
| SAL | 40.00 | 50.99 | $ 2,039.60 | Sonographer | Ultrasound |
| SAL | 2.33 | 76.47 | $ 178.18 | Sonographer | Ultrasound |
| SAL | 44.76 | 33.65 | $ 1,506.18 | Embryologist | Embryology |
| SAL | 24.42 | 34.62 | $ 845.43 | Unassigned | Administration |
| HRL | 33.38 | 22.00 | $ 734.36 | Lab Clerical Assistant | Andrology |
| HRL | 31.57 | 28.85 | $ 910.80 | Receptionist | Call Center |
| HRL | 39.50 | 36.05 | $ 1,423.97 | Sonographer | Ultrasound |
| HRL | 14.05 | 39.00 | $ 547.95 | Medical Assistant | Medical Assistants |
| HRL | 40.00 | 26.00 | $ 1,040.00 | Medical Assistant | Medical Assistants |
| SAL | 40.50 | 29.13 | $ 1,179.76 | Andrology Lab Technician | Andrology |
| SAL | 8.00 | 103.37 | $ 826.96 | Embryologist | Embryology |
| SAL | 17.91 | 103.37 | $ 1,851.36 | Embryologist | Embryology |
| HRL | 39.88 | 17.00 | $ 677.96 | Housekeeper | Housekeeping |
| HRL | 0.04 | 25.50 | $ 1.02 | Housekeeper | Housekeeping |
| HRL | 8.00 | 17.00 | $ 136.00 | Housekeeper | Housekeeping |
| SAL | 38.58 | 36.06 | $ 1,391.19 | Embryologist | Embryology |
| HRL | 10.09 | 36.00 | $ 363.24 | IT Help Desk | Information Technology |
| HRL | 40.00 | 24.00 | $ 960.00 | IT Help Desk | Information Technology |
| SAL | 8.00 | 48.08 | $ 384.64 | Controller | Finance |
| SAL | 19.58 | 48.08 | $ 941.41 | Controller | Finance |
| HRL | 38.87 | 28.00 | $ 1,088.36 | Medical Biller | Billing |
| HRL | 40.00 | 24.00 | $ 960.00 | Medical Records Coord. | Medical Records |
| HRL | 4.35 | 36.00 | $ 156.60 | Medical Records Coord. | Medical Records |
| SAL | 40 | 50.48 | $ 2,019.20 | Genetics Counselor | NICS |
| HRL | 35.06 | 23.00 | $ 806.38 | Medical Assistant | Medical Assistants |
| HRL | 47.48 | 23.00 | $ 1,092.04 | Andrology Lab Technician | Andrology |
| HRL | 1.70 | 34.50 | $ 58.65 | Andrology Lab Technician | Andrology |
| SAL | 23.00 | 31.73 | $ 729.79 | Outreach Specialist | Marketing |
| HRL | 25.02 | 28.00 | $ 700.56 | Medical Biller | Billing |
| HRL | 31.91 | 22.00 | $ 702.02 | Receptionist | Reception |
| HRL | 40.00 | 40.86 | $ 1,634.40 | Registered Nurse | Nursing |
| HRL | 4.17 | 61.29 | $ 255.58 | Registered Nurse | Nursing |
| SAL | 35.41 | 69.71 | $ 2,468.43 | Embryologist | Embryology |
| SAL | 10.50 | 38.46 | $ 403.83 | Genetics Lab Director | NICS |
| HRL | 40.00 | 25.00 | $ 1,000.00 | Medical Assistant | Medical Assistants |
| HRL | 0.74 | 37.50 | $ 27.75 | Medical Assistant | Medical Assistants |
| SAL | 31.33 | 31.25 | $ 979.07 | Executive Assistant | Administration |
| SAL | 8.00 | 36.05 | $ 288.40 | Billing Manager | Billing |
| SAL | 41.09 | 16.83 | $ 691.55 | Unassigned | Intern |
| HRL | 39.46 | 30.00 | $ 1,183.80 | Andrology Lab Technician | Andrology |
| HRL | 0.18 | 45.00 | $ 8.10 | Andrology Lab Technician | Andrology |
| HRL | 39.31 | 29.00 | $ 1,139.99 | IT Help Desk | Information Technology |
| HRL | 17.15 | 27.50 | $ 471.64 | Medical Biller | Billing |
| HRL | 8.21 | 27.00 | $ 221.67 | Medical Assistant | Medical Assistants |
| HRL | 36.75 | 24.00 | $ 882.00 | Medical Assistant | Medical Assistants |
| HRL | 3.25 | 24.00 | $ 78.00 | Medical Assistant | Medical Assistants |

| Type | Rate | Hours | $ | Amount | Title | Department |
|---|---|---|---|---|---|---|
| HRL | 4.20 | 36.00 | $ | 151.20 | Medical Assistant | Medical Assistants |
| SAL | 32.08 | 31.25 | $ | 1,002.50 | Bookkeeper | Finance |
| SAL | 46.26 | 73.20 | $ | 3,386.22 | Embryologist | Embryology |
| SAL | 40 | 168.27 | $ | 6,730.80 | Physician | Physicians |
| SAL | 16.41 | 64.90 | $ | 1,065.01 | Nurse Practitioner | Nurse Practitioner |
| HRL | 40.00 | 24.00 | $ | 960.00 | Andrology Lab Technician | Andrology |
| HRL | 1.72 | 36.00 | $ | 61.92 | Andrology Lab Technician | Andrology |
| HRL | 32.72 | 27.88 | $ | 912.23 | Third Party Coord. | Third Party Coord. |
| HRL | 47.96 | 16.00 | $ | 767.36 | Housekeeper | Housekeeping |
| HRL | 2.30 | 24.00 | $ | 55.20 | Housekeeper | Housekeeping |
| SAL | 29.25 | 120.19 | $ | 3,515.56 | Embryologist | Embryology |
| HRL | 45.58 | 27.00 | $ | 1,230.66 | Medical Assistant | Medical Assistants |
| HRL | 5.24 | 41.02 | $ | 214.96 | Medical Assistant | Medical Assistants |
| HRL | 3.19 | 40.50 | $ | 129.20 | Medical Assistant | Medical Assistants |
| SAL | 37.00 | 27.88 | $ | 1,031.56 | Embryologist | Embryology |
| HRL | 8.00 | 27.00 | $ | 216.00 | Medical Assistant | Medical Assistants |
| HRL | 40.00 | 27.00 | $ | 1,080.00 | Medical Assistant | Medical Assistants |
| HRL | 2.27 | 40.50 | $ | 91.94 | Medical Assistant | Medical Assistants |
| HRL | 39.18 | 27.00 | $ | 1,057.86 | Facilities Coord. | Facilities |
| SAL | 41.33 | 48.08 | $ | 1,987.15 | Genomics Lab Tech | NICS |
| HRL | 15.01 | 28.37 | $ | 425.83 | Surrogacy Coord. | Third Party Coord. |
| HRL | 40.00 | 31.73 | $ | 1,269.21 | Clinical Coordi. | Clinical Coord. |
| HRL | 1.82 | 47.60 | $ | 86.62 | Clinical Coordi. | Clinical Coord. |
| HRL | 28.25 | 27.00 | $ | 762.75 | Medical Assistant | Medical Assistants |
| HRL | 16.00 | 22.00 | $ | 352.00 | Receptionist | Reception |
| HRL | 33.89 | 22.00 | $ | 745.58 | Receptionist | Reception |
| SAL | 42.41 | 37.13 | $ | 1,574.69 | Medical Assistant Supervis | Medical Assistants |
| HRL | 40.00 | 30.00 | $ | 1,200.00 | Medical Assistant | Medical Assistants |
| HRL | 2.90 | 45.00 | $ | 130.50 | Medical Assistant | Medical Assistants |
| SAL | 24.51 | 67.31 | $ | 1,649.76 | Physician Assistant | Physician Assistant |
| HRL | 40.00 | 28.00 | $ | 1,120.00 | Medical Biller | Third Party Coord. |
| HRL | 0.86 | 42.00 | $ | 36.12 | Medical Biller | Third Party Coord. |
| SAL | 37.17 | 48.08 | $ | 1,787.13 | Genomics Lab Supervisor | NICS |
| HRL | 47.28 | 16.00 | $ | 756.48 | Housekeeper | Housekeeping |
| HRL | 1.32 | 24.00 | $ | 31.68 | Housekeeper | Housekeeping |
| SAL | 16.00 | 43.27 | $ | 692.32 | Executive Assistant | Administration |
| SAL | 24.33 | 43.27 | $ | 1,052.76 | Executive Assistant | Administration |
| SAL | 40.57 | 72.12 | $ | 2,925.91 | Director Of Clinical Educati | Nursing |
| HRL | 15.57 | 44.00 | $ | 685.08 | Sonographer | Ultrasound |
| SAL | 23.17 | 31.73 | $ | 735.18 | Marketing Coord. | Marketing |
| SAL | 37.34 | 31.25 | $ | 1,166.87 | Embryologist | Embryology |
| HRL | 34.90 | 20.00 | $ | 698.00 | Receptionist | Reception |
| HRL | 32.76 | 30.00 | $ | 982.80 | Clinical Coordi. | Clinical Coord. |
| HRL | 46.79 | 22.00 | $ | 1,029.38 | Lab Clerical Assistant | Andrology |
| SAL | 45.51 | 69.71 | $ | 3,172.51 | Embryologist | Embryology |
| SAL | 39.83 | 81.73 | $ | 3,255.31 | A. I. Research | Information Technology |
| HRL | 43.95 | 22.00 | $ | 966.90 | Receptionist | Reception |

| Type | Rate/Hrs | Hrs/Rate | Amount | Role | Department |
|---|---|---|---|---|---|
| HRL | 3.11 | 33.00 | $ 102.63 | Receptionist | Reception |
| HRL | 40.00 | 42.00 | $ 1,680.00 | Registered Nurse | Nursing |
| HRL | 1.33 | 63.00 | $ 83.79 | Registered Nurse | Nursing |
| HRL | 40.00 | 20.00 | $ 800.00 | Facilities Coord. | Facilities |
| HRL | 1.06 | 30.00 | $ 31.80 | Facilities Coord. | Facilities |
| HRL | 40.00 | 18.00 | $ 720.00 | Housekeeper | Housekeeping |
| HRL | 0.79 | 27.00 | $ 21.33 | Housekeeper | Housekeeping |
| HRL | 19.98 | 50.00 | $ 999.00 | Registered Nurse | Nursing |
| SAL | 40 | 228.37 | $ 9,134.80 | Physician | Physicians |
| HRL | 42.21 | 38.00 | $ 1,603.98 | Sonographer | Ultrasound |
| HRL | 3.95 | 57.00 | $ 225.15 | Sonographer | Ultrasound |
| SAL | 40.08 | 51.00 | $ 2,044.08 | Registered Nurse | Nursing |
| HRL | 40.00 | 20.00 | $ 800.00 | Housekeeper | Housekeeping |
| HRL | 0.04 | 30.00 | $ 1.20 | Housekeeper | Housekeeping |
| SAL | 76.92 | 40 | $ 3,076.80 | | |
| SAL | 37.02 | 40 | $ 1,480.80 | CEO | |
| SAL | 105.77 | 40 | $ 4,230.80 | CFO | |
| SAL | 33.65 | 40 | $ 1,346.00 | | |
| SAL | 144.23 | 40 | $ 5,769.20 | | |
| SAL | 721.15 | 40 | $ 28,846.00 | Medical Doctor | |

| | |
|---|---|
| Total to be paid to em... | **$155,923.88** |
| NY SUI | $340.17 |
| NY Metro CTM | $756.25 |
| Guardina Medical Ins... | $0.00 |
| Benefit Account | $3,000.00 |
| FICA | $12,384.00 |
| Workers Comp | $1,000.00 |
| 401k employer match | $6,400.00 |
| **Total:** | **$179,804.30** |
| | $ (13,696.00)  Deduction for amount exceeding Section 507(a) limit |
| **Due** | **$166,108.30** |

PROPOSED INTERIM ORDER

Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York  10022
Tel. No. 718.777.0400
Joseph D. Nohavicka
Norma E. Ortiz, Of Counsel
Proposed Counsel to the Debtor and
Debtor-in-Possession

-------------------------------------------------------x
:
In re                                                                      :
:
ZHANG MEDICAL P.C. d/b/a                              :
:          Case No. 23-10678-pb
NEW HOPE FERTILITY CLINIC       :
:          Sub-Chapter V Chapter 11
:
Debtor.             :
---------------------------------------------------------x

**INTERIM ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO (A) PAY PRE-PETITION WAGES, OTHER COMPENSATION AND EMPLOYEE BENEFITS, (B) CONTINUE EXISTING EMPLOYEE BENEFIT PLANS AND PROGRAMS, AND (C) AUTHORIZING BANKS  TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS RELATED TO SUCH OBLIGATIONS**

Upon the motion dated May 3, 2023 ( the "Motion") of Zhang Medical P.C. d/b/a New Hope Fertility Clinic (the "Debtor"), seeking authorization, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code ("Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to pay wages, compensation, and all other related expenses ("Worker Compensation") and authorizing banks and financial institutions to honor and process checks and transfers related to such obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (ii) the Office of the United States Trustee (the "U.S. Trustee") and (ii) the Debtor's twenty largest unsecured creditors, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion ("Hearing"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Motion is granted on an interim basis; and it is further

ORDERED, that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to its Payees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED, that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not required, to make all payments with respect to pre-petition Worker Compensation for the Payroll Period in the amounts described in the Motion with respect to such Worker Compensation in accordance with the Debtor's pre-petition practices and policies; and it is further

ORDERED, that the Banks are authorized and permitted to honor all checks and electronic payments and transfers as set forth in the Motion.  It is further

ORDERED, that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Worker Compensation,

including without limitation any taxes that may be due to any taxing authority; and it is further

ORDERED, that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED, that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived; and it is further

ORDERED that a final hearing on the Motion shall be held on          , 2023 at    :  00 a.m. prevailing Eastern Time before the Honorable Philip Bentley, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York. The hearing shall proceed by Zoom video conference.  Parties wishing to participate must follow the guidelines located at https://www.nysb.uscourts.gov/zoom-video-hearing-guide and Judge Bentley's Chambers Rules regarding appearances before him.  Parties without an attorney are permitted to participate in telephonic hearings free of charge by following the Court's Zoom procedures or, for telephonic proceedings, by signing up with Court Solutions online at www.court-solutions.com or by calling 917-746-7476.  It further

ORDERED, that within three (3) business days after entry of this Order, the Debtor shall serve a copy of this Order on (i) the U.S. Trustee, (ii) the Sub Chapter V trustee and (iii) the Debtor's twenty (20) largest unsecured creditors.