UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                           :

In re                                        :

ZHANG MEDICAL P.C. d/b/a        :        Case No. 23-10678-PB

NEW HOPE FERTILITY CLINIC     :        Chapter 11
                                       :        (Subchapter V)

                   Debtor.        :
-----------------------------------------------------x

**INTERIM ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR'S CONTINUED USE OF ITS (I) CASH MANAGEMENT SYSTEMS, (II) EXISTING BANK ACCOUNTS, (III) BUSINESS FORMS AND BOOKS AND RECORDS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Zhang Medical P.C. (the "Debtor"), as a debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order pursuant to Sections 105(a), 363, 364, 1107, and 1108 of the Bankruptcy Code and **Bankruptcy** Rules 6003 and 6004 (i) authorizing the Debtor to, in the ordinary course of its businesses, use its Cash Management System, Bank Accounts, and Business Forms (with the exceptions of checks), without reference to the Debtor's status as a debtor-in-possession, (ii) authorizing the Cash Management Banks to (a) maintain, service and administer the Bank Accounts and (b) honor and process all checks and electronic payment requests consistent with the relief requested in the Motion, and (iii) granting such other and further relief as requested in the Motion or as the Court otherwise deems necessary or appropriate; **and** the Court **having** jurisdiction over this matter pursuant to 28 U.S.C. § 1334; **and this Court having found that this is** a core proceeding pursuant to 28 U.S.C. § 157(b)(2); **and it appearing** that good and sufficient notice of the Motion was given

---

[1] Capitalized terms not defined herein shall have the same meanings as ascribed to such terms in the Motion [ECF No. 8].

to the Notice Parties and no other or further notice is needed or necessary; **and this Court having determined that** just cause exists for granting the Motion and the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties-in-interest**; and** the Court having reviewed the Motion; **and no objections having been filed; and upon the record of the hearing held on May 11, 2023**, ~~and any objections thereto and has and having determined after due deliberation that sufficient cause appears for the relief requested by the Debtor, Based upon the foregoing,~~ **[PB 5/11/2023]**

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Motion is granted**, to the extent stated herein, on an interim basis**; **and** it is further **[PB 5/11/2023]**

**ORDERED**, that the Debtor is authorized to (a) use its Cash Management System and (b) maintain and continue using the Bank Accounts with the same account numbers that existed on the Petition Date, including, without limitation, the Debtor's accounts listed below:

> Bank of America account ending in 557
> Bank of America account ending in 552
> Chase Bank account ending in 628
> Chase Bank account ending in 329
> Chase Bank account ending in 082;

and it is further

**ORDERED**, that the Debtor is authorized to maintain and continue using the existing Business Forms, other than checks, without reference to the Debtor's status as a debtor-in-possession; and it is further

**ORDERED**, that the Debtor is authorized to open any new debtor-in-possession bank accounts, in the name of the Debtor as a "Debtor-in-Possession," with authorized depository banks and close any existing Bank Accounts as the Debtor may deem necessary and appropriate, in its sole discretion; and it is further

**ORDERED**, that as soon as practicable after the entry of this Order, the Debtor shall stamp or print their checks with "Debtor-in-Possession" and the Chapter 11 case number under which this case is being administered. The Debtor is authorized to continue using its existing Business Forms without reference to the Debtor's status as a debtor-in-possession. The Debtor shall make reasonable best efforts to include a reference to its debtor-in-possession status on any Business Form when practicable. To the extent the Debtor obtains new Business Forms, the Debtor will order new Business Forms identifying its status as a debtor-in-possession; and it is further

**ORDERED**, that the Cash Management Banks – Bank of America and Chase Bank – are authorized to charge and the Debtor is authorized to pay, honor, or allow prepetition and post-petition fees, costs, charges, and expenses, including the Bank Fees, to the Bank Accounts in the ordinary course of business and consistent with pre-petition practices; and it is further

**ORDERED**, that the Cash Management Banks are authorized to debit the Bank Accounts in the ordinary course of business without need for further order of this Court for (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees prior to the Cash Management Bank's receipt of notice of filing of the Petition and (ii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System; and it is further

**ORDERED**, that the Cash Management Banks may rely on the Debtor's representations regarding whether any check, item, or other payment order drawn or issued by the Debtor prior to filing of the Petition should be honored pursuant to this or any other order of this Court and such Cash Management Bank shall not have any liability to any party for relying on such representation by the Debtor as provided for herein; and it is further

**ORDERED**, that the Debtor shall notify the U.S. Trustee of the opening of any new bank

account, provided, however, that any new bank accounts shall be opened at authorized S.D.N.Y. Depositories; and it is further

**ORDERED**, that the Debtor shall maintain accurate records of all transfers within the Cash Management System to ensure that all post-petition transfers and transactions are adequately and timely documented in its books and records; and it is further

**ORDERED**, that the Cash Management Banks are authorized to pay obligations in accordance with this or any separate order of the Court. However, the Cash Management Banks shall not honor or pay any payments drawn on the Bank Accounts or otherwise issued prior to the Petition Date unless such payment is authorized in this Order or in a separate order of the Court; and it is further

**ORDERED**, that to the extent any of the Debtor's Bank Accounts are not in compliance with Section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtor shall have until a date that is 45 days from the Petition Date, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided*, that nothing herein shall prevent the Debtor or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtor may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order; and it is further

~~**ORDERED**, that the Debtor shall serve a copy of this Order upon the Cash Management Banks; and it is further~~ **[PB 5/11/2023]**

**ORDERED, that notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be** ~~that the terms and conditions of this Order shall be~~ immediately effective and

4

enforceable upon its entry; ~~and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived;~~ and it is further **[PB 5/11/2023]**

**ORDERED**, **that notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further [PB 5/11/2023]**

**ORDERED, that the requirements set forth in Bankruptcy 6003(b) are satisfied because the relief set forth in this Order is necessary to avoid immediate and irreparable harm; and it is further [PB 5/11/2023]**

**ORDERED**, that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, **that a final hearing on the Motion shall be held on** <u>**Tuesday, June 6, 2023, at 2:00 p.m. (prevailing Eastern Time)**</u> **before the Honorable Philip Bentley, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York. The hearing shall proceed by Zoom video conference. Parties wishing to participate must follow the guidelines located at https://www.nysb.uscourts.gov/zoom-video-hearing-guide and Judge Bentley's Chambers Rules regarding appearances before him. Parties without an attorney are permitted to participate in telephonic hearings free of charge by following the Court's Zoom procedures; and it is further [PB 5/11/2023]**

**ORDERED, that within three (3) business days after entry of this Order, the Debtor shall serve a copy of this Order on (i) the Cash Management Banks, (ii) the U.S. Trustee, (iii) the Subchapter V trustee and (iv) the Debtor's twenty (20) largest unsecured creditors. [PB 5/11/2023]**

**IT IS SO ORDERED.**

Dated: New York, New York
        May 11, 2023

        /s/ Philip Bentley
        **Honorable Philip Bentley**
        **United States Bankruptcy Judge**