RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for GLL BVK Columbus Circle LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :
In re:                                   :   Sub-Chapter V Chapter 11
                                         :
ZHANG MEDICAL P.C., d/b/a NEW HOPE       :   Case No.: 23-10678-pb
FERTILITY CLINIC,                        :
                                         :
                                         :
            Debtor.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF LANDLORD'S MOTION TO COMPEL PAYMENT
OF POST-PETITION RENT AND OTHER LEASE OBLIGATIONS
AND TO TIMELY PAY ALL SUBSEQUENT LEASE OBLIGATIONS**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion (the "Motion") of GLL BVK Columbus Circle LLC (the "Landlord"), by its counsel, Rubin LLC, for entry of an order to compel Zhang Medical P.C. d/b/a New Hope Fertility Clinic (the "Debtor"), pursuant to section 365(d)(3) of title 11 of the United States Code (the "Bankruptcy Code") to (i) immediately pay post-petition fixed monthly rent for May and June 2023, (ii) immediately pay the attorney's fees incurred by the Landlord in connection with this Motion, (iii) timely pay such other post-petition fixed monthly rents as they come due going forward until such time as the lease is rejected or assumed, and (iv) timely pay the additional lease obligations other than monthly fixed rent (e.g., additional rent charges) as they become due until such time as the lease is rejected or assumed, shall be held before the Honorable Philip Bentley, Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, on **June 6, 2023 at 2:00 p.m.**, or as soon thereafter as counsel may be heard (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held remotely via Zoom for Government. Parties requiring active participant access must register appearances through eCourt Appearances in advance of the Hearing. Instructions for registering appearances are available on the Court's website at www.nysb.uscourts.gov/ecourt-appearances.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served upon (a) counsel for the Landlord, Rubin LLC, 11 Broadway, Suite 715, New York, NY 10004 (Attn.: Paul A. Rubin); and (b) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **May 30, 2023 at 4:00 p.m.** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
May 23, 2023

                RUBIN LLC

                By: */s/ Paul A. Rubin*
                      Paul A. Rubin
                      Hanh V. Huynh
                11 Broadway, Suite 715
                New York, New York 10004
                Tel: 212.390.8054
                Fax: 212.390.8064
                prubin@rubinlawllc.com
                hhuynh@rubinlawllc.com

                *Counsel for GLL BVK Columbus Circle LLC*

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for GLL BVK Columbus Circle LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Sub-Chapter V Chapter 11 |
| | : | |
| ZHANG MEDICAL P.C., d/b/a NEW HOPE FERTILITY CLINIC, | : | Case No.: 23-10678-pb |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### LANDLORD'S MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND OTHER LEASE OBLIGATIONS AND TO TIMELY PAY ALL SUBSEQUENT LEASE OBLIGATIONS

GLL BVK Columbus Circle LLC (the "Landlord"), by its undersigned counsel, submits this motion (the "Motion") for entry of an order to compel Zhang Medical P.C. d/b/a New Hope Fertility Clinic (the "Debtor"), pursuant to section 365(d)(3) of title 11 of the United States Code (the "Bankruptcy Code") to (i) immediately pay post-petition fixed monthly rent for May and June 2023, (ii) immediately pay the attorney's fees incurred by the Landlord in connection with this Motion, (iii) timely pay such other post-petition fixed monthly rents as they come due going forward until such time as the lease is rejected or assumed, and (iv) timely pay the additional lease obligations other than monthly fixed rent (e.g., additional rent charges) as they become due until such time as the lease is rejected or assumed. In support of this Motion, the Landlord respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Debtor is the tenant under a Lease (defined below) of non-residential real property from which it operates its business. Prior to the commencement of its chapter 11 case, the Debtor was in arrears on its rent obligations under the lease in the amount of over $3 million and was in default of its obligation to replenish a security deposit in the amount of over $2.4 million. The Debtor has failed to pay the full monthly fixed and additional rent due under the Lease since the commencement of its chapter 11 case. The current post-petition monthly fixed rent due under the Lease is $409,777.50. The Debtor is also required under the Lease to pay other additional rent charges, including but not limited to charges for electricity, water and real estate taxes. The Debtor has failed to make any payment to the Landlord for the post-petition monthly fixed rent or the other charges under the Lease. Thus, the Landlord files this Motion to seek the immediate payment of the post-petition fixed rents that have already come due, and the timely payment of future monthly fixed rents and the Debtor's other lease obligations, including its obligation to pay additional rent charges, going forward as those amounts come due. The Bankruptcy Code is clear that these amounts must be timely paid pursuant to sections 365(d)(3) and 363(e).

**BACKGROUND**

2. The Landlord is the owner of real property located at 4 Columbus Circle, New York, New York (the "Building"). The Landlord leases to the Debtor the entire second, third, fourth and fifth floors (the "Leased Premises") in the Building pursuant to that certain Agreement of Lease dated December 31, 2018 (the "Original Lease"). The Original Lease and amendments thereto (collectively, the "Lease") are annexed as exhibits to the Declaration of Alin T. Sigheartau (the "Sigheartau Declaration") filed contemporaneously herewith in support of the Motion.

3. The Debtor originally occupied the third and fourth floors of the Building as a subtenant. *See* Sigheartau Declaration ¶ 4. The Debtor has claimed, without any basis, that in 2018 it was somehow coerced into agreeing to also rent the second and fifth floors of the Building pursuant to the Original Lease. *See* Declaration Pursuant to Local Rule 1007-2 [ECF No. 2] ¶ 4. But the Original Lease was negotiated at arms' length by sophisticated parties represented by competent counsel. Indeed, the Debtor's claim that it was forced to agree to lease the second and fifth floors is belied by the fact that, at the time the terms of the Lease were being negotiated in 2018, ***the Debtor still had four years remaining on its existing leases of the third and fourth floors***. *See* Sigheartau Declaration ¶ 7.

4. The fixed annual rent due under the Lease is payable in equal monthly installments in advance on the first of each month. The term of the Lease is through April 9, 2035. Article 20(C) of the Lease provides that "[i]n the event either party hereto shall institute legal proceedings against the other in connection with, or for the enforcement of, this Lease, the prevailing party shall be entitled to recover its reasonable costs of suit including reasonable attorneys' fees and disbursements." Lease Art. 20(C).

5. Additional background regarding the factual history of the Debtor's sublease and lease of portions of the Building beginning in 2010 are contained in the Sigheartau Declaration.

6. Following the Debtor's defaults under the Lease beginning in or about July 2020, on or about March 10, 2021, the Landlord commenced an action in the Supreme Court of the State of New York, County of New York (the "<u>State Court</u>"), asserting claims against the Debtor for failure to pay rent, failure to provide a security deposit, failure to discharge a lien filed on the Building, and for improperly subletting and/or permitting others to use the Leased Premises. *See* Sigheartau Declaration ¶¶ 12-13 and Exhibit F annexed thereto. The Debtor and the Landlord

were able to negotiate a consensual resolution of the 2021 State Court action, as memorialized in that certain Second Amendment of Lease dated December 31, 2021. *See id.* ¶ 14.

7. Beginning in October 2022, however, the Debtor again defaulted under the terms of the Lease by, among other things, failing to pay rent, failing to make certain payments to replenish the security deposit, and allowing a mechanic's lien to be filed against the Building in the amount of over $1.3 million for unpaid construction work on the Leased Premises. *See* Sigheartau Declaration ¶ 18. As of April 13, 2023, the Debtor was in arrears on its fixed rent and additional rent obligations under the Lease in the total amount of $3,046,893.04[1] and was in default on its obligation to replenish the security deposit in the amount of $2,458,665.00. *See id.*, and Exhibit G annexed to the Sigheartau Declaration (2023 Complaint) at ¶ 111.

8. As a result of the Debtor's numerous defaults under the Lease, on April 18, 2023, the Landlord commenced another action in the State Court for, among other things, the Debtor's breach of the Lease.

9. On April 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor elected to proceed under Subchapter V of chapter 11.

10. For the period following the Petition Date, from May 1, 2023 going forward, the monthly fixed rent due under the Lease is $409,777.50 (the "Post-Petition Monthly Fixed Rent"). In addition, the Debtor is obligated to pay additional rent charges, including but not limited to, charges for electricity, HVAC, condenser water, water, real estate taxes and miscellaneous maintenance costs (collectively, the "Additional Rent Lease Obligations") as those expenses

---

[1] This amount consists of $2,628,745.54 in unpaid rent and additional rent as of April 13, 2023, and $1,418,147,50 for the clawback of certain rent credits under the Second Amendment to Lease to which the Landlord is entitled as a result of the Debtor's breaches of the Lease.

become due. Following the Petition Date, bankruptcy counsel for the Landlord contacted Debtor's counsel to request payment of the Post-Petition Monthly Fixed Rent for May 2023, but the Landlord has not received any payment from the Debtor as of the date hereof. Accordingly, the Landlord is left with no choice but to file this Motion.

**ARGUMENT**

11. By this Motion, the Landlord respectfully requests that the Court order the Debtor to (i) immediately pay Post-Petition Monthly Fixed Rent for the months of May and June 2023, (ii) immediately pay the attorney's fees incurred by the Landlord in connection with this Motion, (iii) pay Post-Petition Monthly Fixed Rent on a timely basis as required under the Lease until such time as the Lease is rejected or assumed, and (iv) timely pay the Additional Rent Lease Obligations as they become due until such time as the Lease is rejected or assumed.

**I.     PURSUANT TO SECTION 365(d)(3) OF THE BANKRUPTCY CODE, THE LANDLORD IS ENTITLED TO IMMEDIATE PAYMENT OF ACCRUED POST-PETITION MONTHLY FIXED RENT AND ATTORNEY'S FEES, AND TIMELY PAYMENT OF POST-PETITION MONTHLY FIXED RENT AND ADDITIONAL RENT LEASE OBLIGATIONS AS THEY BECOME DUE**

12. Section 365(d)(3) of the Bankruptcy Code requires the debtor in possession to timely perform all its obligations under a nonresidential real property lease until the lease is assumed or rejected. *See* 11 U.S.C. § 365(d)(3) ("The trustee shall timely perform all of the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.").

13. "Congress enacted [section 365(d)(3)] to ameliorate the perceived inequities that lessors of nonresidential real property had faced during the period after a Chapter 11 filing but before assumption or rejection. … Congress leveled the playing field with § 365(d)(3). In effect, § 365(d)(3) required timely payment of rent, and it eliminated the discretion that courts had

previously exercised to establish a market rent for use and occupancy, fixing the amount payable for use and occupancy at the rate provided in the lease." *In re Stone Barn Manhattan LLC*, 398 B.R. 359, 361-62 (Bankr. S.D.N.Y. 2008) (citations omitted). *See also In re Ames Dep't Stores, Inc.*, 306 B .R. 43, 69 (Bankr. S.D.N.Y. 2004) ("[S]ection 365(d)(3) was enacted to fix the amount to be paid by debtor-tenants pending assumption or rejection at the amount provided in the lease; to require payments to be made at the time required under the lease (and not after confirmation); and to remove the bankruptcy court's power to review the amount to be paid as administrative rent for reasonableness."); *Centerpoint Props. V. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, (3d Cir. 2001) ("Virtually all courts have agreed that [section 365(d)(3) was intended to alleviate the above described burdens of landlords by requiring timely compliance with the terms of the lease.").

14. The debtor's obligation to perform under the lease is for all periods of time from the petition date until such time as the lease is assumed or rejected. *See In re BH S&B Holdings, LLC*, 426 B.R. 478 (Bankr. S.D.N.Y. 2010). The term "obligations" in section 365(d)(3) is broad and applies to all of a debtor's obligations under a lease, not just rents. *See id.* at 103-04; *see also In re Cukierman*, 265 F.3d 846, 850-51 (9th Cir. 2001) ("Congress made the provision for trustee compliance broad, extending it to cover all the obligations under a lease. A broad interpretation of this provision is consistent with the purpose of § 365(d)(3), which is to ensure immediate payment of lease obligations so that the landlord is not left providing uncompensated services.").

15. The amount that a debtor must pay for its use and occupancy of leased nonresidential premises is determined by the rent provided in the lease, and is not determined by the value of the benefit to the debtor. *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 832 (Bankr. S.D.N.Y. 1996) ("[C]ourts have repeatedly held that section 365(d)(3) requires the timely payment

of post-petition use and occupancy as an administrative expense at the full contract rate."); *see also In re Cukierman*, 265 F.3d at 850 ("We have held that claims arising under § 365(d)(3) are entitled to administrative priority even when they may exceed the reasonable value of the debtor's actual use of the property."); 3 Collier on Bankruptcy ¶ 365.04[1][b] ("When section 365(d)(3) is applicable, the rent payable is the full pre-rejection rent provided in the lease, rather than merely the value of the benefit received by the estate. The rent is payable immediately when due.").

16. Section 365(d)(3) also applies in Subchapter V cases. *See In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 346 n. 82 (Bankr. S.D. Fla. 2020) ("[E]ven though new Section 1191(e) permits certain administrative expense claims to be paid out over the term of a plan, this provision undoubtedly does not apply to administrative rent.").

17. In this case, the Post-Petition Monthly Fixed Rent and Additional Rent Lease Obligations are plainly covered by section 365(d)(3). The amount that must be paid is the amount set forth in the Lease. Even if the Debtor were to argue that it is not currently using all of its leased space at the Building, the plain language of section 365(d)(3), and the caselaw interpreting this section in this District, mandate that the Debtor pay the amount of the monthly rent set forth in the Lease and not some lower amount based on the Debtor's use and occupancy of the Leased Premises.

18. Likewise, the post-petition attorney's fees incurred by the Landlord in connection with this Motion are covered by section 365(d)(3) and must also be paid immediately. *See In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004) ("The payment of attorney fees *is* an obligation of the lease that must be satisfied under section 365(d)(3) when the lease at issue provides for such recovery as an obligation of the Debtor."); *see also In re Cukierman*, 265 F.3d 846, 852 (9th Cir. 2001) (noting that attorney's fees, if allowed under in the lease, are subject to

immediate payment under section 365(d)(3), provided that obligation to pay the fees arises post-petition and pre-rejection).

19. Going forward, the Debtor should be ordered to comply with the requirements of section 365(d)(3) to timely pay Post-Petition Monthly Fixed Rent and Additional Rent Lease Obligations as they become due.

## II. THE LANDLORD IS FURTHER ENTITLED TO ADEQUATE PROTECTION OF ITS INTEREST IN THE LEASE PURSUANT TO SECTION 363(e) OF THE BANKRUPTCY CODE

20. The Landlord is further entitled to payment of the Post-Petition Monthly Fixed Rent and Additional Rent Lease Obligations under section 363(e) of the Bankruptcy Code, which requires the Debtor to provide adequate protection to the Landlord for its interest in the Lease. Section 363(e) provides as follows:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

21. Section 363(e) is non-discretionary. If a creditor with an interest in property used by a debtor makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. *See* 11 U.S.C. § 363(e); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary … ."). Pursuant to section 361 of the Bankruptcy Code, adequate protection may take one of three forms—(i) upfront or periodic cash payments, (ii) replacement liens, or (iii) other relief amounting to the unquestionable equivalent of the protected party's

interest in the property. Only a contemporaneous transfer of value satisfies the requirements of adequate protection. *See* 11 U.S.C. § 361(3).

22. Here, the Landlord holds an interest in the Building, as well as an interest in the Lease itself, the rents due thereunder, and the proceeds of the Lease. The failure of the Debtor to pay pre-petition and post-petition rent, as well as the over $1.3 million lien that the Debtor allowed to be filed against the Building, requires the Debtor to provide adequate protection of the Landlord's interest. Therefore, in addition to the Debtor's requirement to perform its post-petition obligations under Lease pursuant to section 365(d)(3), the Landlord is also entitled to adequate protection pursuant to sections 363(e) and 361 of the Bankruptcy Code in the form of the immediate payment of all Post-Petition Monthly Fixed Rents that have already accrued, as well as the attorney's fees incurred by the Landlord in connection with this Motion.

WHEREFORE, for all the reasons set forth herein and in the Sigheartau Declaration filed contemporaneously herewith, the Landlord respectfully requests that the Court enter an order (i) compelling the Debtor to immediately pay Post-Petition Monthly Fixed Rents in the total amount of $819,555.00 for May and June 2023, (ii) compelling the Debtor to immediately pay the attorney's fees incurred by the Landlord in connection with this Motion, (iii) requiring the Debtor to pay subsequent Post-Petition Monthly Fixed Rents on a timely basis going forward until such time as the Lease is rejected or assumed, (iv) requiring the Debtor to pay Additional Rent Lease Obligations on a timely basis going forward until such time as the Lease is rejected or assumed, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 23, 2023

                                    RUBIN LLC

                                    By:   */s/ Paul A. Rubin*
                                           Paul A. Rubin
                                           Hanh V. Huynh
                                  11 Broadway, Suite 715
                                  New York, New York 10004
                                  Tel: 212.390.8054
                                  Fax: 212.390.8064
                                  prubin@rubinlawllc.com
                                  hhuynh@rubinlawllc.com

                                  *Counsel for GLL BVK Columbus Circle LLC*