```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                        :
In re                                                   :    Case No. 23-10678 (PB)
                                                        :
ZHANG MEDICAL P.C. d/b/a                                :
NEW HOPE FERTILITY CLINIC,                              :    Chapter 11
                                                        :    (Subchapter V)
                                                        :
                     Debtor.                            :
-----------------------------------------------------------------X
```

# ORDER DIRECTING THE APPOINTMENT OF
# A PATIENT CARE OMBUDSMAN UNDER 11 U.S.C. § 333

Upon the **application** of Zhang Medical P.C. d/b/a New Hope Fertility Clinic (the "Debtor") for the entry of an Order directing the appointment of a patient care ombudsman in the captioned cases, pursuant to Section 333 of title 11 of the United States Code (the "Bankruptcy Code"); ~~and the Court having determined that such appointment is necessary to monitor the quality of patient care and to represent the interests of the Debtor's patients;~~ **and the Court having determined that no further notice or response is necessary in accordance with Section 333(a)(1) of the Bankruptcy Code and Bankruptcy Rule 2007.2**; and after due deliberation, accordingly it is hereby **[PB 5/30/2023]**

**ORDERED**, that the United States Trustee is directed to appoint a patient care ombudsman (the "Ombudsman") pursuant to Section 333 of the Bankruptcy Code. The Ombudsman shall perform the duties required of a patient care ombudsman, pursuant to Sections 333(b) and (c), and may apply for reasonable compensation for actual and necessary services rendered as well as reimbursement for actual and necessary expenses incurred, pursuant to Section 330, after application to the Court, notice and Court order; and it is further

**ORDERED**, that the Ombudsman may review confidential patient records as necessary and appropriate to discharge the Ombudsman's duties and responsibilities under this Order, provided however, that the Ombudsman protects the confidentiality of such records as required under applicable non-bankruptcy law and regulations including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 and the federal HIPAA privacy regulations at 45 Code of Federal Regulations; and it is further

**ORDERED**, that not later than 30 days after the date of the appointment, and not less frequently than at 60-day intervals thereafter, the Ombudsman shall report to the Court, after notice to parties-in-interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the Debtor. In this regard:

    a. The Ombudsman shall post notice of the forthcoming Reports at the facility for the duration of the Debtor's chapter 11 case in at least two locations at each facility as determined by the Ombudsman;

    b. The Ombudsman shall post a copy of the written report at the facility in the same location(s) as the notice of forthcoming reports and shall keep such report posted until the next report is filed, at which time it may be removed and replaced with the most recent report;

and it is further

**ORDERED**, that the Ombudsman and his or her representatives shall be given immediate access to patient records, without the need for further court order, consistent with the authority of ombudsmen under the Older Americans Act of 1965 and under non-federal laws governing state long-term care ombudsman programs.

**IT IS SO ORDERED.**

Dated: New York, New York
        May 30, 2023

                                    /s/ Philip Bentley
                                    **Honorable Philip Bentley**
                                    **United States Bankruptcy Judge**

No Objection:

*s/Brian S. Masumoto*
Brian S. Masumoto
Office of the U.S. Trustee