UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
In re: : Sub-Chapter V Chapter 11
:
ZHANG MEDICAL P.C., d/b/a NEW HOPE : Case No.: 23-10678-pb
FERTILITY CENTER, :
:
Debtor. :
------------------------------------x

**ORDER COMPELLING PAYMENT OF POST- PETITION RENT AND OTHER LEASE OBLIGATIONS AND TO TIMELY PAY ALL SUBSEQUENT LEASE OBLIGATIONS**

Upon the motion (the "Motion")[1] [ECF No. 24] of GLL BVK Columbus Circle LLC (the "Landlord") for entry of an order, pursuant to 11 U.S.C. § 365(d)(3), to compel Zhang Medical P.C. d/b/a New Hope Fertility Center (the "Debtor") to (i) immediately pay Post-Petition Monthly Fixed Rent for May and June 2023, (ii) immediately pay the attorney's fees incurred by the Landlord in connection with the Motion, (iii) timely pay such other Post-Petition Monthly Fixed Rents as they come due going forward until such time as the Lease is rejected or assumed, and (iv) timely pay the Additional Rent Lease Obligations as they become due until such time as the lease is rejected or assumed; and upon the Declaration of Alin T. Sigheartau (the "Sigheartau Declaration") and the exhibits annexed thereto; and upon the Debtor's response (the "Response") [ECF No. 36] to the Motion; and upon the Landlord's reply (the "Reply") [ECF No. 38] to the Response and in further support of the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and proper and adequate notice of the Motion having been given; and a hearing to consider the

---

[1] Capitalize terms not defined herein shall have the meaning ascribed to them in the Motion.

Motion having been held before this Court on June 6, 2023 (the "Hearing") at which counsel for the Debtor, counsel for the Landlord, the Office of the United States Trustee, the Subchapter V trustee, and counsel for the Pension Benefit Guaranty Corporation appeared and were heard; and upon the record of the Hearing and all of the other proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor; it is **HEREBY ORDERED AS FOLLOWS:**

1. The Motion is granted to the extent set forth herein.

2. The Debtor must pay to the Landlord within three (3) business days after entry of this Order, the Post-Petition Monthly Fixed Rent for May 2023 in the amount of $409,777.50 and the Post-Petition Monthly Fixed Rent for June 2023 in the amount of $409,777.50, less any post-petition payments already made.

3. The Debtor must pay the Post-Petition Monthly Fixed Rent for July 2023 in the amount of $409,777.50 on July 3, 2023, and the Debtor must pay all subsequent Post-Petition Monthly Fixed Rent on the first business day of each month thereafter, until such time as the Lease has been assumed or rejected.

4. The Debtor must timely pay all post-petition Additional Rent Lease Obligations (including, but not limited to, charges for electricity, HVAC, condenser water, water, real estate taxes and miscellaneous maintenance costs) in accordance with the terms of the Lease as they are billed each month as that information becomes available, until such time as the Lease has been assumed or rejected. The post-petition monthly bills will include the items of previously unbilled Additional Rent Lease Obligations for which the information has become available since the previous monthly bill was issued, together with supporting documents to the extent that the amount of the charge is not specified in the Lease.

5. Within seven (7) days after entry of this Order, counsel for the Landlord shall furnish to counsel for the Debtor statements supporting the post-petition legal fees incurred by the Landlord in connection with the Motion. Within seven (7) days after Debtor's counsel's receipt of the statements from the Landlord, the Debtor must pay the Landlord's legal fees if there is no objection to the legal fees requested, or counsel for the Debtor shall identify the fees to which the Debtor objects. If the Landlord and the Debtor agree to the amount of the Landlord's legal fees to be paid following the Debtor's identification of objectionable fees, the Debtor must pay to the Landlord the amount of the agreed upon legal fees within three (3) business days after the date of the parties' agreement. If the Landlord and the Debtor cannot agree to the amount of the Landlord's legal fees to be paid, either party may request a hearing for the Court to adjudicate the dispute on an expedited basis on seven (7) days' notice, subject to the Court's availability.

Dated: New York, NY
        June 9, 2023

                                                 /s/ Philip Bentley
                                                 **Honorable Philip Bentley**
                                                 **United States Bankruptcy Judge**