```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re                                                  :
                                                       :
ZHANG MEDICAL P.C. d/b/a                               :
                                                       :   Case No. 23-10678-PB
NEW HOPE FERTILITY CENTER                              :
                                                       :   Chapter 11
                                                       :   (Subchapter V)
                                                       :
                          Debtor.                      :
-------------------------------------------------------x
```

**FINAL ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (A) PAY PRE-PETITION WAGES, OTHER COMPENSATION AND EMPLOYEE BENEFITS, (B) CONTINUE EXISTING EMPLOYEE BENEFIT PLANS AND PROGRAMS, AND (C) AUTHORIZING BANKS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS <u>RELATED TO SUCH OBLIGATIONS</u>**

Upon the motion dated May 3, 2023 ( the "Motion") of Zhang Medical P.C. d/b/a New Hope Fertility Clinic (the "Debtor"), seeking authorization, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code ("Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to pay wages, compensation, and all other related expenses ("Worker Compensation") and authorizing banks and financial institutions to honor and process checks and transfers related to such obligations, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (ii) the Office of the United States Trustee (the "U.S. Trustee") and (ii) the Debtor's twenty largest unsecured creditors, and it appearing that no other or further notice need have been provided; and an interim hearing

having been held to consider the relief requested in the Motion on May 11, 2023; and the Court having entered an interim order granting the relief requested in the Motion by order dated May 11, 2023; and the Court having conducted a final hearing on the Motion on June 6, 2023 ("Hearing"); and no objections having been filed to the Motion; and the Debtor having acknowledged that the redaction of the names of the employees in the Exhibit annexed to the Motion does not constitute a concession by the United States Trustee that the names of the employees set forth in the Exhibit may be redacted from the Creditor Matrix; and upon the record of the May 11th and June 6th hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted on a final basis as set forth herein; and it is further

**ORDERED**, that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not directed, to continue to honor existing practices, programs, and policies with respect to its Payees as such practices, programs, and policies were in effect as of the date of the commencement of the Debtor's chapter 11 case; and it is further

**ORDERED**, that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not required, to make all payments with respect to pre-petition Worker Compensation for the Payroll Period in the amounts described in the Motion with respect to such Worker Compensation in accordance with the Debtor's pre-petition practices and policies; and it is further

**ORDERED**, that the Banks are authorized and permitted to honor all checks and electronic

payments and transfers as set forth in the Motion; and it is further

**ORDERED**, that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Worker Compensation, including without limitation any taxes that may be due to any taxing authority; and it is further

**ORDERED**, that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**IT IS SO ORDERED.**

Dated:   New York, New York
        June 13, 2023

      /s/ Philip Bentley
      **Honorable Philip Bentley**
      **United States Bankruptcy Judge**