Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York 10022
Tel. No. 718.777.0400
Joseph D. Nohavicka
Norma E. Ortiz, Of Counsel
*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

<u>Presentment Date and Time:</u>
June 21, 2023 at 4:00 p.m.

<u>Objections Due:</u>
June 21, 2023 at 12:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
:
In re                                                                :
:
ZHANG MEDICAL P.C. d/b/a                      :
:            Case No. 23-10678-pb
NEW HOPE FERTILITY CENTER            :
:            Sub-Chapter V Chapter 11
:
:
                                          Debtor.       :
-------------------------------------------------------x

### AMENDED SECOND NOTICE OF PRESENTMENT OF PROPOSED FINAL ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR'S CONTINUED USE OF ITS (I) CASH MANAGEMENT SYSTEMS, (II) EXISTING BANK ACCOUNTS, (III) BUSINESS FORMS AND BOOKS AND RECORDS AND (IV) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that Zhang Medical P.C. (the "Debtor") intends to submit for

signature the two attached final order granting the Debtor's Motion for the Entry of an Order

Authorizing the Debtor's Continued Use of its (I) Cash Management Systems, (II) Existing Bank

Accounts, (III) Business Forms and Books and Records and (IV) Granting Related Relief (the

"Order") to the Honorable Philip Bentley, United States Bankruptcy Judge, for signature on **June**

**21, 2023, at 4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed

order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is emailed to

Judge Bentley's Chambers at pb.chambers@ nysb.uscourts.gov by **June 21, 2023, at 12:00 p.m.**,

the Orders may be signed and entered by the court.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed with the Court, a hearing will be conducted on **June 22, 2023 at 10:00 a.m.** If you file an objection, you will be required to attend the hearing; your failure to attend in person or by counsel may result in the Orders being entered.  The Hearing shall proceed by Zoom video conference.  Parties wishing to participate must follow the guidelines located at https://www.nysb.uscourts.gov/zoom video hearing guide and Judge Bentley's Chambers Rules regarding appearances before him.  Parties without an attorney are permitted to participate in telephonic hearings free of charge by following the Court's Zoom procedures or, for telephonic proceedings, by signing up with Court Solutions online at www.court solutions.com or by calling 917. 746.7476.

Dated: New York, New
    York June 16, 2023

                                                */s/Norma E. Ortiz*
                                                Pardalis & Nohavicka LLP
                                                950 Third Avenue, 11th Floor
                                                New York, New York  10022
                                                Tel. No. 718.777.0400
                                                Joseph D. Nohavicka
                                                Norma E. Ortiz, Of Counsel
                                                *Proposed Counsel to the Debtor and Debtor-in-Possession*

FINAL ORDER ON CASH MANAGEMENT MOTION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                         :

In re                               :

                                         :

ZHANG MEDICAL P.C. d/b/a         :                 Case No. 23-10678-pb

                                       :

NEW HOPE FERTILITY CLINIC     :                 Sub-Chapter V Chapter 11

                                       :

                         Debtor.    :

------------------------------------------------------x

**FINAL ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR'S CONTINUED USE OF ITS (I) CASH MANAGEMENT SYSTEMS, (II) EXISTING BANK ACCOUNTS, (III) BUSINESS FORMS AND BOOKS AND RECORDS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Zhang Medical P.C. (the "Debtor"), as a debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order pursuant to Sections 105(a), 363, 364, 1107, and 1108 of the Bankruptcy Code and Rules 6003 and 6004 (i) authorizing the Debtor to, in the ordinary course of its businesses, use its Cash Management System, Bank Accounts, and Business Forms (with the exceptions of checks), without reference to the Debtor's status as a debtor-in-possession, (ii) authorizing the Cash Management Banks to (a) maintain, service and administer the Bank Accounts and (b) honor and process all checks and electronic payment requests consistent with the relief requested in the Motion, and (iii) granting such other and further relief as requested in the Motion or as the Court otherwise deems necessary or appropriate; and the Court having conducted an interim hearing on the Motion on May 11, 2023 and having entered an interim order dated May 11, 2023 granting the relief requested in the Motion; and the Court having conducted a final hearing on the Motion on June 6, 2023; and upon the record of the hearing held on May 11, 2023 and June 6, 2023; no

objections to the entry of an interim or final order having been raised or filed with the court; and

the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;  and

the Court having found that this proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and it appearing that good and sufficient notice of the Motion was given to the Notice

Parties and no other or further notice is needed or necessary; and this Court having determined

that just cause exists for granting the Motion and the relief requested in the Motion and that the

relief requested is in the best interests of the Debtor's estate, creditors, and other

parties-in-interest; and the Court having determined after due deliberation that sufficient cause

appears for the relief requested by the Debtor;

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the Motion is granted; it is further

ORDERED, that the Debtor is authorized to (a) use its Cash Management System and (b)

maintain and continue using the Bank Accounts with the same account numbers that existed on

the Petition Date, including, without limitation, the Debtor's accounts listed below:

> Bank of America account ending in 557
> Bank of America account ending in 552
> Chase Bank account ending in 628
> Chase Bank account ending in 329
> Chase Bank account ending in 082

It is further

ORDERED, that the Debtor is authorized to maintain and continue using the existing

Business Forms, other than checks, without reference to the Debtors status as a

debtor-in-possession.  It is further

ORDERED, that the Debtor is authorized to open any new debtor-in-possession bank

accounts in the name of the Debtor as a "Debtor-in-Possession" with authorized depository banks

and close any existing Bank Accounts, as the Debtors may deem necessary and appropriate, in its sole discretion.  It is further

ORDERED, that the Debtor shall stamp or print their checks with "Debtor in Possession" and the Chapter 11 case number under which this case is being administered. The Debtor is authorized to continue using its existing Business Forms without reference to the Debtor's status as a debtor-in-possession.  The Debtor shall make reasonable best efforts to include a reference to its debtor-in-possession status on any Business Form when practicable. To the extent the Debtor obtains new Business Forms, the Debtor will order new Business Forms identifying its status as a debtor-in-possession.  It is further

ORDERED, the Cash Management Banks -- Bank of America and Chase Bank -- are authorized to charge and the Debtor is authorized to pay, honor, or allow, prepetition and post-petition fees, costs, charges, and expenses, including the Bank Fees, to the Bank Accounts in the ordinary course of business and consistent with pre-petition practices.  It is further

ORDERED, that the Cash Management Banks are authorized to debit the Bank Accounts in the ordinary course of business without need for further order of this Court for (i) all checks, items, and other payment orders drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees prior to the Cash Management Bank's receipt of notice of filing of the Petition and (ii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.  It is further

ORDERED, that the Cash Management Banks may rely on the Debtor's representations regarding whether any check, item, or other payment order drawn or issued by the Debtor prior to

filing of the Petition should be honored pursuant to this or any other order of this Court and such Cash Management Bank shall not have any liability to any party for relying on such representation by the Debtor as provided for herein.  It is further

ORDERED, the Debtor shall notify the U.S. Trustee of the opening of any new bank account, provided, however, that any new bank accounts shall be opened at an authorized S.D.N.Y. Depositories.  It is further

ORDERED, that the Debtor shall maintain accurate records of all transfers within the Cash Management System to ensure that all post-petition transfers and transactions are adequately and timely documented in its books and records.  It is further

ORDERED, that the Cash Management Banks are authorized to pay obligations in accordance with this or any separate order of the Court.  However, the Cash Management Banks shall not honor or pay any payments drawn on the Bank Accounts or otherwise issued prior to the Petition Date unless such payment is authorized in this Order or in a separate order of the Court. It is further

ORDERED, that to the extent any of the Debtors' Bank Accounts are not in compliance with Section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is 45 days from the Petition Date, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; provided that nothing herein shall prevent the Debtor or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtor may obtain a further extension of the 45-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.  It is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.  It is further

ORDERED, that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.  It is further

ORDERED, that within three (3) business days after entry of this Order, the Debtor shall serve a copy of this Order on (i) the Cash Management Banks, (ii) the U.S. Trustee, (iii) the Subchapter V Trustee, (iv) any party that has filed a Notice of Appearance and (v) the Debtor's twenty (20) largest unsecured creditors.

Dated: New York, New York
June _____ 2023

_____
PHILIP BENTLEY
U.S. BANKRUPTCY JUDGE