

Sept. 6, 2023

Hon. Philip Bentley
U.S. Bankruptcy Court
One Bowling Green
New York, New York 10010

Re: Zhang Medical P.C.
Case No. 23-10678-pb

Dear Judge Bentley:

Please accept this letter as an update on the status of the case and in response, in part, to the Sub Chapter V Trustee's (the "Trustee") Status Report that was filed with the Court yesterday.

As has been previously stated to the Court, the Debtor's efforts to reorganize its affairs have been severely impacted by its accounting and bookkeeping difficulties. The Debtor lost its controller prior to the bankruptcy filing and its previous accountant and current Chief Operating Officer undertook some of the duties performed by the controller. The due diligence required to prepare the Schedules of Assets and Liabilities caused the Debtor to discover that there were errors in, among other things, entries that had been entered in the Debtor's books. The first May Operating Report ("MOR") that was prepared by its former accountant did not, among other things, reconcile with Debtor's bank statements. After numerous attempts were made to correct these errors, and amended reports were prepared incorrectly, the Debtor was forced to conclude that it required a new accounting firm to ensure that its books and records were completely rehauled. The Debtor retained the firm of Schulman & Lobel LLP ("Schulman") and they have undertaken this task since early August. They prepared an amended May report and the June and July reports that were recently filed with the Court. The Debtor and Schulman met with the Trustee on two occasions to review the reports and the Debtor and the Trustee requested that the reports be amended. The Debtor has not received the amended reports.

35-10 Broadway, Suite 201, Astoria, NY 11106 | 950 Third Avenue, 11th Floor, New York, NY 10022
P: 718.777.0400 | F: 718.777.0599 | contact@pnlawyers.com | www.pnlawyers.com

The Debtor also asked Schulman to prepare a projection of disposable income to support its plan of reorganization and a liquidation analysis. The Debtor received a draft of the projections last week and has requested amendments to the projections. It has not received the liquidation analysis.

The Debtor has retained the firm Mazars to assist it with its audit by the Internal Revenue Service. Upon receipt of a supporting Declaration from the firm, the Debtor will move the Court for an order approving the firm's retention. Mazar has informed me that they have been in continued communication with the Internal Revenue Service since their retention.

The Debtor initiated the wire for use and occupancy to its Landlord in the amount agreed upon for September 1st. The Landlord will invoice the Debtor for additional rent and the Debtor will pay the additional rent upon receipt.

The Debtor has reviewed it procedure for conducting daily transfers of funds from the Columbus Circle OB/GYN Services, Inc. ("CCOGS") with the Trustee and implemented his suggested practice for taking two daily screen-shots of the transfers. The Trustee has been justifiably frustrated by the Debtor's delay in producing reports of these transfers but they are occurring. The reports will be included in the amended MORs and sent weekly.

The Trustee has raised the issue of the method of payment made to the Debtor's Chief Executive Officer Chloe Cai. It did not become clear until sometime after the bankruptcy filing that Ms. Cai received compensation in two forms: as payroll and through a company she wholly owns called Soyo Wellness Inc. I have been informed by the Debtor that it engaged in this practice prior to the bankruptcy filing because it intended to develop a new line of business through this entity that was never completed and the Debtor did not change its practice of compensating Ms. Cai through this entity. After discussions with the Trustee, upon information and belief, all compensation paid to Ms. Cai as of August 1st is paid through payroll. I have asked Ms. Cai to hire counsel to prepare a Declaration clarifying the facts so that any concern about the propriety of these payments can be addressed.

Any proposed plan of reorganization must provide for the approval of officer compensation. Once the plan projections are completed, the Debtor intends to restructure its compensation structure to ensure that its officers are reasonably compensated under the circumstances.

Finally, I have suggested to the Debtor that it requires additional management and administrative support and it has agreed to recruit this support. The demands of running a high-volume fertility center while attempting to reorganize has been demanding for its management. The Debtor agrees with the Trustee's assertion that the Debtor runs a profitable practice and it looks

forward to working towards resolving any obstacles facing its reorganization.

Very truly yours,

*s/Norma E. Ortiz*

Norma E. Ortiz