```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
In re                                                 :
                                                      :
ZHANG MEDICAL P.C. d/b/a                              :
                                                      :  Case No. 23-10678-pb
NEW HOPE FERTILITY CENTER                             :
                                                      :  Sub-Chapter V Chapter 11
                                                      :
                                                      :
                   Debtor.                            :
------------------------------------------------------x
```

**ORDER GRANTING DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER APPROVING TRANSFER AGREEMENT BETWEEN ZHANG MEDICAL P.C. AND COLUMBUS CIRCLE OB/GYN SERVICES INC. PURSUANT TO 11 U.S.C. 363(b)(1)**

Upon the motion (the "Motion") of Zhang Medical P.C, as debtor and debtor-in-possession (the "Debtor"), for the entry of an order (the "Order") authorizing the Debtor to enter into the Transfer Agreement annexed hereto as Exhibit 1 pursuant to 11 U.S.C. §363(b)(1); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules and no other or further notice is necessary; and no objections to the Motion having been filed; and the Court having reviewed the Motion and found that the relief sought in the Motion is a sound exercise of Debtor's business judgment; now, therefore, it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to enter into the annexed Transfer Agreement; and it is further

**ORDERED**, that the 14-day stay pursuant to Bankruptcy Rule 6004(h) is hereby waived.

September 8, 2023
New York, New York

<u>/s/ Philip Bentley</u>
**Hon. Philip Bentley**
**United States Bankruptcy Judge**

Exhibit 1

**SWEEP AGREEMENT** by and among Zhang Medical P.C. d/b/a New Hope Fertility Center, a New York professional service corporation, as transferee (in such capacity, the "Transferee") and Columbus Circle Ob/Gyn Services, P.C. ("CCOGS"), a New York professional service corporation, as transferor (in such capacity, the "Transferor") (Transferee and Transferor, collectively referred to as the "Parties") dated as of June [ ], 2023.

## RECITALS

WHEREAS, CCOGS, which is wholly owned by Dr. John Zhang, has contractual relationships with various insurance providers and receives funds as payment for services rendered by the Transferee for patients of the Transferee, as a result of services rendered solely and exclusively by medical providers of the Transferee; and

WHEREAS, all funds received by CCOGS are deposited into its designated accounts at Bank of America and Chase Bank listed at Schedule 1 hereto (the "Transferor Accounts"); and

WHEREAS, CCOGS does not have its own employees, does not have any expenses, and does not have any source of funds other than receipt of payment for services rendered by employees of the Transferee; and

WHEREAS, the Transferee, which is wholly owned by Dr. John Zhang, filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pending under case number 23-10678-pb (the "Bankruptcy Case"), and utilizes bank accounts designated as debtor-in-possession ("DIP") accounts for the management of its business as a debtor-in-possession; and

WHEREAS, approximately 40% of the Transferee's cashflow is derived from insurance collections by CCOGS; and

WHEREAS CCOGS has agreed to convey, transfer and assign its undivided interest in all revenue it collects to the Transferee's designated DIP account(s) at Bank of America and Chase Bank (the "Transferee Accounts") on every business day, and the Transferee shall accept such conveyance, transfer and assignment of such undivided interest and/or funds, subject to the terms and conditions of this Agreement.

NOW, THEREFORE, the Parties hereby agree as follows:

Fund Transfer Process:

1.1. The Transferor shall complete a daily funds transfer from the Transferor Accounts to the Transferee Accounts on every business day.

1.2. The funds transfer shall be executed through electronic online banking.

1.3. The Transferor shall provide the Transferee with the necessary banking details to facilitate the funds transfer, including all log-in information and related passwords and online

banking transfer authority, account numbers, routing numbers, and any additional information required.

Transfer Amount and Frequency:

2.1. The Transferor shall transfer funds from the Transferor Accounts on a daily basis, excluding weekends and recognized banking holidays.

2.2. The transfer amount shall consist of all funds received by the Transferor, less any banking fees. No other costs are allowed to be deducted.

2.3 A the end of each banking day, the amount in the Transferee Accounts will be zero dollars.

Timing of Transfer:

3.1. The Transferor shall complete the funds transfers no later than the close of business of the Transferee on each business day.

3.2. The Transferee acknowledges that the actual timing of the transfers may be subject to the policies and processing times of the banks involved.

**Confirmation and Reconciliation:**

4.1. The Transferor shall provide the Transferee with a daily confirmation of the funds transfers, including the transferred amount and any relevant reference or transaction numbers. This evidence will include a PDF of the opening and closing balances, which will include the amount of the daily transfers.

4.2. The Transferee shall promptly reconcile the received funds with its financial records and notify the Transferor of any discrepancies or issues.

Termination:

5.1. Neither Party may terminate this Agreement without the Bankruptcy Court's approval.

5.2. In the event of termination, the Transferor shall transfer any remaining funds in the Transferor Accounts to the Transferee Accounts within one business day.

Reporting:

6.1. The Transferor shall furnish to the Sub-Chapter V Trustee, the U.S. Trustee, GLL BVK Columbus Circle LLC, and the Transferee weekly summary reports (the "Weekly Summary Reports") as set forth herein.

6.2. The Transferor shall provide the following information in each Weekly Summary Report:

    a. The weekly total amount of funds received by the Transferor from any source as evidenced by the bank statements for the Transferor Accounts, together with a representation by the Transferor that the amount set forth in the Weekly Summary Report constitutes all of the funds received by the Transferor for that week;

    b. The weekly total amount of funds transferred by the Transferor to the Transferee, together with the bank statements from the Transferor Accounts confirming this amount;

    c. A description of the mandatory monetary costs incurred by the Transferor, such as bank fees and transfer costs, for which funds will not be transferred to the Transferee;

    d. The weekly balance for each of the Transferee Accounts and the Transferor Accounts.

    e. The identity(ies) of the person(s) who prepared the Weekly Summary Report.

    6.3. Each Weekly Summary Report shall be furnished within five (5) calendar days following the end of each week.

    6.4 The Transferee shall annex the applicable Weekly Summary Reports to the Monthly Operating Reports required to be filed in the Bankruptcy Case for the corresponding month.

Recitals; Binding Effect; Entire Agreement:

    7.1. The recitals hereto are true and correct and are incorporated herein and made a binding part of this Agreement. This Agreement shall be binding upon the Parties hereto and their successors and assigns.

    7.2 This Agreement constitutes the entire understanding between the Parties and supersedes all prior negotiations, understandings, or agreements, whether written or oral, relating to the subject matter herein.

Governing Law and Jurisdiction:

    8.1. This Agreement shall be governed by and construed in accordance with the laws of the State of New York and applicable bankruptcy law without regard to its conflict of laws principles.

    8.2. Any disputes arising out of or in connection with this Agreement shall be subject to the exclusive jurisdiction of the Bankruptcy Court.

Severability:

9.1. If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the remaining provisions shall remain in full force and effect.

Amendments:

10.1. Any amendments or modifications to this Agreement shall be in writing and signed by authorized representatives of both Parties and must be subject to Bankruptcy Court approval.

Assignment:

11.1. Neither Party shall assign or transfer its rights or obligations under this Agreement without the prior written consent of the other Party and Bankruptcy Court approval.

Representations:

12.1. The Transferor represents that the Transferor Accounts are the only accounts held by the Transferor and that all funds received by the Transferor from any source are deposited into the Transferor Accounts.

12.2 The Transferor represents that it has not transferred any funds received from any source to any person or entity other than the Transferee.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

**Columbus Circle Ob/Gyn Services, P.C.**

By: _____
Name: John Zhang
Title: Director


**Zhang Medical P.C. d/b/a New Hope Fertility Center**

By: _____
Name: Adnan Tahirovic
Title: Chief Operating Officer