```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
In re:                                        :   Sub-Chapter V Chapter 11
                                              :
ZHANG MEDICAL P.C., d/b/a NEW HOPE            :   Case No.: 23-10678-pb
FERTILITY CENTER,                             :
                                              :
                                              :
              Debtor.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**ORDER DIRECTING DISCLOSURES AND GRANTING RELATED RELIEF**

Upon the first Status Report letter (the "Status Report") [ECF No. 115] filed by Eric Huebscher (the "Subchapter V Trustee"), the subchapter V trustee for Zhang Medical P.C., d/b/a New Hope Fertility Center (the "Debtor"); and upon the Debtor's letter response to the Status Report [ECF No. 119]; and a hearing having been held on September 7, 2023 (the "Hearing") regarding, among other things, the status of the Debtor's subchapter V case and the issues raised in the Status Report; and the Court having determined that, for the reasons set forth on the record of the Hearing, the Debtor **is delinquent in satisfying certain of its obligations as a subchapter V debtor and, as a result, that it is appropriate to require the Debtor to** ~~must~~ make certain disclosures and take certain actions as set forth herein; and after due deliberation and sufficient cause appearing therefor **[PB 9.12.23]**; it is **HEREBY ORDERED AS FOLLOWS:**

1.  Within fourteen (14) days after entry of this Order, the Debtor shall file on the docket of this case the following documents and reports:

    a)  A revised and accurate Exhibit A to the *Debtor's Motion for the Entry of an Interim and Final Order Authorizing the Debtor to (A) Pay Pre-Petition Wages, Other Compensation and Employee Benefits, (B) Continue Existing Employee Benefit Plans and Programs, and (C) Authorizing the Banks to Pay All Checks and Electronic Payment Requests Related to Such Obligations* [ECF No. 9].

    b)  All Weekly Summary Reports, as defined in that certain Sweep Agreement dated June 2023 (the "Sweep Agreement") between the Debtor and

Columbus Circle OB/GYN Services, P.C. ("CCOGS") beginning from April 30, 2023 (the "Petition Date") through the most recent week preceding the date of the filing of the Weekly Summary Reports. The Weekly Summary Reports must include the information and documentation required by the Sweep Agreement, and a certification by a representative of CCOGS confirming whether the amounts set forth in the Weekly Summary Reports constitute all of the funds received by CCOGS from the Petition Date to present, and that all of the funds received by CCOGS were transferred to the Debtor. The Debtor **has represented** ~~represents~~ that it did not engage in daily and weekly transfers of funds between the Debtor and CCOGS prior to entering into the Sweep Agreement in June 2023 **[PB 9.12.23]**. Within fourteen (14) days after entry of this Order, the Debtor will produce a report for the period April 30, 2023 through June 2023 that contains the information in its possession, custody, or control of the kind required by the Sweep Agreement.

c) A detailed accounting of all funds transferred directly or indirectly between the Debtor and New Hope MSO, Inc. (the "MSO") during the period from **the Petition Date** ~~May 1, 2021~~ through August 31, 2023 **[PB 9.12.23]**. The accounting must identify the transferor, the transferee, and the amount, date and purpose of each such transfer. This accounting must include the related bank statements of the MSO for the post-Petition Date period.

d) ~~A detailed accounting of all transfers directly or indirectly by the Debtor or CCOGS during the two-year period preceding the bankruptcy filing to (i) any insider, including but not limited to Dr. John Zhang or Yi Cai a/k/a Chloe Cai ("Ms. Cai"), (ii) entities owned or controlled by Dr. John Zhang, or (iii) entities owned or controlled by Ms. Cai, including but not limited to SOYO Wellness, Inc. ("SOYO"). The accounting must identify the transferor, the transferee, and the amount, date and purpose of each such transfer. The accounting must include direct payments as well as payments in kind for the benefit of Dr. John Zhang, Ms. Cai or any other insider of the Debtor.~~ **[PB 9.12.23]**

e) A schedule setting forth all post-Petition Date transfers directly or indirectly from the Debtor or CCOGS to (i) any insider of the Debtor, including, but not limited to, Dr. John Zhang and Ms. Yi Cai (a/k/a Chloe Cai), and (ii) SOYO Wellness, Inc. ("SOYO"), and the purpose of each such transfer, together with a certification by a person with knowledge confirming that the schedule accurately reflects all such post-Petition Date transfers.

f) A certified statement regarding the history of the Debtor's retention of accountants since January 1, 2020, who have provided services for the Debtor, affiliates of the Debtor and/or Dr. Zhang (but with respect to Dr. Zhang, limited to accounting work provided to the Debtor and/or affiliates of the Debtor and not his personal income tax matters), including the dates

2

of the representation, the party represented, and a description of the services provided and the types of reports prepared by the accountant. Notwithstanding the terms hereof, this Order does not require Dr. Zhang, in his personal and individual capacity, to produce records or information relating to his individual taxes in the absence of a properly authorized subpoena.

2. Within seven (7) days after entry of this Order, the Debtor shall apply for authorization from the Court **(which application may be made *ex parte*)** to serve subpoenas pursuant to FED. R. BANKR. P. 2004 on the accounting firm(s) who represented the Debtor, affiliates of the Debtor and/or Dr. Zhang (but with respect to Dr. Zhang, limited to accounting work provided to the Debtor and/or affiliates of the Debtor and not his personal income tax matters), in connection with any IRS audit(s) since 2019 to seek production of documents relating to such IRS audit(s). **Other parties in interest are free to file Rule 2004 applications on an *ex parte* basis seeking authorization to take such discovery as may be warranted as to pre-petition transfers** [PB 9.12.23].

3. The Subchapter V Trustee shall continue in his role as subchapter V trustee for the Debtor until such time as the Court enters ~~the~~ **an** order ~~granting~~ **ruling on** the objection of GLL BVK Columbus Circle LLC to the Debtor's designation as a subchapter V debtor [ECF No. 104], which order ~~revoking the Debtor's designation as a subchapter V debtor~~ will be entered no earlier than twenty-one (21) days after the entry of this Order **[PB 9.12.23]**.

4. Nothing contained in this Order will be deemed to determine or prejudice the right of any party to contend whether SOYO is a statutory or non-statutory insider within the meaning of section 101(31) of the Bankruptcy Code.

Dated: New York, New York
      September 12, 2023

                                        /s/ Philip Bentley
                                        **Hon. Philip Bentley**
                                        **United States Bankruptcy Judge**