Pardalis & Nohavicka LLP  
950 Third Avenue, 11th Floor  
New York, New York  10022  
Tel. No. 718.777.0400  
Joseph D. Nohavicka  
Norma E. Ortiz, Of Counsel  
*Proposed Counsel to the Debtor and*  
*Debtor-in-Possession*

Hearing Date: Sept. 19, 2023  
Hearing Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x

In re

ZHANG MEDICAL P.C. d/b/a

NEW HOPE FERTILITY CENTER

Debtor.

-------------------------------------------------------x

Case No. 23-10678-pb

Sub-Chapter V Chapter 11

## DEBTOR'S RESPONSE TO OBJECTION OF UNITED STATES TRUSTEE TO MOTION OF DEBTOR FOR ENTRY OF AN ORDER (1) AUTHORIZING THE EMPLOYMENT OF SCHULMAN LOBEL LLP AS DEBTOR'S ACCOUNTANTS, (2) PERMITTING THE PAYMENT OF MONTHLY FEES AND (3) PERMITTING THE PAYMENT OF POST-PETITION RETAINER

Zhang Medical P.C., doing business as New Hope Fertility Center (the "Debtor"), the above-captioned debtor and debtor-in-possession (the "Debtor"), states in support of its Response to the Objection of the United States Trustee to Motion of Debtor for Entry of an Order (1) Authorizing the Employment of Schulman Lobel LLP as Debtor's Accountants, (2) Permitting the Payment of Monthly Fees and (3) Permitting the Payment of Post-Petition Retainer (the "Objection") respectfully as follows:

1

**Relevant Background**

1.  The Debtor moved the Court (the "Motion") for the entry of an order authorizing it to retain Schulman Lobel LLP ("Schulman") as its accountants after it determined that it required a new accounting firm to conduct a complete over-haul of its books and records. As set forth in greater detail in the Motion and in prior documents submitted to the Court, the Debtor has struggled since the day of its bankruptcy filing on April 30, 2023 (the "Petition Date") to ensure that the financial information contained in, among other things, its Schedules of Assets and Liabilities, its operating reports, and its cash flow projections are accurate. It retained Schulman to assist it and requested Schulman perform services on an expedited basis. Schulman has re-created all of the Debtor's post-petition books and records and has prepared monthly operating reports for May, June and July. Schulman is currently preparing the August report and is amending the prior reports in response to comments raised by the Office of the U.S. Trustee and the Sub Chapter V Trustee.

2.  The Motion was supported by a Declaration of Norman Schulman (the "Schulman Declaration"). A copy of that Declaration is annexed as Exhibit A. The Schulman Declaration provides in relevant part that the firm was also retained by Dr. John Zhang, Columbus Circle OB/GYN Services ("CCOGS") and New Hope MSO Inc. ("MSO"). Schulman Declaration Para. 4. Schulman stated that the firm had no prior contact with the Debtor, Dr. Zhang or any entity in which Dr. Zhang has an interest (the "Zhang Entities") prior to its retention in this case. Schulman Declaration Para. 4.

3.  The Motion was also supported by an engagement letter dated August 15, 2023. A copy of the engagement letter is annexed as Exhibit B. The engagement letter solely lists the

Debtor as the contracting party.

4. In preparing a response the Objection, the undersigned was informed by Ramez Younan, the partner of Schulman responsible for the Debtor's case, that Schulman was not retained by Dr. Zhang or any Zhang Entity. As set forth in the Declaration of Ramez Younan (the "Younan Declaration") annexed as Exhibit C, Schulman was not retained by any entity other than the Debtor and has not received any payment from the Debtor, Dr. Zhang or any Zhang Entity. Younan Declaration Paras. 3 and 5.[1] Schulman has been rendering services to the Debtor since July 2023 without the payment of compensation.

5. Because MSO and CCOGS are shell corporations that transfer funds to the Debtor and incur expenses on the Debtor's behalf, Schulman has been required to process the income and expenses of these entities to accurately prepare the Debtor's operating reports. However, Schulman has not been retained by these entities and does not serve as their accountants. See Younan Declaration at Para. 4.

## RESPONSE

A. *Schulman is Not Engaging in the Simultaneous Representation of the Debtor, Dr. Zhang, and the Zhang Entities and is Disinterested*.

6. The U.S. Trustee's objection was based upon the information provided by the Debtor in the Motion. Schulman's failure to alert the Debtor to the change was an oversight on the firm's part. However, under the circumstances of this case, the Debtor asserts that Schulman has been diligent in responding to the exigencies of this case. As non-lawyers, the firm may not be aware of the need to amend its initial disclosure to the Court about its proposed simultaneous

---

[1] The paragraph numbers in the Declaration are inaccurate.

representation. Schulman has rendered services that have been critical to the Debtor's reorganization despite the fact that it has not been compensated for its services.

7. The Debtor respectfully submits that Schulman's delay in disclosing its sole retention by the Debtor should not warrant a denial of the Motion. Schulman has performed a very important service to the Debtor that has benefitted the estate and creditors. The Court should find that Schulman's services has been limited to services on behalf of the bankruptcy estate. The Debtor requests that it be permitted to retain Schulman as its accountants.

B. *The Court Should Approve the Payment of a Post-Petition Retainer Under the Circumstances of this Case.*

8. The Debtor has requested the Court's approval of the payment of a post-petition retainer to Schulman under the circumstances of this case. The U.S. Trustee cited In re Sun Speck Indus., Inc., 3 B.R. 703 (Bankr. S.D.N.Y. 1980) and In re Cal Inland, Inc., 124 B.R. 551 (Bankr. D. Minn. 1991) in support of its assertion that the courts do not typically approve the payment of post-petition retainers. However, the Debtor cited In re Truong, 259 B.R. 264, 267 (Bankr. D.N.J. 2001) to support its assertion that the Court may authorize a post-petition retainer if the circumstances of the case warrant this relief. Under that case, the Debtor must demonstrate that the retainer is reasonable, it must disclose the impact of the payment upon the debtor's reorganization and its operations, it must demonstrate the reputation of the professional warrants the retention, and the professional must demonstrate its ability to disgorge the retainer paid to the the professional.

9. There is no binding Second Circuit case that the undersigned has located that governs this issue. As a result, it is respectfully submitted that the Court has the discretion to

4

approve or disapprove this request. The Debtor's most recent operating report, filed with the court under ECF 109, for the month of July 2023 and dated August 28, 2023, reveals that the Debtor had $3,286,871.00 in cash at the end of the month of July. The Debtor has been able to satisfy it post-petition obligations as they have become due. The Debtor can afford to make the payment requested by Schulman without any significant impact on its reorganization or its business operations. Schulman is an accounting firm that has no less than 17 professionals rendering services and should have no difficulty disgorging a post-petition retainer of $7,500.00 if required under the circumstances of this case. A retainer of $7.500.00 is at or below what a company with an approximate amount of $28,000,000.00 in annual revenue should be required to pay an accounting firm in New York City.

10. Because Schulman has rendered, in good faith, a significant amount of services to the Debtor, without compensation, that has benefitted the estate and creditors, the Debtor requests that the Court (1) grant its request to retail Schulman, (2) grant its request to pay Schulman a post-petition retainer and (3) grant its request to permit the Debtor to pay Schulman $4,200.00 a month for accounting services until Schulman obtains an order of the Court fixing an amount due to the firm pursuant to Bankruptcy Code Sections 330 and 331.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court overrule the Objection and grant such other and further relief as is just and proper.

Dated: New York, New York
      Sept. 15, 2023　　　　　　　　　　　　Respectfully submitted,

*By: /s/ Norma E. Ortiz*
Norma E. Ortiz, Of Counsel
JOSEPH D. NOHAVICKA
Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York 10022
Tel. No. 718.777.0400
bankruptcypn@gmail.com
jnfirm@aol.com
Proposed Counsel to the Debtor

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                                   :

In re                                             :

ZHANG MEDICAL P.C. d/b/a        :
                                             :       Case No. 23-10678-pb

NEW HOPE FERTILITY CLINIC  :
                                             :       Sub-Chapter V Chapter 11
                                             :

                Debtor.    :
-------------------------------------------------------x

## DECLARATION OF NORMAN H. SCHULMAN, CPA

Norman H. Schulman, CPA hereby declares, under the penalty of perjury, as follows:

1.     I am the managing partner of Schulman Lobel LLP ("Schulman") and a Certified Public Accountant. Schulman maintains its NYC offices at 1001 Avenue of the Americas, Second Floor, New York, New York 10018.

2.     I have over thirty-five years of accounting experience. Schulman has dozens of certified public accountants in their organization along with bookkeepers and additional employees to ensure that the Debtor is fully supported by all of the accounting and bookkeeping support it needs to prosecute its bankruptcy case. Schulman has become fully familiar with the United States Trustee's Operating Guidelines and has prepared the first draft of the Debtor's June MOR. It has also prepared an amended May MOR and is presently preparing the July MOR and has done so in a relatively short period of time. Schulman is fully qualified to prepare the exhibits required by the MORs and prepare the cash flow projections needed to support the Debtor's plan of reorganization.

3.     Schulman was retained on an emergency basis after the Debtor determined that the books and records it had prepared after the bankruptcy filing appeared to contain errors. In a

1

very short period of time, Schulman began the process of ensuring that all of the Debtor's post-petition records are accurate. It will, thereafter, proceed to review the Debtor's pre-petition books and records to ensure that any plan projections provided to the Court and creditors will be accurate.

4. When Schulman was recently retained by the Debtor after the bankruptcy petition was filed, it was also retained by Dr. John Zhang, Columbus Circle OB/GYN Service and New Hope MSO Inc. to perform the service of ensuring that their books and records are accurate. Schulman had no prior relationship with the Debtor, Dr. Zhang or any entity in which he had an interest. I assert that Schulman's representation of Dr. Zhang and his entities to review their books and records does not impact, in any way, Schulman's ability to serve as the Debtor's accountant and render the services necessary to represent the Debtor in this case.

5. Other than as set forth above, to the best of my knowledge and belief, and based upon my review of the Debtor's creditors, parties in interest, and any entity in which Dr. Zhang owns an interest, I assert that Schulman is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and has no interest, nor does it represent or will represent any interest, adverse to the Debtor, its creditors, its parties-in-interest or their respective attorneys or accountants. I also note that since the Debtor's ability to render medical services requires Dr. Zhang's medical license, under the circumstances of this case, Dr. Zhang's interests are aligned with the interests of the Debtor.

6. Based upon my present knowledge of the Debtor's books and records, and my discussions with Dr. Zhang and the Debtor's Chief Operating Officer, I believe Dr. Zhang and any entity in which he owns an interest (the "Zhang Entities") is not a creditor of the Debtor and the Debtor does not assert a claim against Dr. Zhang or the Zhang Entities.

2

7. I anticipate Schulman will provide the following services to the Debtor when necessary:

(a) Assisting in or the preparation of and/or reviewing monthly operating reports, budgets and projections.

(b) Assisting with payroll issues, if needed.

(c) Reviewing the filed claims for reasonableness against the Debtor's records and filing schedules, if needed.

(d) Attend meetings and hearings with the Debtor and its counsel, if needed.

(e) Prepare any financial documents needed to seek confirmation of a Plan of Reorganization, if needed and

(f) Amend or complete any tax returns that has not been filed or was filed incorrectly, if needed.

9. The services to be rendered will be charged at the following hourly rates:

| | |
|---|---|
| Partners and Principal | $ 400 to $600 |
| Tax Supervisors and Managers | $235 to $335 |
| Seniors and Staff Accountants | $155 to $235 |
| Bookkeepers | $125 to $205 |

Schulman will seek compensation for the services rendered and for the reimbursement of disbursements upon appropriate application to the court in accordance with the Bankruptcy Code, Bankruptcy Rules, the U.S. Trustee Fee Guidelines and the terms of any administrative procedures order regarding applications for compensation. Schulman requests that the Debtor be permitted to pay it a monthly retainer payment of $4,200.00 for the performance of what it describes as bookkeeping and accounting services.

3

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: August 18, 2023
New York, New York

_____
Norman H. Schulman, CPA

EXHIBIT B



EW YORK • 1001 Avenue of the Americas, 2nd Floor • New York, NY 10018
Tel 212.868.5781 Fax 212.602.0195
NEW JERSEY • 155 Village Blvd, Suite 310 • Princeton, New Jersey 08540
Tel 908.964.8300 Fax 908.964.9090
LOS ANGELES • 15233 Ventura Blvd, Suite 610 • Sherman Oaks, CA 91403
Tel 818.501.8580 Fax 818.501.8582
BANGALORE • Villa 8, Purva Parkridge • Mahadevapura, Bangalore, 560048 India
www.schulmanlobel.com

August 15, 2023

Zhang Medical PC
4 Columbus Circle, 4th Floor.
New York, NY 10019

Dear Chloe Cai:

We are pleased to confirm our understanding of the services we are to provide for Zhang Medical P.C. (the "Medical Practice") for the years ended December 31, 2021, December 31, 2022, and December 31, 2023 and to clarify the nature and extent of the services we will provide.

Our engagement may include some or all the following services:

1. Provide Monthly Bookkeeping services for the Medical Practice. Including:
   a. Preparation of monthly operating reports (MOR) in connection with chapter 11 bankruptcy case, Subject to court approval
   b. Preparation of cash flow projections
   c. Recording accounts payable and other daily activities into QuickBooks file.
   d. Review and work with Medical Practice personnel on receipts and disbursements and other reconciliations needed to complete the books of the Medical Practice.
2. Preparation of the federal, state, and local income tax returns for the Medical Practice.
3. Consultation on various tax and accounting matters and tax planning if needed for the "Medical Practices."

Our fee for the above services will be based on our standard billing rates as outlined below.

We shall apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders of the Court.

You are responsible for the safeguarding of assets, the proper recording of transactions in the books of accounts, the substantial accuracy of the financial records, and the full and accurate disclosure of all relevant facts affecting the return(s) to us. You also have final responsibility for the tax return and, therefore, the appropriate officials should review the return carefully before an authorized individual signs and files it.

We may provide you with a questionnaire or other document requesting specific information. Completing those forms will assist us in making sure you are well served for a reasonable fee. We will not verify the information you give us; however, we may ask for additional clarification of some information.

If, during our work, we discover information that affects prior-year tax returns, we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior-year returns. If you become aware of such information during the year, please contact us to discuss the best resolution of the issue. We will be happy to prepare appropriate amended returns as a separate engagement.

Our work in connection with the preparation of the tax return(s) does not include any procedures designed to discover defalcations or other irregularities, should any exist. The returns will be prepared solely from information provided to us without verification by us.

The Internal Revenue Code and regulations impose preparation and disclosure standards with noncompliance penalties on both the preparer of a tax return and on the taxpayer. To avoid exposure to these penalties, it may be necessary in some cases to make certain disclosures to you and/or in the tax return concerning positions taken on the return that do not meet these standards. Accordingly, we will advise you if we identify such a situation and we will discuss those tax positions that may increase the risk of exposure to penalties and any recommended disclosures with you before completing the preparation of the return. If we conclude that we are obligated to disclose a position and you refuse to permit the disclosure, we reserve the right to withdraw from the engagement. Likewise, where we disagree about the obligation to disclose a position, you also have a right to choose another professional to prepare your return. In either event, you agree to compensate us for our services to the date of withdrawal. Our engagement with you will terminate upon our withdrawal.

The IRS permits you to authorize us to discuss, on a limited basis, aspects of your return for one year after the return's due date. Your consent to such a discussion is evidenced by checking a box on the return. Unless you tell us otherwise, we will check that box authorizing the IRS to discuss your return with us.

It is our policy to keep records for 7 years. However, we do not keep any of your original records, so we will return those to you upon the completion of the engagement. When records are returned to you, it is your responsibility to retain and protect the records for possible future use, including potential examination by governmental or regulatory agencies. By signing this engagement letter, you acknowledge and agree that upon the expiration of the 7-year period, we are free to destroy these records.

Certain communications involving tax advice are privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you, your employees, or agents may be waiving this privilege. To protect this right to privileged communication, please consult with us or your attorney prior to disclosing any information about our tax advice. Should you decide that it is appropriate for us to disclose any potentially privileged communication, you agree to provide us with written, advanced authority to make that disclosure.

Should we receive any request for the disclosure of privileged information from any third party, including a subpoena or IRS summons, we will notify you. In the event you direct us not to make the disclosure, you agree to hold us harmless from any expenses incurred in defending the privilege, including, by way of illustration only, our attorney's fees, court costs, outside adviser's costs, or penalties or fines imposed as a result of your asserting the privilege or your direction to us to assert the privilege.

The return(s) may be selected for review by the taxing authorities. In the event of an audit, you may be requested to produce documents, records, or other evidence to substantiate the items of income and deduction shown on a tax return. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of a tax examination, we will be available, upon request, to represent you. However, such additional services are not included in the fees for the preparation of the tax return(s).

In the interest of enhancing our availability to meet your professional service needs while maintaining service quality and timeliness, we may use, Schulman Lobel Global LLP our office in Bangalore India, to assist us in the provision of services to you, which may include receipt of your confidential information. We have established procedures and controls designed to protect your confidentiality and maintain data security. As the paid provider of professional services, our Firm remains responsible for exercising reasonable care in providing such services, and our work product will be subject to our Firm's customary quality control procedures.

By accepting the terms and conditions of our engagement, you are providing your consent and authorization to disclose your confidential information to Schulman Lobel Global LLP, if such disclosure is necessary to deliver professional service or provide support services to our Firm.

The hourly rates for our professionals are as follows:

| | |
|---|---|
| Partners & Principals | $ 400 - 600 |
| Tax Supervisors and Managers | $ 250 - 335 |
| Seniors & Staff Accountants | $ 155 – 235 |
| Bookkeepers | $ 125 - 205 |

You will be billed at our hourly rates, less a 10% discount as discussed, for all services listed above as well as out-of-pocket costs such as report production, postage, travel, etc. Any additional work will be billed at our standard hourly rates.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know. If you agree with the terms of our engagement as described in this letter, please sign the enclosed copy, and return it to us.

Very truly yours,

*Schulman Lobel, LLP*

Schulman Lobel, LLP

Agreed & Accepted by:

_____          Date: ____/____/_____
Chloe Cai, CEO

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                        :

In re                                     :

ZHANG MEDICAL P.C. d/b/a       :
                                        :      Case No. 23-10678-pb
NEW HOPE FERTILITY CLINIC    :
                                        :      Sub-Chapter V Chapter 11
                                        :
                       Debtor.    :
-------------------------------------------------------x

## DECLARATION OF RAMEZ YOUNAN

Ramez Younan hereby declares, under the penalty of perjury, as follows:

1.      I am a partner of Schulman Lobel LLP ("Schulman") and a Certified Public Accountant. Schulman maintains its offices at 1001 Avenue of the Americas, Second Floor, New York, New York 10118.

2.      Norm Schulman prepared a Declaration for the Court dated August 18, 2023 to support Schulman's request for the Court's authorization to serve as Zhang Medical P.C.'s (the "Debtor") accountants. I submit this additional Declaration because I have been the partner directly responsible for the Debtor's engagement and am fully familiar with the services rendered to the Debtor.

3.      When Schulman was first engaged by the Debtor, it was contemplated that Dr. Zhang and entities in which he owns or holds an interest in (the "Zhang Entities") would also retain Schulman's services. Mr. Schulman stated that in his Declaration. However, in fact, only the Debtor retained Schulman. Dr. Zhang never engaged Schulman directly and Schulman has not entered into any engagement letter with any of the Zhang Entities.

4.      Schulman has spent an inordinate amount of time reconstituting the Debtor's

1

books and records, preparing monthly operating reports, and preparing cash flow projections to support a plan of reorganization. Because two Zhang Entities – Columbus Circle OB/GYN Service Inc. ("CCOGS") and New Hope MSO Inc. ("MSO") – regularly engage in transfers to the Debtor and from the Debtor, we were required to prepare new post-bankruptcy Quickbooks files for CCOGS and MSO in order to properly prepare the monthly operating reports and account for the Debtor's revenue and expenses. Schulman has not been engaged by these entities and is not rendering any services to them other than as stated herein.

3. Before preparing this Declaration, I confirmed with Schulman's billing department that it has not received any payment for services from the Debtor, Dr. Zhang, or any Zhang Entity. The engagement letter submitted to the court in support of its Application to be Retained as the Debtor's Accountants requested a monthly fee payment but did not request the payment of a post-petition retainer. Schulman made that request to the Debtor after the engagement letter was executed and the Debtor agreed to the request.

4. Schulman shall not render services to Dr. Zhang or any Zhang Entity while it serves as the Debtor's accountants.

5. For these reasons, Schulman submits that it is disinterested and does not represent an interest adverse to the bankruptcy estate and the Debtor's request to retain Schulman should be approved by the Court. Schulman's services have been essential to ensuring the Debtor provides accurate financial information to the Court and its creditors.

I declare under the penalty of perjury that the foregoing is accurate and true.

Dated: Sept. 14, 2023
New York, New York

Ramez Younan