Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York  10022
Tel. No. 718.777.0400
Joseph D. Nohavicka
Norma E. Ortiz, Of Counsel
*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                      :
In re                                   :
                                      :
ZHANG MEDICAL P.C. d/b/a       :
                                      :           Case No. 23-10678-pb
NEW HOPE FERTILITY CLINIC    :
                                      :           Sub-Chapter V Chapter 11
                                      :
                            Debtor.     :
------------------------------------------------------x

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BEDERSON LLP AS FINANCIAL ADVISOR FOR THE DEBTOR EFFECTIVE AS OF SEPTEMBER 13, 2023**

TO THE HONORABLE PHILIP BENTLEY,
UNITED STATES BANKRUPTCY JUDGE:

       Zhang Medical P.C. (the "Debtor"), the above-captioned debtor and debtor-in- posses-

sion, respectfully submits this application ("Application") for entry of an order ("Order"), sub-

stantially in the form attached hereto as Exhibit A, authorizing the retention and employment of

Bederson LLP ("Bederson") as financial advisor for the Debtor effective as of September 13,

2023.  In support of the Application, the Debtor respectfully represents as follows:

<u>BACKGROUND</u>

       1.       On April 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code and elected to proceed in a Subchapter V

reorganization case.

2.      On May 2, 2023, the Office of the U.S. Trustee appointed Eric Michael Huebscher

of Huebscher & CO. as Subchapter V Trustee in the case.  The Court has recently ruled that it

shall enter an order revoking the Debtor's Sub Chapter V designation.

3.      The Debtor operates a fertility clinic in Manhattan. It operates from the premises

known as Four Columbus Circle, New York, New York 10019.  The Debtor operates its clinic

with approximately 88 employees and contractors (the "Payees") and is open seven days a week.

In addition to rendering routine services for its patients' infertility-related medical needs, the

Debtor provides sophisticated and cutting-edge laboratory services, medical procedures and med-

ical testing for its patients. It employs specialized technicians and medical personnel to perform

in vitro fertilization and to oversee the storage of over 40,000 embryos and male and female ga-

metes. The Debtor also employs a host of administrative and non-medical staff that are vital to its

operations.

4.      As has been disclosed to the Court in great detail, the Debtor has struggled with

timely complying with its obligation to file accurate and complete monthly operating reports,

ensuring that its books and records are accurate, and preparing projections that will support its

plan of reorganization.  It has determined that it requires the assistance of a financial advisor that

has extensive reorganization experience to help it complete its financial reorganization to help

ensure that the Debtor emerges from Chapter 11 with a stronger business.

**JURISDICTION AND VENUE**

5.      The United States Bankruptcy Court for the Southern District of New York (the

2

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 327(a), 328(a), 329, 330, and 1107 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016(b), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### RELIEF REQUESTED

7.      The Debtor seeks to employ and retain Bederson as of September 13, 2023, to provide financial advisory services in connection with Chapter 11 reorganization. Subject to approval from the Court, the professional services that Bederson will provide include (but are not limited to):

–       Assisting with valuations and a liquidation analysis for the Debtor's plan of reorganization;

–       Assistance with regular updating of cash flow reports,

–       Review of monthly operating reports,

–       Consultation regarding preparation of tax returns both in bankruptcy and post-confirmation,

–       Consultation regarding preparation of financial statements, including required disclosures, as required,

–       Estimating and valuing the disputed and unliquidated claims,

–       Assisting with formulation of a Plan of Reorganization and reviewing claims

> – Providing financial projections for the Debtor's plan of reorganization,
>
> – Assistance in negotiations with creditors, related to both claims and Plan dividend,
>
> – Provide testimony in court, as required, and
>
> – provide such other advice as may be necessary in connection with a plan of reorganization; the Debtor's monthly operating reports, or otherwise in connection with the bankruptcy case and any related proceedings.

## BASIS FOR RELIEF

8.    Pursuant to Bankruptcy Code §327(a), a debtor in possession "with the court's approval, may employ one or more . . . professional persons . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).  Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

9.    The Debtor believes that Bederson is well-qualified to assist it in its bankruptcy case in an efficient and timely manner.  As set forth in the Declaration of Charles N. Persing, annexed as Exhibit B, Bederson is ready and willing to act in the Debtor's case and render the necessary professional services as financial advisor to the Debtor on the terms described herein. The employment of Bederson is appropriate and necessary to enable the Debtor to faithfully execute its duties as a debtor and debtor in possession and to formulate and propose a credible and reliable plan of reorganization.

10.     In light of the circumstances of this case, the Debtor has a limited window of time in which to select a financial advisor, provide that advisor with the necessary information to formulate a liquidation analysis, assist with financial projections, value the Debtor's interests in its property and assist with a plan of reorganization.

11.     The Debtor selected Bederson as its financial advisor because of Bederson's experience and knowledge with regard to business reorganizations under chapter 11 of the Bankruptcy Code and its expertise, experience, and knowledge in practicing before this Court. In addition, Bederson has experience with medical-related debtors in possession and the nuances that arise with respect to their business operations.

12.     Bederson's services will enable the Debtor to execute faithfully its duties as a debtor in possession, including quickly preparing a plan of reorganization and estimating the Landlord's disputed and unliquidated Claim. To that end, Bederson has stated its desire and willingness to act in this case and to render the necessary professional services as financial advisor to Debtor.

13.     Bederson intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Bederson will use are the same as the hourly rates and corresponding rate structure that Bederson uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

14.    The principal professional designated to represent Debtor is Charles N. Persing with an hourly rate of $490.00.  Other professionals with lower rates from time to time will be involved and Bederson will endeavor to advise the Debtor in a timely fashion of such other professionals' involvement and their rates. Our current rate schedule is as follows:

| Positon | Hourly Rate |
|---|---|
| Partner | $390.00 - $490.00 |
| Outside consultants | $305.00 |
| Director | $360.00 |
| Manager | $300.00 - $330.00 |
| Senior Accountants | $285.00 - $300.00 |
| Staff Accountant | $150.00 - $190.00 |
| IT Professionals | $190.00 |
| Para Professionals | $180.00 |

15.    The rates set forth above are subject to periodic review and adjustment. Generally, the rates are subject to an increase near the beginning of each calendar year. If Bederson intends to increase its billable rates in the Debtor's case, it will give ten (10) days' notice to the Debtor and the U.S. Trustee's Office and file such notice on the docket.

16.    Additionally, it is Bederson's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their cases. The expenses charged to clients include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, and photocopying. Bederson will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Bederson's other clients and also in accor-

dance with the Guidelines of the United States Trustee. Bederson believes that it is fairer to

charge these expenses to the clients incurring them than to increase the hourly rates and spread

the expenses among all clients.

17.     Bederson submits that its proposed rate structure is appropriate and not signifi-

cantly different from (a) the rates that Bederson charges for other similar types of representations,

or (b) the rates that other comparable financial advisor would charge to do work substantially

similar to the work Bederson will perform in the Debtor's case.

18.     To the best of the  Debtor's knowledge, information, and belief, and except as

otherwise set forth in the accompanying the Persing Declaration, neither Bederson nor any of its

professionals is a creditor, equity security holder, or an "insider" of Debtor as that term is defined

in Section 101(31) of the Bankruptcy Code. Moreover, Bederson and its professionals have no

connection to and no interests adverse to the Debtor, its creditors, the estate, or any other

party-in-interest herein or their respective professionals in matters relating to Debtor and its es-

tate, and none of the professionals comprising of or employed by Bederson are related to any

judge of the United States Bankruptcy Court for the Southern District of New York or the United

States Trustee trial attorney assigned to the Debtor's case.

19.     The Debtor believes that based upon the information contained in the Persing

Declaration, neither Bederson nor any of its professionals is or was a director, officer, or

employee of Debtor and Bederson (i) does not hold or represent any interest adverse to Debtor

with respect to the matters for which it is being retained; (ii) is a "disinterested person" as that

phrase is defined in section 101(14) of the Bankruptcy Code (as modified by Section 1103(b) of

the Bankruptcy Code); (iii) and its professionals do not have any connection to the Debtor, its

estate, or its creditors; and (iv) Bederson's employment is necessary and in the best interests of Debtor's estate.

## NOTICE

20.    The Debtor will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for Region 2, Attn: Brian Masumoto; (ii) Eric Michael Huebscher, the Subchapter V trustee; (iii) the Debtor's 20 largest unsecured creditors; and (v) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Rules or that requests notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## LOCAL RULE 9013-1(a) STATEMENT

21.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application. Accordingly, the Debtor submits that this Application satisfies Local Rule 9013-1(a).

## NO PRIOR REQUEST

22.    No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Debtor respectfully requests entry of an order, substantially in the form

attached hereto as Exhibit A, granting the relief requested herein and such other relief as is just

and proper.

Dated: New York, New York
      Sept. 15, 2023

                                   */s/Norma E. Ortiz*
                                   Pardalis & Nohavicka LLP
                                   950 Third Avenue, 11th Floor
                                   New York, New York  10022
                                   Tel. No. 718.777.0400
                                   Joseph D. Nohavicka
                                   Norma E. Ortiz, Of Counsel
                                   *Proposed Counsel to the Debtor and*
                                   *Debtor-in-Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

ZHANG MEDICAL P.C., d/b/a NEW HOPE
FERTILITY CENTER,

                    Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Sub-Chapter V Chapter 11

Case No.: 23-10678-pb

### ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY
### OF AN ORDER AUTHORIZING THE RETENTION AND
### EMPLOYMENT OF BEDERSON LLP AS FINANCIAL
### ADVISOR FOR DEBTOR EFFECTIVE AS OF SEPTEMBER 13, 2023

Upon the application ("Application")[1] of the above-captioned debtor and debtor-in-

possession ("Debtor") for entry of an order ("Order") authorizing Debtor to retain and employ

Bederson LLP ("Bederson") as its financial advisor effective as of September 13, 2023; and the

Court having reviewed the Application, the declaration of Charles N. Persing ("Persing

Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this

proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found based on the representations made in the Application and in the

Persing Declaration that: (a) Bederson does not hold or represent an interest adverse to

Debtor's estate and (b) Bederson is a "disinterested person" as defined in section 101(14) of

the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court

having found that the relief requested in the Application is in the best interests of Debtor's estate,

its creditors, and other parties in interest; and the Court having found that the Debtor provided

adequate and appropriate notice of the Application under the circumstances and that no other or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application

further notice is required; and the Court having reviewed the Application and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and no objections to the relief requested herein having been filed; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Application is **GRANTED** to the extent set forth herein.

2.    Pursuant to section 327(a) of the Bankruptcy Code, Debtor is authorized to retain and employ Bederson as its financial advisor effective as of the Petition Date in accordance with the terms and conditions set forth in the Application.

3.    Bederson is authorized to provide the Debtor with the professional services described in the Application. Specifically, but without limitation, Bederson is authorized to render the following services:

- Assisting with valuations and a liquidation analysis for the Debtor's plan of reorganization.
- Assistance with regular updating of cash flow reports,
- Assistance with monthly operating reports,
- Consultation regarding preparation of tax returns both in bankruptcy and post-emergence,
- Consultation regarding preparation of financial statements, including required disclosures, as required,
- Estimating and valuing the disputed and unliquidated claims;
- Assisting with formulation of a Plan of Reorganization and reviewing claims
- Providing financial projections for the Debtor's plan of reorganization;
- Assistance in negotiations with creditors, related to both claims and Plan dividend,
- Testimony in court, as required, and
- Providing such other advice as may be necessary in connection with a plan of reorganization; the Debtor's monthly operating reports, or otherwise in connection with the Bankruptcy Case and any related proceedings.

4.       Bederson shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable fee guidelines and any interim compensation orders entered by this Court.

5.       Bederson's hourly rates for its professionals as set forth in the Application and the Persing Declaration are reasonable, and the retention of Bederson as financial advisor to Debtor, in accordance with Bederson's normal hourly rates as set forth in the Persing Declaration, is hereby approved. Compensation and reimbursement for out-of-pocket expenses to be paid to Bederson shall be paid as an administrative expense of Debtor's estate in such amounts as shall be allowed and determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all applicable orders and procedures as may be fixed by the Court.

6.       Prior to any increases in Bederson's rates, as set forth in the Application, Bederson shall file a supplemental declaration with the Court and provide ten (10) business days' notice to Debtor, the Subchapter V Trustee and the Office of the United States Trustee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Debtor has consented to the rate increase.

7.       Notwithstanding anything in the Engagement Agreement to the contrary, all disputes during the pendency of the Debtor's Subchapter V reorganization case shall be resolved in this Court and shall only go to mediation, arbitration, or state court if this Court declines to hear the matter.

8.       To the extent that the Application or Persing Declaration is inconsistent with this Order, the terms of this Order shall govern.

9.       The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

10.     Debtor and Bederson are authorized to take all actions necessary to effectuate the

relief  granted pursuant to this Order in accordance with the Application.

11.     The Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.


Dated: New York, New York
        September ___, 2023

_____
**Hon. Philip Bentley**
**United States Bankruptcy Judge**

**EXHIBIT B**



Declaration of Charles N. Persing

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

ZHANG MEDICAL P.C., d/b/a NEW HOPE                    Case No.: 23-10678-pb
FERTILITY CENTER,

         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF CHARLES N. PERSING
## IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY
## OF AN ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF BEDERSON LLP AS FINANCIAL
## ADVISOR FOR DEBTOR EFFECTIVE AS OF SEPTEMBER 13, 2023

       I, Charles N. Persing, duly affirm under penalty of perjury that the following is true and correct:

       1.    I am a partner of Bederson LLP ("Bederson"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

       2.    I am fully familiar with the facts hereinafter stated, and I am authorized to and hereby make this Declaration on behalf of Bederson. The information contained in this Declaration is of my personal knowledge or is derived from discussions other Bederson professionals and/or my review of the files in this case.

       3.    I submit this Declaration (a) in support of the foregoing *Application for Entry of an Order Authorizing the Retention and Employment of Bederson LLP as Financial Advisor for Debtor as of September 13, 2023* ("Application")[1] of Debtor to retain Bederson as financial advisor, effective as of September 13, 20232 as described in the Engagement Letter attached hereto as **Exhibit 1**, and (b) in order to provide certain disclosures under the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

       4.    I and the other professionals of Bederson have significant bankruptcy related financial advisory experience. In addition, Bederson has experience with medical-related debtors

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the application.



in possession and the nuances that arise with respect to their business operations. A summary of the experience and qualifications of the primary Bederson professionals who are expected to render services to Debtor is attached hereto as **Exhibit 2.**

## DISINTERESTEDNESS

5. Insofar as I have been able to ascertain, except as described herein, the professionals of Bederson and any affiliates of Bederson are disinterested parties within the meaning of Section 101(14) of the Bankruptcy Code, and have no interest adverse to, and no connections with Debtor, Debtor's estate, its creditors, the U.S. Trustee trial attorney assigned to the Debtor's case, or any other party-in-interest herein or their respective attorneys with respect to matters for which Bederson is to be engaged.[2]

6. To the best of my knowledge, neither Bederson, its affiliates, any of their employees and consultants is or was, a director, officer, or employee of Debtor.

7. To the best of my knowledge, Bederson, its affiliates, their employees and consultants have no connection with and no interests adverse to Debtor, the estate, its creditors, or any other party-in-interest herein or their respective professionals.

8. To the best of my knowledge except as otherwise described below, Bederson, its affiliates, their employees and consultants have no connection with and no interests adverse to Debtor, the estate, its creditors, or any other party-in-interest herein or their respective professionals.

9. To the best of my knowledge, none of the principals, employees or consultants of Bederson or its affiliates are otherwise related to any judge of the U.S. Bankruptcy Court for the Southern District of New York, the United States Trustee, or any person employed in the Office of the United States Trustee.

10. There are no arrangements between Bederson and any other entity for the sharing of compensation received or to be received in connection with this case, except insofar as such compensation may be shared among members, employees, and independent contractors of Bederson.

---

[2] Bederson will file additional and supplemental disclosure statements in the event Bederson becomes aware of any additional connections.



## **COMPENSATION**

11. Subject to this Court's approval in accordance with Bankruptcy Code Sections 327 and 330(a), Bederson will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The principal professionals presently designated to provide services to the Debtor are myself, and my hourly rate is $490.00. From time to time other Bederson employees and consultants will assist with rates range from $180.00 to $490 per hour. Bederson's hourly rates are subject to adjustment on a periodic basis, typically annually.

12. Bederson will seek reimbursement of its fees and reimbursable expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court. Bederson did not receive payment prior to the Petition Date, Bederson is not holding a retainer as of the Petition Date.

13. Based upon the information available to me, I know of no reason why Bederson cannot provide financial advisory services as described in the Application to Debtor.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2023

Charles N. Persing

_____
Charles N. Persing
Partner
Bederson LLP



Charles N. Persing's Resume

**CHARLES N. PERSING**
**CPA/CFF, CVA, CIRA, CFE**

**BEDERSON** LLP
*Accountants and Advisors since 1937*

**PARTNER**

<u>**EDUCATION:**</u>

Mr. Persing has a Bachelor of Science Degree in Business Administration majoring in Accounting from Drexel University. His education has been supplemented by various continuing education courses offered by a variety of professional organizations, which resulted in the following certifications and licenses:

> Certified Public Accountant (CPA) in Pennsylvania
> Certified in Financial Forensics (CFF)
> Certified Insolvency and Restructuring Advisor (CIRA)
> Certified Valuation Analysts (CVA)
> Certified Fraud Examiners (CFE)

<u>**EMPLOYMENT/EXPERIENCE:**</u>

Mr. Persing has provided a variety of financial consulting and accounting services as part of his roles in public and private companies and consulting since 1981. Chuck has been exposed to all aspects of bankruptcy and financial restructuring. Mr. Persing has acted as the financial advisor and in other fiduciary capacities to Debtors, Official Committees, litigation and liquidating trustees and both Chapter 7 and Chapter 11 Trustees,. Recently, Chuck has been a receiver and a CRO to a Chapter 11 trustee, and has assisted trustees and others in sales of assets including real estate, annuities, industrial equipment, and entire businesses. Chuck was selected as a Subchapter V Trustee in the Eastern and Southern Districts of New York and has served in over 30 Subchapter V cases and counting. Chuck is also a member of the National Association of Bankruptcy Trustees' board and its treasurer. In addition he represents Chapter 7 Trustees in PA, NY, DE and CT and performing valuations and handling commercial disputes.

Earlier, he has spent approximately four years with a formerly publicly traded company during its Chapter 11 and 7 proceedings assisting in all aspects of the proceedings, during the last two of those years his efforts were spent providing extensive litigation support in various matters including a $300 million preference and contract dispute adversary action.

Prior experience included two years in various Corporate Development and M&A assignments for a publicly traded Telecommunications Company, several of the assignments involved troubled investments or contract dispute resolution. Earlier, Mr. Persing spent 14 years in various financial and operational capacities in the radio and media industries providing M&A, Financing and post-acquisition restructuring services. Initially, Mr. Persing spent four years with a Philadelphia based Regional Public Accounting firm.

<u>**Representative assignments on which he has worked include:**</u>

| | |
|---|---|
| • Acquisition Disputes | ▫ Economic Damages Analysis |
| • Asset Recovery and Liquidation | ▫ Business Valuation |
| • Bankruptcy and Troubled Company Issues | ▫ Merger and Acquisition Assistance |
| • Business Reorganizations | ▫ Policies and Procedures Reviews |
| • Fraud Investigation | ▫ Due Diligence Assistance |
| • Receiverships | ▫ Litigation support |
| • Assisting Liquidation Trustees | ▫ Assisting Plan administrator |
| • Assisting Litigation Trustees | ▫ Subchapter V Trustee in the Eastern and Southern Districts of New York |

**CHARLES N. PERSING**
**CPA/CFF, CVA, CIRA, CFE**

![BEDERSON LLP — Accountants and Advisors since 1937]

**PARTNER**

**ASSOCIATIONS:**

American Institute of Certified Public Accountants (AICPA)
National Association of Certified Valuation Analysts (NACVA)
Association of Insolvency and Restructuring Advisors (AIRA)
Association of Certified Fraud Examiners (ACFE)
Pennsylvania Institute of Certified Public Accountants (PICPA)
Turnaround Management Association (TMA)

**CHARLES N. PERSING**
**CPA/CFF, CVA, CIRA, CFE**

**BEDERSON** LLP
*Accountants and Advisors since 1937*

**PARTNER**

## Specific Experience

Mr. Persing has provided tax accounting and advisory services to Debtors, Trustees in all aspects of bankruptcies and has been called upon to assist Chapter 7 Trustees, Litigation and Liquidating Trustees and Receivers with litigation assistance including revaluation of proposed settlements and the related financial implications of the settlement. Mr. Persing as serviced as a Receiver.  In addition Mr. Persing has marketed, sold numerous assets/companies for Chapter 7 trustees domestically and internationally and has operated a division of a formerly public Chapter 7 Company until sale.  In that same case Mr. Persing assisted the litigation team in trail which resulted in a $320,000,000 collection.  Mr. Persing has consulted for other Bederson Partners in various aspects of litigation, liquidating and receiver cases.

Mr. Persing has been a Receiver in the following cases:
- A-1 Specialized Services & Supplies, Inc.
- Hovatter Friedman, Saputelli & Levi LLP
- West Girard Holdings

Mr. Persing has represented Liquidating/Litigation Trustees in the following cases:
- CVC CCL Holdings, Inc./Liquidating Trust
- DCI Management Group, Inc.
- CT1 LLC
- EBHI Liquidating Trust
- Specialty Packaging Holdings, Inc.
- Unilife Creditor's Liquidation Trust
- Gumps Holdings Liquidating Trust
- NSC Liquidating Trust
- Patriot National Inc.
- PBS Brand Co., LLC
- Rams Associates, LP
- Schurman Fine Paper & Subsidiary
- The Relay Company LLC
- William Bowman Associates Inc. Liquidating Trust

Mr Persing is currently representing a post confirmation Plan Administrator:
- ION Geophysical Corporation

Mr. Persing has represented Chapter 11 trustees as follows:
- Sno Mountain LP (As Accountant and Advisor)
- Choates G. Construction, LLC (Sub V) (As Accountant and Advisor)

Mr. Persing has represented Chapter 11 trustees as follows:
- Mairec Precious Metals US Inc (Operating Officer and Advisor)

**CHARLES N. PERSING**
**CPA/CFF, CVA, CIRA, CFE**

**BEDERSON** LLP
*Accountants and Advisors since 1937*

**PARTNER**

## Testimony

| 2008 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Trustee for the Estate of Pennsylvania Gear Corporation – Debtor v. William Stranahan, et al. – fraudulent conveyance action |
|------|------|------|------|
| 2010 | Superior Court of New Jersey, Essex County, New Jersey | Deposition | Lava Java, Inc., v. Radamaes Velazquez, JR. Shane DeLeon, Gold, Albanese & Barletti (as successor in interest to Gold, Albanese, Barletti & Velazquez), John Does 1-10 and Richard Roes 1-10. - Professional malpractice |
| 2011 | U.S. Bankruptcy Court, District of New Jersey | Testimony | Chapter 11 Estate of Ben and Susan Costanza – Confirmation Hearing |
| 2012 | Superior Court of New Jersey, Morris County, New Jersey | Deposition | 333 Realty L.L.C. v. CherryRoad Technologies, Inc. – Lease termination damage analysis |
| 2012 | U.S. Bankruptcy Court, District of New Jersey | Deposition | Chapter 11 Estate of One2One Communications, LLC– Confirmation Hearing |
| 2012 | U.S. Bankruptcy Court, District of New Jersey | Testimony | Chapter 11 Estate of One2One Communications, LLC – Confirmation Hearing |
| 2013 | U.S. Bankruptcy Court, District of New Jersey | Deposition | Chapter 11 Estate of One2One Communications, LLC– Confirmation Hearing |
| 2013 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 11 Estate of Joseph Clark – Fee Objection Hearing |
| 2013 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 11 Estate of Joseph Grasso – Conversion Hearing |
| 2013 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Estate of Keystone Surplus Metals, Inc. – Motion to Pay Allowed Chapter 11 Administrative Expenses, or Alternatively, Fixing a Date by which Chapter 7 Trustee Must File Final Report and Account |
| 2013 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Estate of Scimeca Foundation, Inc. – Objection to Sale |
| 2013 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Estate of Joseph Grasso – Fee Objection Hearing |
| 2014 | Arbitration, Hackensack NJ | Hearing | Kevin R Basralian, MD. V. Gene S. Rosenberg, MD NJ Valuation for shareholder buy out |
| 2015 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Estate of Joseph Grasso – Evidentiary Hearing |
| 2020 | U.S. Bankruptcy Court, Eastern District of Pennsylvania | Testimony | Chapter 7 Estate of Stephanie Paula Farber – 9019 Settlement Hearing |

**CHARLES N. PERSING**
**CPA/CFF, CVA, CIRA, CFE**

**PARTNER**

## Publications and Presentations

| *Date* | *Publication* | *Title* |
|---|---|---|
| 2007 | Association of Certified Fraud Examiners (ACFE) | "*Fraud Casebook, Lessons from the Bad Side of Business,*" Chapter 54, pgs. 519 – 526 |
| 2010 | Commerce Magazine | "Helping Nonprofits to see a Better way to do business," pg. 44 |
| 2014 | NJCPA Magazine | "How To Value Entities with Complex Capital Structures," pg. 20 |
| 2016 | New Jersey Business Magazine | Small Business Page of the February edition "Weekly cash planning tips," pg. 20 |
| 2016 | Essex County Bar Foundation | "NJ Not So Basic Estate Administration and Planning Program", co presenter |
| 2018 | NACVA Association Quarterly Newsletter | Ethics in Cyber Security: "WWW in Reference to Cyber Security Does Not Mean What You Think!" https://www.nacva.com/content.asp?contentid=624 |
| 2018 | Various Presentations | "What Lawyers Need to Know About Valuing Wine Collections", co presenter |
| 2019 | PNC Bank, National Association - PNC Legal Department, Asset Recovery Group | "Receiverships 101 – Methodology and Formulations", co presenter |
| 2021 | NABT Presentation August | "Diagnosis of the "sick" company: Financial Analysis", co presenter |
| 2022 | NABT American Bankruptcy Trustee Journal | ""Subchapter V Q&A with Charles Persing" pgs. 30-31 winter 2022. |
| 2022 | AGN NARM Presentation | "Bankruptcy 101" May 17, 2022 |
| 2022 | New Jersey Business Magazine | Subchapter V Bankruptcy: A Lifeline to Small Businesses, February 2022 pg. 18 |
| 2022 | NABT Presentation | "Issues for Non-Lawyer Subchapter V Trustees", co presenter. June 8, 2022 |
| 2022 | Norton Journal of Bankruptcy Law and Practice | "Perspectives on Subchapter V from an Attorney Trustee and Accountant Trustee", co-Author June 2022 |
| 2023 | American Bankruptcy Trustee Journal | "Accountant's Special Top 10", February 2022 Volume 39 Issue 01 pgs. 11 to 13 |

Engagement Letter



September 15, 2023

**VIA ELECTRONIC MAIL**

Zhang Medical P.C.
4 Columbus Circle, 4th Floor
New York, NY 10019
Attn: Dr Zhang

   Re: In re Zhang Medical P.C.; Case No. 23-10678-pb) ("Bankruptcy Case")

Dear Dr Zhang:

This letter agreement (the "Agreement") confirms the terms under which Zhang Medical P.C. (hereinafter, the "Company"), has engaged Bederson LLP ("Bederson") effective as of September 13, 2023, to act as the Company's financial advisor to provide the Company with the Services (defined below), subject to approval by the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). This letter was prepared based on Bederson's understanding and its experience in assisting other clients for similar purposes. The Company and Bederson are sometimes referred to herein individually as "Party" and collectively as the "Parties."

### 1.  SCOPE OF SERVICES

It is agreed that Bederson will provide the following services to the Company in connection with the pending Bankruptcy Case, which services include, but are not limited to (collectively, the "Services"):

- Assisting with valuations and a liquidation analysis for the Debtor's plan of reorganization;

- Assistance with regular updating of 13 week cash flow reports,

- Assistance with monthly operating reports,

- Consultation regarding preparation of tax returns both in bankruptcy and post-emergence,

- Consultation regarding preparation of financial statements, including required disclosures, as required,

- Estimating and valuing the disputed and unliquidated claims;

- Assisting with formulation of a Plan of Reorganization and reviewing claims

- Providing financial projections for the Debtor's plan of reorganization;

Zhang Medical P.C
Page 2

- Assistance in negotiations with creditors, related to both claims and Plan dividend,

- Testimony in court, as required, and

- providing such other advice as may be necessary in connection with a plan of reorganization; the Debtor's monthly operating reports, or otherwise in connection with the Bankruptcy Case and any related proceedings.

To assist with the Services, Bederson will need certain files and documents from the Company. Additionally, the Company agrees to cooperate with Bederson and provide any and all information and/or documents necessary for the effective performance of the Services.

If circumstances arise relating to the conditions of the records, the availability of sufficient, relevant data or indications of fraudulent financial reporting, or misappropriation of assets, which in Bederson's professional judgment prevents Bederson from completing the engagement, Bederson reserves the unilateral right, upon prior written notice to you to take any course of action permitted by professional standards including withdrawal° from this Agreement.

It is understood that the engagement of Bederson cannot be relied upon to disclose errors, fraud, or illegal acts that may exist, however, Bederson will inform you if any such matters comes to its attention. Moreover, please note that the Company , and the Company alone, is the only entity or person(s) to which Bederson shall perform the Services for, and this Agreement shall not act as an engagement with or for any affiliates (unless any affiliates are similarly considering filing for bankruptcy), related individuals or any officers , directors , employees , independent contractors or agents of the Company, unless the Company and Bederson have specifically agreed to do so elsewhere in this letter or by separate written agreement.

Bederson will notify the Company's management if it encounters matters that exceed the scope of this Agreement , and in that case, if the Company agrees and subject to Bankruptcy Court approval if necessary, such additional services shall be performed under an amendment to this Agreement or a separate engagement agreement. Moreover, this engagement does not include any services not specifically identified in this Agreement , and any additional services requested by the Company will be subject to a separate written understanding with hourly rates consistent with this Agreement , before the additional services are ·commenced. With respect to any such future engagement, Bederson will conduct a conflict check, if appropriate.

## 2.    TERM AND TERMINATION

This Agreement may be terminated at any time by either Party without cause upon fifteen (15) days' prior written notice of termination to the other Party, subject to Bankruptcy Court approval. The expiration or termination of this Agreement shall not affect any provisions of this Agreement, which provisions shall survive any termination hereof, other than the provisions of Section 1 above, or Bederson's right to receive, and the Company's obligation to pay, any and all fees, expenses, and other amounts due, as set forth herein.

Zhang Medical P.C
Page 3

The Company shall have the right to immediately terminate this Agreement for cause upon written notice to Bederson. Termination for **"cause"** shall mean any termination as a result of Bederson's fraud, misrepresentation, willful misconduct or material breach by Bederson of any of the terms of this Agreement which have not been cured within five (5) days of written notification thereof.

Upon termination of this Agreement by either Party, Bederson shall immediately: (i) discontinue all Services; and (ii) deliver to the Company all information, reports, papers, drafts, and other materials prepared or obtained by Bederson in performing the Services, whether completed or in process.

### 3.    FEES/EXPENSES/TERMS OF PAYMENT

Bederson will charge for Services contemplated in this Agreement at each professional's standard rate, which rates presently range from $180 to $490 per hour. Other professionals with lower rates may be involved and Bederson will endeavor to advise the Company in a timely fashion of such other professionals' involvement and their rates. Fees shall be billed pursuant to the foregoing hourly rates for all services rendered during the Term. Our current rate schedule is as follows:

| Positon | Hourly Rates |
|---|---|
| Partner | $390.00 - $490.00 |
| Outside consultants | $305.00 |
| Director | $360.00 |
| Manager | $300.00 - $330.00 |
| Senior Accountants | $285.00 - $300.00 |
| Staff Accountant | $150.00 - $190.00 |
| IT Professionals | $190.00 |
| Para Professionals | $180.00 |

Although it is difficult to estimate the amount of time that this engagement may require, it is our intention to work closely with you to structure our work so that the appropriate personnel from our staff are assigned in order to keep fees at a minimum.

Bederson's invoices will also include reasonable and customary charges for costs and expenses without markup **("Expenses").** Such costs and expenses will include, among others, charges for messenger services, air couriers, photocopying, court fees, travel expenses (at coach class), postage for large mailings, conference line services, computerized legal research, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. Non-working travel time is billed at half of a professional's hourly rate.

The Company shall be solely responsible for the Fees and Expenses. Bederson will deliver statements for fees and expenses on a monthly basis. Services and expenses not posted as of a bill's closing date will appear on a subsequent bill. The Company agrees to work with Bederson to file and serve fee applications as required under the Bankruptcy Code, Bankruptcy Rules and Local Rules for payment of the accrued amounts for Fees and Expenses.

Zhang Medical P.C
Page 4

In the event that any undisputed Fee or Expense is not paid as required by this Agreement, Bederson will have the unconditional right, in it's sole discretion, at any time, to discontinue further Services under this Agreement. In the event of termination of this Agreement, except for termination by the Company for cause, it is agreed that Bederson shall be entitled to any Fees and Expenses earned prior to that point.

### 4. RECORD RETENTION

It is our current policy to retain this engagement's documentation for a period of seven (7) years, after which time we will commence the process of destroying the contents of our engagement files. To the extent we accumulate any of the Company's original records during the engagement, those documents will be returned to you promptly upon completion of the engagement. The balance of our engagement file, other than a copy of your tax return, which we will provide to the Company at the conclusion of the engagement, is our property, and we will provide copies of such documents at our discretion and if compensated for any time and costs associated with the effort. The working papers and files of our firm are not a substitute for your original records and documents.

In the event that we incur any costs, or become obligated to pay any judgment or similar award as a result of any inaccurate or incomplete information that the Company will provide to us during the course of this engagement, you and the Company agree to indemnify us, defend us, and hold us harmless as against such costs and obligations.

### 5. E-MAIL COMMUNICATIONS

In connection with this engagement, Bederson may communicate via e-mail transmission. As e-mails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant e-mails from Bederson will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure or communication of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection with the performance of this engagement. In that regard, Bederson shall have no liability for any loss or damage to any person or entity resulting from the use of e-mail transmissions including any consequential, incidental, direct, indirect, or special damages, or disclosure or communication of confidential or proprietary information.

### 6. INDEPENDENT CONTRACTOR.

Bederson is an independent contractor under this Agreement, and accordingly, this Agreement shall not be an employment agreement. No one on behalf of Bederson, nor any employees, agents, or independent contractors thereof, shall be considered to be a director, officer, member, manager, partner, control person, employee, representative, agent, or insider of the Company , unless expressly agreed to in a writing signed by the Company and Bederson. Bederson will have exclusive control over the management and operation of Bederson, including hiring and paying the wages or other compensation of its personnel. The Bederson personnel that provide services to the Company under this Agreement may also provide

Zhang Medical P.C
Page 5

services to other past, present or future Bederson clients. In addition, like other advisory firms, Bederson may utilize the services of qualified independent project employees, who work under our direct supervision for us on an ad hoc basis as temporary employees, to assist Bederson with its performance of its services pursuant to this Agreement. This arrangement enables Bederson to reduce its overhead and provide cost-effective services to its clients, who benefit from this saving by its reasonable rate structure.

### 7. CONFLICTS OF INTEREST

Bederson has commenced a ·check for possible conflicts of interest and have not discovered any matters which we believe would raise a conflict of interest. If you are aware of any facts which may give rise to a conflict of interest, please contact us immediately.

As you know, Bederson represents many companies and individuals. It is possible that during the course of this engagement another client may have a dispute with or a matter adverse to the Company in matters unrelated to this engagement or any subsequent engagement for the Company. This will confirm that Bederson may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to the Services being performed hereunder, unless the interests of such clients in those other matters are directly adverse to those of the Company, .and subject to Bankruptcy Court approval after disclosure as required by the Bankruptcy Code and Bankruptcy Rules. It is agreed however, that Company's prospective consent to conflicting representations contained in this paragraph will not apply in any instance where, as a result of Bederson's representation of the Company, Bederson have obtained proprietary or other confidential information of a .non-public nature that, if known to such other client, could be used in any such matter by such client to the Company's material disadvantage.

### 8. CHOICE OF LAW; JURY TRIAL WAIVER; JURISDICTION.

**THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN NEW JERSEY. THIS AGREEMENT AND ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS. EACH OF BEDERSON AND THE COMPANY IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATED TO OR ARISING OUT OF THE ENGAGEMENT OF BEDERSON PURSUANT TO, OR THE PERFORMANCE BY BEDERSON OF THE SERVICES CONTEMPLATED BY, THIS AGREEMENT. REGARDLESS OF ANY PRESENT OR FUTURE DOMICILE OR PRINCIPAL PLACE OF BUSINESS OF THE PARTIES HERETO, EACH PARTY HEREBY IRREVOCABLY CONSENTS AND AGREES THAT ANY CLAIMS OR DISPUTES BETWEEN OR AMONG THE PARTIES HERETO ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) SHALL BE BROUGHT AND MAINTAINED IN THE UNITED STATES**

Zhang Medical P.C
Page 6

**DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW JERSEY (THE "COURT"), WHICH COURTS SHALL HAVE EXCLUSIVE JURISDICTION OVER THE ADJUDICATION OF SUCH MATTERS, AND AGREES TO VENUE IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY SUBMITS AND CONSENTS IN ADVANCE EXCLUSIVELY TO SUCH JURISDICTION AND VENUE IN ANY ACTION OR SUIT COMMENCED IN THE COURT, AND HEREBY WAIVES IN ALL RESPECTS ANY CLAIM OR OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FO. RUM NON CONVENIENT. THE CLIENT AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION, SUIT OR CLAIM BROUGHT IN THE COURT SHALL BE CONCLUSIVE AND BINDING UPON IT AND MAY BE ENFORCED IN ANY OTHER COURTS HAVING JURISDICTION OVER IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN ALL SUCH DISPUTES BY THE MAILING OF COPIES OF SUCH PROCESS TO THE CLIENT AT THE ADDRESS SET FORTH ABOVE, OR AS MAY DESIGNATED IN THE FUTURE BY THE CLIENT. NOTWITHSTANDING THE FOREGOING, AS LONG AS THE BANKRUPTCY CASE REMAINS PENDING, THE BANKRUPTCY COURT MAINTAINS EXCLUSIVE JURISDICTION OVER ANY DISPUTE ARISING UNDER THIS AGREEMENT.**

### 9. INDEMNIFICATION/STANDARD OF CARE

As a material part of the consideration for the agreement of Bederson to furnish the Services under this Agreement, the Company agrees (i) to indemnify and hold harmless Bederson and its affiliates, and their respective past, present and future directors, officers, partners, members, employees, agents, representatives, advisors, subcontractors and controlling persons (collectively, the "Indemnified Parties"), to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to Bederson's engagement under, or any matter referred to in, this Agreement, and (ii) to reimburse each Indemnified Party for all expenses (including, without limitation, the reasonable and documented fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling, compromising or otherwise becoming involved in any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person or entity (including, without limitation, any shareholder or derivative action or any claim to enforce this Agreement), arising out of or related to such engagement or matter. However, the Company shall not be liable under the foregoing indemnification provision for any loss, claim, damage or liability which is finally judicially determined by a court of competent jurisdiction to have resulted primarily from a material breach of this Agreement, or actual fraud, bad faith, the willful misconduct or gross negligence of such Indemnified Party.

If any action, suit, proceeding or investigation or similar item is commenced as to which an Indemnified Party is entitled to indemnification hereunder, it shall notify Company with reasonable promptness; provided, however, that any failure to so notify Company shall not relieve Company from its obligations hereunder (except to the extent Company is materially and adversely affected by such failure to be given notice). Bederson shall have the right to retain counsel of its own choice to represent it, and Company shall pay the reasonable fees, expenses and disbursements of cooperate with Company and any counsel designated by Company. Company shall not without

Zhang Medical P.C
Page 7

such counsel; and such counsel shall to the extent consistent with its professional responsibilities written prior consent of Bederson, settle or compromise any claim against Bederson, or permit a default or consent to the entry of any judgment in respect thereof, unless such settlement, compromise or consent includes as an unconditional term thereof, the giving by the claimant to Bederson of an unconditional release from all liability in respect of such claim

Notwithstanding the foregoing, in no event shall the Indemnified Parties be required to contribute an aggregate amount in excess of the amount of fees actually received by Bederson from the Company pursuant to this Agreement.

The Company further agrees that neither Bederson nor any other Indemnified Party shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Company or any person or entity asserting claims on behalf of or in right of the Company arising out of or related to Bederson's engagement under, or any matter referred to in, this Agreement, except for a material breach of this Agreement or losses, claims, damages or liabilities incurred by the Company which are finally judicially determined by a court of competent jurisdiction to have resulted primarily from the willful misconduct or gross negligence of such Indemnified Party.

The indemnity, reimbursement, and other obligations and agreements of the Company set forth herein (i) shall apply to any modifications of this Agreement, (ii) shall be in addition to any obligation or liability which the Company may otherwise have to any Indemnified Party, and (iii) shall survive the completion of the services described in, and any expiration or termination of the relationship established by, this Agreement, the Company agrees that Bederson would be irreparably injured by any material breach of any such obligations or agreements, that money damages alone would not be an adequate remedy for any such breach and that, in the event of any such breach, Bederson shall be entitled, in addition to any other remedies, to injunctive relief and specific performance.

## 10.   MISCELLANEOUS

This Agreement contains the entire agreement of the Parties, and it may not be changed orally, but only by a subsequent agreement in writing that is signed by the Parties and approved by the Bankruptcy Court. This Agreement supersedes all prior agreements and all agreements made contemporaneously with the execution of this Agreement. No representations, inducements, promises, agreements, arrangements or undertakings between the Parties not embodied herein shall have any force or effect. Any prior agreement or oral contemporaneous agreements may not be used to contradict, supplement or explain this Agreement. Nothing contained in this Agreement constitutes or should be construed to be a promise or warranty of the outcome of this engagement, and you (on behalf of the Company) agree to hold Bederson harmless and shall have no rights or claims against Bederson for any outcome of this engagement. Lastly, you warrant and represent that you have the requisite authority and have been duly authorized to execute and bind the Company hereto.

If the foregoing is in accordance with your understanding, please sign this where indicated and immediately return it to me. If you have any questions about the terms of this Agreement, please do not hesitate to call me to discuss them.

Zhang Medical P.C
Page 8

Bederson is pleased to have the opportunity to be of service to the Company.

Very truly yours,

BEDERSON LLP

Charles N. Persing
Partner

This engagement and its terms as set forth above are accepted and authorized on behalf of the
Company as of the Effective Date, subject to Bankruptcy Court approval

**Zhang Medical P.C.**

By: -_____
Name: DR. Zhang
Title:   President

