UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                                  :
In re                                                             :
                                                                  :
ZHANG MEDICAL P.C. d/b/a                                          :
                                                                  :   Case No. 23-10678-pb
NEW HOPE FERTILITY CENTER                                         :
                                                                  :   Sub-Chapter V Chapter 11
                                                                  :
                                   Debtor.                        :
-------------------------------------------------------x

**DEBTOR'S EX PARTE MOTION FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. PROC. 2004 AUTHORIZING DISCOVERY OF ERIC & YOUNG LLC**

TO:     HONORABLE PHILIP BENTLEY
        UNITED STATES BANKRUPTCY JUDGE

Zhang Medical P.C. d/b/a New Hope Fertility Center (the "Debtor"), by and through its proposed counsel Pardalis & Nohavicka LLP, hereby respectfully submits its motion (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for the entry of an order substantially in the form annexed hereto as Exhibit A (the "Proposed Order") authorizing Rule 2004 discovery from Eric & Young LLC for documents and records regarding the Debtor's tax audit being conducted by the Internal Revenue Service ("IRS"). In support of the Motion, the Debtor respectfully represents as follows:

**Background**

1.      On April 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Sub Chapter V, of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). Eric Huebscher was appointed as the Sub Chapter V Trustee. The Court has revoked the Debtor's designation as a Sub Chapter V debtor.

2.      The Debtor has been under a tax audit for a number of years, including the years

2019 through 2021 (the "Tax Period"). The Debtor previously employed the accounting firm of Eric & Young LLC to render services in connection with the audit.

3. The Court has ordered the Debtor to subpoena all correspondence and documents that have been exchanged between the IRS and Eric & Young LLC including, but not limited to a copy of the documents provided by the firm to the IRS and any affiliates of the Debtor during the Tax Period. Eric & Young also represented Dr. John Zhang in connection with the audit.

**Relief Requested**

4. By this Motion, the Debtor requests the entry of an order directing Eric & Young LLC to produce certain documents and be available for an examination under oath. Bankruptcy Rule 2004(a) states that on "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of any examination sought under Bankruptcy Rule 2004 may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." See Fed. R. Bankr. P. 2004(b).

5. Bankruptcy Rule 2004 examinations are routinely used to reveal the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). Courts recognize that Rule 2004 examinations are broad and unfettered and may be in the nature of "fishing expeditions." Id. Bankruptcy Rule 2004 is meant to provide broad power to investigate any matter that may affect the administration of the estate. In re Bennett Funding Group, Inc., 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996).

6. The Debtor requests that the Court authorize it to conduct a Rule 2004

examination of Eric & Young LLC as soon as possible. The granting of a motion under Bankruptcy Rule 2004 is within the discretion of the Court and the Court should exercise its discretion in this case. See In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination . . .") (citations omitted). Eric & Young LLC had an important relationship with the Debtor and is the appropriate subject of an examination. See e.g. In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("[a]ny third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation.") (citing In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993)); see also In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004) (holding that Rule 2004 may be employed by debtors who seek to compel discovery of information maintained by creditors or third parties where such information relates to the effective reorganization and administration of the estate).

7.      Pursuant to Bankruptcy Rule 9016, the Debtor seeks authority to (a) compel the production of the requested documents so that they should be received no later than seven (7) days from the date of service of a subpoena served and (b) compel a witness examination to be conducted on no less than ten (10) days' notice at a location to be determined by the Debtor that is within 100 miles of the location of the Debtor or person to be examined. A list of the documents requested by the Debtor is annexed as Exhibit B. The Debtor asserts that the proposed relatively short period for Eric & Young LLC to respond to the Debtor's document request is warranted under these circumstances.

8.      The Debtor also requests that it be permitted to serve the subpoena and order by registered or certified mail, email and fax to Eric & Young LLC. The Debtor will send registered

3

or certified mail to Eric & Young LLC's business address and the address designated for service of process. The Debtor submits that utilizing these methods of service will ensure that Eric & Young LLC receives the order and subpoena on an expedited basis.

## Notice

9.  Since the Debtor seeks ex parte relief, no notice of this motion has been provided to any party. However, electronic notice of this Motion shall be received by all creditors and parties that have filed a claim or filed a Notice of Appearance.

10. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant this Motion in all respects and such other and further relief as it deems just and proper.

Dated: New York, New York
September 19, 2023

                                                   /s/Norma E. Ortiz
Pardalis & Nohavicka LLP
950 Third Avenue, 11th Floor
New York, New York 10022
Tel. No. 718.777.0400
Joseph D. Nohavicka
Norma E. Ortiz, Of Counsel
*Proposed Counsel to the Debtor and Debtor-in-Possession*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                  :

In re                                          :

ZHANG MEDICAL P.C. d/b/a         :
                                                :     Case No. 23-10678-pb
NEW HOPE FERTILITY CENTER  :
                                                :     Sub-Chapter V Chapter 11
                                                :
                    Debtor.     :
-------------------------------------------------------x

## EX PARTE ORDER PURSUANT TO FED. R. BANKR. PROC. 2004 AUTHORIZING DISCOVERY OF ERIC & YOUNG LLC

Upon the Motion of Zhang Medical P.C. d/b/a New Hope Fertility Center (the "Debtor") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to obtain discovery in the form of demands for the production of documents and oral examinations, if necessary, from Eric & Young LLC; notice of the Motion being due and sufficient under the circumstances and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted as set forth herein; it is further

ORDERED, that the Debtor is authorized to issue a subpoena to compel the production of documents in accordance with the document requests annexed to the Motion as Exhibit B to DPT that requires the production of documents no later than seven (7) days from service of the subpoena, other than those documents withheld under a claim of privilege, and compels the testimony of Eric & Young LLC on no less than ten (10) days' notice at a location to be determined by the Debtor that is within 100 miles of the location of the Debtor or person to be examined; and it is further

ORDERED, that the Debtor is authorized to serve the subpoena by certified or registered

mail, email, and facsimile transmission to Eric & Young LLC's last known business address, address for process of service, the email address and fax number available on its website; and it is further

ORDERED, that nothing herein shall limit Eric & Young LLC's right under applicable law to object to or oppose any subpoena served upon it; and it is further

ORDERED, that the Debtor shall file with the court an affidavit or declaration of service for each subpoena served; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examinations, and/or the production of documents.

Dated: Sept. __, 2023
New York, New York

_____
Philip Bentley
U.S. Bankruptcy Judge

**EXHIBIT B**

SCHEDULE "1"

INSTRUCTIONS

A.      You are required to conduct a thorough investigation and produce all Documents (as defined below) in your possession, custody, and control including all Documents in the possession, custody and control of your attorneys, investigators, experts, officers, trustees, members, directors, employees, agents, representatives, and anyone acting on Your behalf.

B.      The use of either the singular or plural shall not be deemed a limitation. The use of the singular should be considered to include the plural and vice versa.

C.      If You are unable to comply with a particular category(ies) of the requests below and Documents responsive to the category are in existence, state the following information:

1. The date of the Document;
2. The type of Document (e.g., letter, memorandum, report, etc.);
3. The name, address, telephone number and title of the author(s) of the Document;
4. The name, address, telephone number and title of each recipient of the Document;
5. The number of pages in the Document;
6. The document control number, if any; present location(s) of the Document and the name, address and telephone number of the person(s) who has (have) possession of the Document;
7. A specific description of the subject matter of the Document;
8. The reason why the Document cannot be produced or why you are unable to comply with the particular category of request.

D.      You are under a continuing duty to timely amend your written response and to produce additional Documents if you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Debtor during the discovery process or in writing.

E.  You are required to produce the full and complete originals, or copies if the originals are unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the responding party or its authorized agent or representative states by declaration or affidavit under penalty of perjury state that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

F.  You are required to produce the Documents as they are kept in the usual course of business or your operations or to organize and label them to correspond with each category in these requests.

G.  You are required to produce Electronically Stored Information in searchable form on a USB or shared electronic file for documents produced in electronic form.

H.  If you withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request for Production, and which privilege log shall state the following information:

1. The name(s) of the Document
2. The date of the Document;
3. The type of Document (e.g., letter, memorandum, report, etc.);
4. The name, address, telephone number and title of the author(s) of the Document.
5. The name, address, telephone number and title of each recipient of the Document.
6. The number of pages in the Document;
7. The document control number, if any;
8. The present location(s) of the Document and the name, address and telephone number of the persons) who has (have) possession of the

        Document;

9. A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication;

10. The specific privilege(s) or protection(s) that you contend applies.

## DEFINITIONS

The Debtor incorporates the definitions set forth in Local Bankr. Rule 7026-1 and in addition thereto designates the following:

1. "Affiliate", as that term is defined in 11 U.S.C. § 101(2), includes (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote; (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities— (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote; (C) a person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or (D) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

2. "Communication(s)" means all forms of imparting or exchanging information,

whether electronic, visual, oral or written, including, without limitation, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, e-mail, texts, instant messaging, telephone conversations, letters, notes, telegrams, faxes, newspaper and magazine articles and advertisements.

    3.    "Debtor" means Zhang Medical Center P.C.

    4.    "Document" means all written, electronic, graphic, audio or visually recorded matte of every kind and description, specifically including e-mails and other Communications, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control or of which you can obtain custody or control, including but not limited to: data compilations, plans, drawings, graphs, charts, writings, letters, e-mails, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements, covenants, permits, licenses, memoranda of telephone or personal conversations, text messages of any form, whether SMS or otherwise, microfilm, microfiche, telegrams, statements, notices, reports, directives, reports, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, logs, tapes for visual or audio reproduction, recording or materials similar to any of the foregoing, however denominated by You. The terms "Document" or "Documents" shall also include any copy or copies of each Document if the copy or copies contain any additional matter or are not identical copies of the original. If a Document is stored in electronic format, Defendants shall identify the nature and form of such electronic data and physical location of and access points for such electronic data, and, at Debtor's direction, either make such electronic data available for inspection and copying by Debtor in its native format or produce such electronic data to Debtor by USB, shared

electronic file, or an electronic format that is acceptable to Debtor.

5. "IRS" means the Internal Revenue Service.

6. "You" or "you" refers to Eric & Young LLC.

## DOCUMENT REQUESTS

1. All documents in your possession concerning the Debtor regarding the tax audit of the Debtor's tax returns for the years 2019 through 2022.

2. All documents in your possession concerning any affiliate of the Debtor regarding the tax audit of the Debtor's tax returns for the years 2019 through 2022.

3. All documents in your possession regarding Dr. John Zhang that are related to the tax audit of the Debtor or any affiliate of the Debtor for the years 2019 through 2022.