UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re

ZHANG MEDICAL P.C. d/b/a New Hope
Fertility Center,

           Debtor.

------------------------------------------------------X

Chapter 11

Case No. 23-10678

Judge Philip Bentley

**CERTIFICATION IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) PROVIDING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND (II) AUTHORIZING THE PRODUCTION OF DOCUMETNS BY DEBTOR AND AN EXAMINATION OF DR. JOHN ZHANG PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

      **DAVID H. FAUX, ESQ.**, pursuant to 28 U.S.C. § 1746, hereby certifies as follows:

      1.     I am an attorney duly authorized to practice law in the Commonwealth of Pennsylvania and I am a customer of Zhang Medical P.C. d/b/a New Hope Fertility Center (the "Debtor"), the debtor and debtor-in-possession in the above captioned Chapter 11 bankruptcy proceeding. I submit this certification in support of my motion (the "Motion") seeking the entry of an order: (i) pursuant to Sections 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and E.D.N.Y. L.B.R. 4001-1, terminating the automatic stay for cause so that Movant may continue his state court proceeding as against Debtor that is pending in the Commonwealth of Pennsylvania which seeks information and cooperation from Debtor and may include a demand for the turnover of certain biological material that is being stored by Debtor but which belongs to Movant and his former spouse, (ii) pursuant to Bankruptcy Rule 2004, authorizing the issuance and service of a subpoena on behalf of Movant and directing the production of documents from Debtor and Movant's examination of Debtor's principal, Dr. John Zhang, should such

1

examination be necessary, and (iii) for such other and further relief as the Court deems just and proper.

2. I have personal knowledge of the facts set forth herein and I have access to and direct custody and control over certain records with respect to the services Debtor has provided to my former spouse and I and have personally reviewed such records and confirm the assertions contained herein.

3. On April 30, 2023 (the "Filing Date"), Debtor commenced the instant Chapter 11 proceeding upon the filing of a voluntary petition for relief from its creditors.

4. In or about January 2013, my former spouse, Kaori Kato ("Kato"), and I sought Debtor's services for the purposes of our reproductive health. Specifically, we sought Debtor's expertise in assessing our fertility, treating infertility through Assisted Reproductive Technologies ("ART"), and the cryopreservation and storage of our fertilized embryos.[1]

5. Prior to the Filing Date, Kato and I divorced. Notwithstanding our divorce, the two (2) fertilized embryos (the "Embryos") remain in storage under Debtor's possession, custody, or control.

6. As I still have an interest in the ensuring the Embryos are preserved for potential surrogacy, for much of the past year I have been engaged in a frustrating effort to obtain information from Debtor, which has been provided fitfully, incompletely, and only after substantial time has passed.

7. My inquiries began after Kato and I received from Debtor a "Thaw & Discard

---

[1] As various documents may be considered protected, confidential medical records pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and as my former spouse has not consented to making these documents publicly available in this proceeding, the relevant documents are not being produced as exhibits herein. In the event that the Court, Debtor or any other party-in-interest objects to the failure to include such documents, I will endeavor to procure such consent from my former spouse and produce same for inspection *in camera* or under seal.

Agreement" in April 2023. Kato signed it immediately, however I declined as I still had some questions. I followed up by email on May 3, 2023 and was told to call Debtor, which I did that very day. I specifically asked by email how many embryos there were and how old they were. Debtor's representative responded on May 4, 2023 and advised that there were two Embryos. The following day, May 5, 2023, Debtor provided me with the "grades" of the Embryos.

8. Between May 8th and 10th I repeatedly called Debtor seeking further information but was bounced around between the Lab Department, Genetic Department, and "management" without any responses. On May 10, 2023, I spoke with Debtor's billing department and paid $1,200.00 for the preservation of the Embryos for a year (through January 14, 2024, however it is on autopay so storage for the coming year should be covered.)

9. On May 15, 2023, I was told by Debtor's representative to complete a Medical Request form for Debtor's Medical Records Department in order to receive the various documents Kato and I signed back in 2013. The very next day, I returned the Medical Request form executed by both myself and Kato, thus evidencing her consent to the release of our medical records to me. I followed up with Debtor on May 30, 2023 and was transferred first to the nurse's station, then to the Lab Department, and then disconnected. I then called back and the same thing happened. Afterwards, I e-mailed Debtor and received no response.

10. Throughout May and June 2023, I received Thaw and Discard Agreements from Debtor via email every other day, which, considering I had just paid for another year of storage, began to raise concerns for me that the Embryos may have already been destroyed and/or discarded.

11. On June 8, 2023, I called Debtor and was told that my name was not even in their records, that my matter was being reviewed by Debtor's management, and that I would receive a

telephone call back later that day or the following day.

12. Without any response from Debtor, I spent the rest of June and the first part of July considering options and allowing time to yield a fresh perspective on the facts I faced to date.

13. In July, I contacted the Independence Law Center which agreed to send a letter on my behalf to Dr. Zhang, which it sent on July 27, 2023, signed by Senior Counsel for that organization, Jeremy L. Samek, Esq. (A true and correct copy of the letter is annexed hereto as **Exhibit "A"**.)

14. Without any response to the letter from the Independence Law Center, I spent August and September fully considering my options and performing legal research.

15. As Debtor had continuously failed to promptly provide me with information regarding the Embryos, which I was entitled to, I had no alternative but to file on October 6, 2023 with the Commonwealth of Pennsylvania, County of Wanye a Writ of Summons for Praecipe, which commenced a proceeding under Case Number 2023-00514 (the "State Court Proceeding"). The State Court Proceeding remains pending. (True and correct copies of the Writ of Summons for Praecipe and receipt evidencing filing are annexed hereto as **Exhibit "B"**.)[2]

16. On October 7, 2023, I served the Writ of Summons for Praecipe, Interrogatories, and Request for Production of Documents upon Debtor. (True and correct copies of the Interrogatories and Request for Production of Documents are annexed hereto as **Exhibits "C"** and **"D"** respectively.)

17. Thereafter, on October 25, 2023, I was contacted by Charles Persing, the Court-appointed Chief Restructuring Officer of Debtor who advised me of the Debtor's bankruptcy

---

[2] Unfortunately, I did not retain the signed, filed copy of the Writ of Summons for Praecipe, however in the event the Court requires it, I can attempt to secure a copy of from the State Court.

case and notified me that I was not allowed to prosecute an action against Debtor given the bankruptcy filing. Mr. Persing assured me that I would get all of the answers I sought within two (2) weeks.

18. My telephone call with Mr. Persing was the first knowledge of Debtor's bankruptcy case. Had I known that this proceeding was commenced and ongoing, I would have sought relief first from this Court.

19. On October 26, 2023, Norma Ortiz, Esq., on behalf of Debtor, requested Kato's consent for the second time and asked me to exclude Debtor's staff in future correspondence (which they had initially included). Ms. Ortiz promised to have my answers by the first week of November. On November 10, 2023, Ms. Ortiz asked for my questions again so she could get answers. On November 23, 2023, I received a letter from Christopher A. Terzian, Esq., of Martin Clearwater & Bell, LLP, who appeared to have replaced Ms. Ortiz in handling my matter on behalf of Debtor. Thereafter, Mr. Terzian and I discussed my various questions as well as some of the legal issues involved. Mr. Terzian assured me he would have answers for me within two weeks.

20. Finally, on November 30, 2023, I received from Mr. Terzian on Debtor's behalf responses to various questions I had been posing for the previous five (5) months as well as various medical records that I had been requesting.

21. Subsequently, on December 12, 2023, I sent to Mr. Terzian follow-up requests for the following: (i) an ART Report; (ii) the thawing protocol; (iii) a description of how the Embryos were frozen; and (iv) the consent form I would need Kato to execute should we desire to have the Embryos transferred from Debtor's custody. I require all of this information in order to have the Embryos transferred to a local facility should Kato and I ultimately decide to do so.

22. It has been nearly a month since my latest request for information and Debtor has failed to respond. Given how arduous and time-consuming my previous efforts to secure information and cooperation from Debtor with regards to the Embryos have been, I have little choice but to seek relief from the automatic stay so as to continue to prosecute the State Court Proceeding, which does not assert any claim for damages or any claims that may affect property of the Debtor or Debtor's bankruptcy estate. The State Court Proceeding allows me to ensure Debtor's prompt and full cooperation in a local forum which would allow me to avoid substantial expense in attempting to secure such cooperation. Moreover, authorization to serve a Rule 2004 subpoena upon Debtor for the production of documents and, if necessary, the examination of Debtor's principal, Dr. John Zhang, could conceivably enable to me to secure such information and cooperation that may make the State Court Proceeding moot, thus justifying the voluntary dismissal of such action.

23. In light of the foregoing, I submit that "cause" exists to grant relief from the automatic stay to continue the State Court Proceeding and that the authorization of the issuance of a subpoena, pursuant to Bankruptcy Rule 2004, in substantially similar form as that which is annexed hereto as **Exhibit "E"**, is warranted.

24. Consequently, I respectfully request that the Motion be granted in its entirety.

I certify under penalty of perjury that the foregoing is true and corrected. Executed on January 9, 2024.



                                                    __s//David Faux_____
                                                    DAVID FAUX