UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

ZHANG MEDICAL P.C. d/b/a New Hope
Fertility Center,

                          Debtor.

Case No. 23-10678 (PB)

Chapter 11

---

# MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND AUTHORIZING EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Movant, David Faux ("Movant"), by its counsel, Bronster LLP, as and for his application (the "Application") seeking the entry of an order: (i) pursuant to Sections 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and S.D.N.Y. L.B.R. 4001-1, terminating the automatic stay for cause so that Movant may continue his state court proceeding as against Debtor Zhang Medical P.C. d/b/a New Hope Fertility Center ("Debtor") that is pending in the Commonwealth of Pennsylvania (the "State Court Proceeding") which seeks information and cooperation from Debtor and may include a demand for the turnover of certain biological material that is being stored by Debtor but which belongs to Movant and his former spouse, (ii) pursuant to Bankruptcy Rule 2004, directing the production of documents by and oral examination of Debtor, by Dr. John Zhang, Debtor's sole shareholder, and/or any other employee of Debtor most knowledgeable about the services provided by Debtor to Movant and his former spouse and the status of Debtor's and his former spouse's biological material, which is in the possession, custody, or control of Debtor, and the potential transfer of same (the "Rule 2004 Topics"); and, (iii) for

such and other relief as the Court deems just and equitable; hereby represents as follows:

## JURISDICTION

1. This Court has jurisdiction to address the issues raised and to grant the relief requested herein, pursuant to 28 U.S.C. § 157, 11 U.S.C. §362(d), and Bankruptcy Rule 2004.

2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (G), and/or (O).

## BACKGROUND

3. On April 30, 2023 (the "Filing Date"), Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the United States Bankruptcy Code.

4. In or about January 2013, Movant and his former spouse, Kaori Kato ("Kato"), sought Debtor's services for the purposes of their reproductive health. Specifically, they sought Debtor's expertise in assessing our fertility, treating infertility through Assisted Reproductive Technologies ("ART"), and the cryopreservation and storage of our fertilized embryos. (This and the other background facts relayed herein are drawn from the accompanying Certification of David Faux.)

5. Prior to the Filing Date, Kato and Movant divorced. Notwithstanding our divorce, the two (2) fertilized embryos (the "Embryos") remain in storage under Debtor's possession, custody, or control.

6. As Movant still possesses an interest in ensuring the Embryos are preserved for potential surrogacy, for much of the past year Movant has been engaged in a frustrating effort to obtain information from Debtor, which has been provided fitfully, incompletely, and only after substantial time has been allowed to pass.

7. Movant's inquiries began after he and Kato received from Debtor a "Thaw & Discard Agreement" in April 2023. Kato signed it immediately, however Movant declined as he

had some questions. He followed up by email on May 3, 2023 and was told to call Debtor, which he did that very day. He specifically asked by email how many embryos there were and how old they were. Debtor's representative responded on May 4, 2023 and advised that there were two Embryos. The following day, May 5, 2023, Debtor provided Movant with the "grades" of the Embryos.

8. Between May 8th and 10th, Movant repeatedly called Debtor seeking further information but was bounced around between the Lab Department, Genetic Department, and "management" without any responses. On May 10, 2023, he spoke with Debtor's billing department and paid $1,200.00 for the preservation of the Embryos for a year.

9. On May 15, 2023, Movant was told by Debtor's representative to complete a Medical Request form for Debtor's Medical Records Department in order to receive the various documents Kato and Movant signed back in 2013. The very next day, Movant returned the Medical Request form executed by both him and Kato, thus evidencing her consent to the release of our medical records to Movant. He followed up with Debtor on May 30, 2023 and was transferred first to the nurse's station, then to the Lab Department, and then disconnected. He then called back and the same thing happened. Afterwards, Movant e-mailed Debtor and received no response.

10. Throughout May and June 2023, Movant received Thaw and Discard Agreements from Debtor via email every other day, which, considering he had just paid for another year of storage, began to raise concerns that the Embryos may have already been destroyed and/or discarded.

11. On June 8, 2023, Movant called Debtor and was told that his name was not even in their records, that his matter was being reviewed by Debtor's management, and that he would receive a telephone call back later that day or the following day.

12. Without any response from Debtor, Movant spent the rest of June and the first part of July considering options and allowing time to yield a fresh perspective on the facts he faced to date.

13. In July, he contacted the Independence Law Center which agreed to send a letter on his behalf to Dr. Zhang. Without any response to the letter from the Independence Law Center, Movant spent August and September fully considering his options and performing legal research.

14. As Debtor had continuously failed to promptly provide Movant with information regarding the Embryos, which he was entitled to, he had no alternative but to file on October 6, 2023 with the Commonwealth of Pennsylvania, County of Wanye a Writ of Summons for Praecipe, which commenced a proceeding under Case Number 2023-00514 (the "State Court Proceeding"). The State Court Proceeding remains pending.

15. On October 7, 2023, Movant served the Writ of Summons for Praecipe, Interrogatories, and Request for Production of Documents upon Debtor.

16. Thereafter, on October 25, 2023, Movant was contacted by Charles Persing, the Court-appointed Chief Restructuring Officer of Debtor who advised Movant of the Debtor's bankruptcy case and notified me that he was not allowed to prosecute an action against Debtor given the bankruptcy filing. Mr. Persing assured Movant that he would get all of the answers sought within two (2) weeks.

17. Movant's telephone call with Mr. Persing was the first knowledge of Debtor's bankruptcy case. Had he known that this proceeding was commenced and ongoing, he would have sought relief first from this Court.

18. On October 26, 2023, Norma Ortiz, Esq., on behalf of Debtor, requested Kato's consent for the second time and asked Movant to exclude Debtor's staff in future correspondence

(which they had initially included). Ms. Ortiz promised to have answers by the first week of November. On November 10, 2023, Ms. Ortiz asked Movant for his questions again so she could get answers.

19. On November 23, 2023, Movant received a letter from Christopher A. Terzian, Esq., of Martin Clearwater & Bell, LLP, who appeared to have replaced Ms. Ortiz in handling my matter on behalf of Debtor. Thereafter, Mr. Terzian and Movant discussed the latter's various questions as well as some of the legal issues involved. Mr. Terzian assured Movant he would have answers within two weeks.

20. Finally, on November 30, 2023, Movant received from Mr. Terzian on Debtor's behalf responses to various questions he had been posing for the previous five (5) months as well as various medical records that he had been requesting.

21. Subsequently, on December 12, 2023, Movant sent to Mr. Terzian follow-up requests for the following: (i) an ART Report; (ii) the thawing protocol; (iii) a description of how the Embryos were frozen; and (iv) the consent form he would need Kato to execute should they desire to have the Embryos transferred from Debtor's custody. Movant requires all of this information in order to have the Embryos transferred to a local facility should Kato and Movant ultimately decide to do so.

22. It has been nearly a month since Movant's most recent request for information and Debtor has failed to respond. Given how arduous and time-consuming his previous efforts to secure information and cooperation from Debtor with regards to the Embryos have been, he has little choice but to seek relief from the automatic stay so as to continue to prosecute the State Court Proceeding, which does not assert any claim for damages or any claims that may affect property of the Debtor or Debtor's bankruptcy estate. The State Court Proceeding allows his Movant to

ensure Debtor's prompt and full cooperation in a local forum which would allow him to avoid substantial expense in attempting to secure such cooperation. Moreover, authorization to serve a Rule 2004 subpoena upon Debtor for the production of documents and, if necessary, the examination of Debtor's principal, Dr. John Zhang, could conceivably enable to Movant to secure such information and cooperation that may make the State Court Proceeding moot, thus justifying the voluntary dismissal of such action.

## **ARGUMENT**

23. Under 11 U.S.C. § 362(a)(1), the filing by Debtor of its voluntary petition for relief from its creditors operates to stay of the continuation of a judicial, administrative or other action or proceeding against the debtor. collection and other actions against Debtor or property of estate.

24. Movant seeks relief from the automatic stay so as to permit him to continue to the State Court Proceeding, which does not seek to collect or recover a claim as against the debtor or to take any action with respect to property of the Debtor and/or the bankruptcy estate other than certain records and biological materials belonging to Movant and his former spouse.

25. Relief from stay may be granted pursuant to 11 U.S.C. § 362(d), which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

26. By dint of Movant's strong and compelling interest in his and his former spouse's biological materials and medical records, "cause" exists to vacate the automatic stay so as to allow Movant to continue to seek documents and information and, should it be decided, the transfer of the Embryos to a facility in Pennsylvania.

27. Stay relief would allow Movant to continue to seek and procure documents from

Debtor (and/or to compel the transfer of the Embryos to a local facility) through a local forum without having to incur attorneys' fees and other costs that may be associated with ensuring Debtor's compliance under Bankruptcy Rule 2004 in this Court.

28. Alternatively, Movant seeks relief under Bankruptcy Rule 2004 for authority to serve the subpoena annexed to Movant's Certification as Exhibit "E" requiring the production of documents and information from Debtor and testimony by Dr. John Zhang (or some other employee of Debtor with knowledge), should that become necessary.

29. Bankruptcy Rule 2004 provides in pertinent part as follows:

> **a. EXAMINATION on Motion.** On motion of any party in interest, the court may order the examination of any entity.
>
> **b. Scope of Examination.** The examination of an entity under this Rule or of the Debtor under Section 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge....
>
> **c. Compelling Attendance and Production of Documentary Evidence.** The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

.

30. Accordingly, this Motion is made pursuant to Bankruptcy Rule 2004 for entry of an Order authorizing Movant, by counsel, to serve the subpoena upon Debtor annexed to Movant's Certification as Exhibit "E" so as to procure documents and information from Debtor and, if necessary, to examine under oath Dr. John Zhang or any other representative of Debtor with knowledge of the services performed with respect to Movant and his former spouse and the preservation and potential transfer of the Embryos.

31. There has been no prior request to this or any other Court for the relief sought herein.

**WHEREFORE**, Movant respectfully requests that this Court grant the Motion and enter an order as follows:

(i) pursuant to Section 362(d)(1) of the Bankruptcy Code, granting relief from or modifying the stay for "cause" to permit Movant to continue the State Court Proceeding against Debtor for the purpose of procuring documents and information regarding the Embryos;

(ii) alternatively, pursuant to Bankruptcy Rule 2004, authorizing Movant's issuance and service of a subpoena upon Debtor for the production of certain documents and information regarding the Rule 2004 Topics and, if necessary, examining Dr. John Zhang or some other representative of Debtor with knowledge regarding the Rule 2004 Topics; and

(iii) granting such other and further relief as this Court deems proper.

BRONSTER, LLP
Attorneys for Movant

   *s//J. Logan Rappaport*
J. Logan Rappaport
156 West 56th Street, Suite 703
New York, NY 10019
(347) 826-5051
lrappaport@bronsterllp.com