UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ZHANG MEDICAL P.C. d/b/a New Hope Fertility Center,

Debtor.

Case No. 23-10678 (PB)

Chapter 11

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND AUTHORIZING EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the application, dated January 10, 2024 (the "Application"), of David Faux (the "Movant") seeking the entry of an order: (i) pursuant to Sections 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and S.D.N.Y. L.B.R. 4001-1, terminating the automatic stay for cause so that Movant may continue his state court proceeding as against Debtor that is pending in the Commonwealth of Pennsylvania (the "State Court Proceeding") which seeks information and cooperation from Debtor and may include a demand for the turnover of certain biological material that is being stored by Debtor but which belongs to Movant and his former spouse, (ii) pursuant to Bankruptcy Rule 2004, directing the production of documents by and oral examination of Debtor Zhang Medical P.C. d/b/a New Hope Fertility Center ("Debtor"),by Dr. John Zhang, Debtor's sole shareholder, and/or any other employee of Debtor most knowledgeable about the services provided by Debtor to Movant and his former spouse and the status of Debtor's and his former spouse's biological material, which is in the possession, custody, or control of Debtor, and the potential transfer of same (the "Rule 2004 Topics"); and, after due deliberation, the Court having concluded that the Movant has

established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby

**ORDERED** that:

1. The automatic stay is hereby vacated for cause, pursuant to 11 U.S.C. § 362(d)(1), so as to allow Movant to continue the State Court Proceeding, however Movant shall take no action in the State Court Proceeding to assert any claims against Debtor or recover any property of Debtor or Debtor's bankruptcy estate with the exception of those records and biological materials in which Movant has an interest.

2. The Movant is authorized, pursuant to Bankruptcy Rule 2004, to conduct an oral examination of Debtor by Dr. John Zhang, or such other employee of Debtor who is most knowledgeable regarding the Rule 2004 Topics.

3. The Movant is authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examination (each, a "Rule 2004 Subpoena") in substantially the same form as that which was annexed to the Application as Exhibit "E".

4. Debtor and Dr. John Zhang shall produce the documents (including electronically stored information) in its possession, custody or control referenced in the Rule 2004 Subpoena not later than 20 days after the service of such subpoena, the Application and a copy of this Order, to be delivered to counsel for Movant, Bronster, LLP, Attn: J. Logan Rappaport, Esq., 156 West 56th Street, Suite 703, New York, New York 10019.

5. Debtor by Dr. John Zhang, or any other employee of Debtor most knowledgeable about the Rule 2004 Topics, shall appear for the foregoing examination not later than thirty (30) days after the date of service of the Rule 2004 Subpoena, the Application and a copy of this Order,

unless such period is extended with the express written consent of Movant, at the offices of Movant's counsel, Bronster, LLP, 156 West 56th Street, Suite 703, New York, New York 10019.

6. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, Debtor shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

7. Debtor shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

8. All disputes concerning Rule 2004 Subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Dated: New York, New York
_____, _____

**Honorable Philip Bentley**
**United States Bankruptcy Judge**