UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 23-10678 (PB) |
| ZHANG MEDICAL P.C. d/b/a New Hope | ) |
| Fertility Center, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**STIPULATION AND PROPOSED ORDER RESOLVING MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR AUTHORIZATION TO SERVE SUBPOENAS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (ECF DOC. NO. 229)**

David Faux ("Faux"), by his attorneys, Bronster, LLP, and Zhang Medical P.C. d/b/a New Hope Fertility Center ("Debtor" and together with Faux, the "Parties"), the debtor and debtor-in-possession in the above captioned bankruptcy case, by its proposed attorneys, Ruskin Moscou Faltischek, P.C., hereby stipulate and agree, subject to approval by the Bankruptcy Court, as follows resolving Faux's motion ("Motion"), filed January 17, 2024 (Doc. No. 229), seeking entry of an order: (i) pursuant to Sections 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and S.D.N.Y. L.B.R. 4001-1, terminating the automatic stay for cause so that Movant may continue his state court proceeding as against Debtor pending in the Commonwealth of Pennsylvania (the "State Court Proceeding"), or, alternatively, (ii) pursuant to Bankruptcy Rule 2004, directing the production of documents by and oral examination of Debtor, by Dr. John Zhang, Debtor's sole shareholder, and/or any other employee of Debtor most knowledgeable about the services provided by Debtor to Movant and his former spouse, as follows:

1

**WHEREAS**, on April 30, 2023 (the "Filing Date"), Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code;

**WHEREAS**, Debtor continues to manage and operate its business as a debtor-in-possession;

**WHEREAS**, in or about January 2013, Faux and his former spouse, Kaori Kato ("Kato"), sought Debtor's services for the purposes of their reproductive health; specifically, they sought Debtor's expertise in assessing their fertility, treating infertility through Assisted Reproductive Technologies ("ART"), and the cryopreservation and storage of their fertilized embryos;

**WHEREAS**, two (2) fertilized embryos (the "Embryos") belonging to Faux and Kato remain in storage and within Debtor's possession, custody, and/or control;

**WHEREAS**, for approximately the past year, Faux has been engaged in an effort to obtain information from Debtor;

**WHEREAS**, in order to secure the requested information regarding the Embryos, on October 6, 2023, Faux commenced the State Court Proceeding against the Debtor by filing a Writ of Summons for Praecipe in the Commonwealth of Pennsylvania, Wayne County which is pending under Case No. 2023-00514;

**WHEREAS**, Debtor has not yet provided responses to Faux's request on December 12, 2023 for the following (collectively, the "Requested Information"): (i) an ART Report; (ii) the thawing protocol; (iii) a description of how the Embryos were frozen; and (iv) the consent form he would need Kato to execute should they desire to have the Embryos transferred from Debtor's custody (the "Requested Information");

**WHEREAS**, Faux submits that the Requested Information is necessary for the transfer of the Embryos to another facility in the event Faux and Kato decide to transfer them from Debtor's

2

possession, custody, and/or control; and

**WHEREAS**, the Parties desire to resolve the Motion amicably pursuant to the terms of this stipulation and proposed order (the "Stipulation") rather than expend the resources required to litigate the Motion.

**NOW, THEREFORE**, THE PARTIES HEREBY ACKNOWLEDGE AND STIPULATE, AND IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion shall be granted to the extent provided herein.

2. That portion of the Motion which seeks relief from the automatic stay to continue the State Court Proceeding is withdrawn.

3. Debtor shall provide Faux, directly or through his undersigned counsel, with all of the Requested Information within five (5) business days of the so-ordering and entry of this Stipulation by the Court; provided, however, that with respect to requests concerning the thawing protocol and the description of how the Embryos were frozen, the Debtor will respond to information requests from potential recipient clinics within five (5) business days of such request, and the Debtor shall provide Faux with confirmation of the Debtor's response but not a copy of the response. Potential recipient clinics shall make their requests for information by sending such request by (i) e-mail to Debtor to the attention of Charles Persing, Chief Restructuring Officer of Debtor, at cpersing@bederson.com, copying Debtor's counsel at sgiugliano@rmfpc.com, and (ii) first class mail to Charles Persing at Bederson LLP, Attn. Charles Persing, 347 Mt. Pleasant Avenue, Suite 200, West Orange, New Jersey 07052 and Debtor's counsel at Ruskin Moscou Faltischek, P.C., Attn: Sheryl P. Giugliano, Esq., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556.

4. In the event Faux hereafter has any subsequent questions, seeks additional documents from Debtor, and/or Faux and Kato request the transfer of the Embryos to a third-party facility, such questions and/or requests (each an "Additional Request") shall be made to Debtor by sending an e-mail to Debtor to the attention of Charles Persing, Chief Restructuring Officer of Debtor, at cpersing@bederson.com, copying Debtor's counsel at sgiugliano@rmfpc.com and Faux's counsel at lrappaport@bronsterllp.com.

5. Debtor shall respond to any Additional Request by e-mail within five (5) business days of the receipt of the e-mail containing such Additional Request, with the same proviso set forth in Paragraph 1 above with respect to the thawing protocol and a description of how the Embryos were frozen.

3

        If Debtor requires additional time beyond such period to respond to the Additional Request for any reason whatsoever, Debtor shall advise Faux and its undersigned counsel, or the applicable requesting recipient clinic, as applicable, by e-mail prior to the expiration of the five (5) day period of the need for an extension, the reason such extension is necessary, and approximately how much more time is necessary to comply with such Additional Request.

6. In the event that Debtor fails to comply with any Additional Request within thirty (30) days, Faux shall be entitled to file with the Court an Affidavit of Non-Compliance noting such failure to comply and requesting the scheduling of a hearing to compel Debtor's compliance. Faux reserves his right to seek the allowance of his fees and costs associated with the Motion and any non-compliance by Debtor with respect to any Additional Request.

7. The terms of this Stipulation shall be binding upon all of the successors and assigns of Debtor, including any trustee or examiner appointed to operate, investigate or liquidate the debtor under Chapter 11 or in a converted Chapter 7 bankruptcy case.

8. This Stipulation may not be changed, modified, or terminated except in a writing signed by all Parties hereto and approved by the United States Bankruptcy Court for the Southern District of New York.

9. Nothing in this Stipulation shall be construed as a determination, admission, or concession of any substantive or procedural issue or allegation other than that which is set forth in the foregoing whereas clauses, and nothing in this Stipulation may be offered into evidence or trial, or in any subsequent proceeding or in any subsequent judicial arbitral, or administrative proceeding, except insofar as there is a disputed breach of this Stipulation and/or any dispute as to the construction, interpretation, scope, effectiveness, and/or validity of this Stipulation and/or any provision hereof.

10. The Parties and undersigned signatories represent that they are authorized to enter into this Stipulation and that this authority is not conditioned upon or restricted by any requirement that they obtain the consent of any other third party other than the United States Bankruptcy Court for the Southern District of New York.

11. In the event that any provision or provisions herein are determined to be illegal or unenforceable for whatever reasons, such provision or provisions shall be deemed excised from this document and the remaining provisions shall remain in full force and effect as if the excised provisions were never included herein.

12. This Stipulation may be signed in counterparts and by scanned or pdf. signature, each of which shall constitute an original and all of which taken together shall constitute one and the same agreement.

13. Any disputes arising from this Stipulation shall be resolved exclusively by the United States Bankruptcy Court for the Southern District of New York.

Dated: February 12, 2024

By: *s//Sheryl P. Giugliano*
    Sheryl P. Giugliano, Esq.
Ruskin Moscou Faltischek, PC
Counsel to Debtor
1425 RXR Plaza, 15th Floor
Uniondale, NY 11556
(516) 663-6638
sgiugliano@rmfpc.com

By: *s//J. Logan Rappaport*
    J. Logan Rappaport, Esq.
Bronster LLP
Counsel for David Faux
156 West 56th Street, Suite 703
New York, NY 10019
(347) 826-5051
lrappaport@bronsterllp.com

**SO ORDERED**

5