UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

ZHANG MEDICAL P.C., d/b/a
NEW HOPE FERTILITY CENTER,

                              Debtor.

Chapter 11

Case No. 23-10678-pb

-------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the application (the "Motion")[1] of the debtor and debtor in possession (the "Debtor") in the above-captioned case (this "Chapter 11 Case"), for entry of an order (the "Order"), pursuant to sections 105(a) and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") authorizing and establishing procedures for interim compensation and reimbursement of expenses for Ruskin Moscou Faltischek, P.C. ("RMF"), co-counsel to the Debtor, Pardalis & Nohavicka, LLP ("P&N") co-counsel to the Debtor, Schulman Lobel LLP ("Schulman") as accountants for the Debtor, and Gibbons, P.C. ("Gibbons" and, collectively with RMF, P&N, and Schulman, each a "Professional" and all together the "Professionals") as Patient Care Ombudsman in this chapter 11 case; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

further notice is needed or necessary; and it appearing, and the Court having found, that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** to the extent provided herein.

2. Except as may otherwise be provided in orders of this Court, the Professionals may seek interim compensation in accordance with the following procedures:

    (a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall serve a monthly statement ("Monthly Fee Statement") by electronic mail, hand, or overnight delivery, on: (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, NY 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@Bederson.com); (ii) Office of the U.S. Trustee – NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Brian S. Masumoto (Brian.Masumoto@usdoj.gov); (iii) John Zhang, M.D., Sole Shareholder of the Debtor, c/o David H. Stein, Esq., 90 Woodbridge Center Drive, Suite 900, Box 10, Woodbridge, NJ 07095 (dstein@wilentz.com); (iv) Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, NY 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (v) Ruskin Moscou Faltischek, P.C., East Tower, 15th Floor, 1425 RXR Plaza, Uniondale, NY 11556, Attn: Sheryl Giugliano and Michael Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); and (vi) Gibbons P.C., One Gateway Center, Newark, NJ 07102, Attn: David N. Crapo, Patient Care Ombudsman (dcrapo@gibbonslaw.com) (collectively, the "Notice Parties"). The first Monthly Fee Statement for RMF shall cover the period from January 4, 2024 through and including February 29, 2024, the first Monthly Fee Statement for P&N, Schulman, and Gibbons shall cover the period from January 1, 2024 through and including February 29, 2024, and thereafter the Monthly Fee Statements shall cover only one (1) month at a time;

    (b) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The Monthly Fee Order does not alter the fee application requirements

        outlined in sections 330 and 331 of the Bankruptcy Code. Professionals shall still be required to file and serve interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules;

(c)     Each Monthly Fee Statement must contain a list of the individuals—and their respective titles (*e.g.*, attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional shall seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (the "Objecting Party") that cannot be resolved by the respective Professional(s) whose Monthly Fee Statement is objected to and the Objecting Party, then the Objecting Party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought (the "Objection Deadline"), file with the Court and serve upon the respective Professional(s), and the other persons designated to receive statements in paragraph (a), a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)     At the expiration of the Objection Deadline, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

(f)     If a Notice of Objection to Fee Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the respective Professional(s) whose statement is objected to seeks an order from the Court, upon notice and hearing, directing payment to be made;

(g)     If the parties to an objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that

      portion of the Monthly Fee Statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties or Court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below);

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the Objecting Party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j)     Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k)     Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify any Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3.     Service of the Application may be limited to the Notice Parties and the Landlord.

4.     All other parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only Hearing Notices.

5. The Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each Professional.

6. Any party-in-interest may object to requests for monthly payment made under this order on the grounds, among other things, that the Debtor has not timely filed monthly operating reports or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or that manifest exigency exists, by seeing further order of this Court. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

7. Any and all further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided however, that the Debtor must serve a copy of this Order on the Notice Parties and the Landlord.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

NO OBJECTION:

OFFICE OF THE U.S. TRUSTEE FOR REGION 2


By:   /s/ Brian Masumoto
      Brian Masumoto, Trial Attorney


Dated: New York, New York
       February 21, 2024

                                       /s/ Philip Bentley
                                       **Hon. Philip Bentley**
                                       **United States Bankruptcy Judge**