UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                                    :

In re                                                                   :

ZHANG MEDICAL P.C. d/b/a              :

                                                                     :         Case No. 23-10678-pb

NEW HOPE FERTILITY CENTER        :

                                                                     :         Chapter 11

                                                                     :

                      Debtor.       :
------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER GRANTING LIMITED
## RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and order (the "Stipulation") is entered into by and among Zhang Medical P.C. d/b/a New Hope Fertility Center (the "Debtor") and Juan Cheng and Guo Qiang Chen (the "Plaintiffs"). The Debtor and the Plaintiffs collectively are referred to in this Stipulation as the "Parties," and, each, as a "Party." The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, the Plaintiffs commenced a civil lawsuit for medical malpractice and other causes of action (the "Claims") against the Debtor, Dr, John Zhang, and four other non-debtor defendants in the United States District Court for the Southern District of New York, Case Number 1:21-cv-06682-JGK-SDA, on August 8, 2021 (hereinafter "Action"); and

**WHEREAS**, the Debtor filed its voluntary Chapter 11 petition on April 30, 2023 (the "Petition Date");

WHEREAS, the Debtor's medical malpractice insurer, Coverys RRG, Inc., has been defending the Debtor in the Action until it was stayed against the Debtor by the bankruptcy filing;

WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Automatic Stay shall be, and hereby is, modified solely to the extent necessary to permit Claimants to (a) prosecute to conclusion, including any appeals therefrom, the Claims in the Action against the Debtor, (b) liquidate the Claims against the Debtor in the Action, and (c) seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained against the Debtor in the Action on account of the Claims solely from any proceeds available under applicable insurance policies (the "Insurance Proceeds").

2. Subject to the limitations set forth in paragraph 3 below, Plaintiffs and Plaintiffs' agents, attorneys, and other representatives, as well as anyone claiming by or through Plaintiffs (collectively, the "Representatives"), shall look only to any Insurance Proceeds for the satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained against the Debtor in the Action on account of the Claims.

3. To the extent Plaintiffs are ultimately entitled to any judgment, award, settlement, claim, distribution or any other resolution or right to payment obtained on account of the Action or the Claims, Plaintiffs, on behalf of themselves and the Representatives, shall hereby be deemed to have waived such entitlement as to the portion of any such judgment, award, settlement, claim, distribution or any other resolution or right to payment obtained against the Debtor.

4. Nothing in this Stipulation shall in any way be construed so as to require the Debtor to bear any costs, expense (including attorneys' fees and expenses) or other liability related to available insurance policies in relation to the Claims and the Action including a deductible and/or self-insured retention, if any.

5.  Upon the Bankruptcy Court's approval of this Stipulation, Plaintiffs shall have waived any rights that they may hold to file a proof of claim or pursue any filed claim on account of the circumstances that gave rise to the Claims or the Action.

6.  Except as otherwise set forth herein, this Stipulation shall in no way affect, (a) Plaintiffs's rights or ability to seek further relief in the Debtor's Chapter 11 Case not related to or not in connection with the Action or the Claims and (b) any claims, defenses, or rights of the Debtor, all of which are expressly preserved and are in no way affected by the terms of this Stipulation.

7.  Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty, or admission by the Debtor or the estate that: (a) the Debtor or the estate is liable to Plaintiffs for any amounts at all on account of the Action or the Claims; or (b) any causes of action, claims, or damages alleged in connection with the Action or the Claims are covered in whole, in part, or at all, under the Insurance Policies. Although they may choose to do so, nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Debtor, or any agents, attorneys, employees, or other representatives thereof, to defend against the Action or the Claims or to incur any costs in connection therewith.

8.  Plaintiffs shall not take any action against the Debtor that may result in costs or expenses (including reasonable attorneys' fees and expenses) incurred by the Debtor in connection with the Action or the Claims.

9.  Nothing herein is intended or shall be construed to alter in any way the rights, duties, obligations, terms, conditions, and provisions under the insurance policies.

10. This Stipulation constitutes the complete express agreement of the Parties and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the parties, and approved by the Bankruptcy Court.

11. This Stipulation shall remain binding on the parties and all of their successors and assigns, including, but not limited to, any trustee appointed in the Debtor's case under chapter 11 or chapter 7 of the Bankruptcy Code.

12. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

13. This Stipulation is subject to the approval of the Bankruptcy Court and shall be effective upon entry by the Bankruptcy Court.

Dated: January 12, 2024

| | |
|---|---|
| Pardalis & Nohavicka LLP<br>Counsel to the Debtor<br>950 Third Avenue, 11th Floor<br>New York, New York 10022<br>Tel. 212.213.8511<br>By: *s/Norma E. Ortiz* | Liu & Shields<br>Counsel to the Parties<br>41-60 Main Street, Ste. 208A<br>Flushing, New York 11355<br>Tel. 718.463.1868<br>By: s/*Carolyn Shields* |

**IT IS SO ORDERED.**

Dated: New York, New York
February 28, 2024

/s/ Philip Bentley
**Hon. Philip Bentley**
**United States Bankruptcy Judge**