Sheryl P. Giugliano
Michael S. Amato
Nicolas A. Florio
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com
nflorio@rmfpc.com
*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re                                                    Chapter 11

ZHANG MEDICAL, P.C., d/b/a                               Case No. 23-10678 (PB)
NEW HOPE FERTILITY CENTER

                                    Debtor.
---------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) APPROVING
THE DISCLOSURE STATEMENT ON AN INTERIM BASIS;
(II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL
OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION;
(III) FIXING THE DATES AND DEADLINES RELATED TO SOLICITATION
AND CONFIRMATION; (IV) ESTABLISHING SOLICATION, NOTICE, AND
TABULATION PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Zhang Medical P.C., d/b/a New Hope Fertility Center (the "**Debtor**")[1], the above-captioned

debtor and debtor-in-possession, respectfully submits this motion (the "**Motion**") for entry of an

order annexed hereto as **Exhibit A** (the "**Disclosure Statement Order**"): (i) approving the

*Disclosure Statement for First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a New*

*Hope Fertility Center Under Chapter 11 of the Bankruptcy Code*, dated October 4, 2024 (ECF

Doc. No. 406) and related exhibits (as amended, supplemented or otherwise modified from time

---

[1] Capitalized terms not otherwise defined in this Motion shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

to time, the "**Disclosure Statement**"), on an interim basis; (ii) scheduling a combined hearing (the

"**Confirmation Hearing**") to consider (a) approval of the Disclosure Statement on a final basis,

and (b) confirmation of the *First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a*

*New Hope Fertility Center Under Chapter 11 of the Bankruptcy Code*, dated October 4, 2024 (ECF

Doc. No. 405) (as amended, supplemented or otherwise modified from time to time, the "**Plan**");

(iii) fixing the dates and deadlines related to the solicitation and confirmation of the Plan as set

forth in the confirmation schedule described herein (the "**Confirmation Schedule**"); (iv)

approving the solicitation, notice and tabulation procedures (the "**Solicitation Procedures**")

related to solicitation of the Plan; and (v) granting related relief. In support of this Motion, the

Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.          This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference from the United States District Court for the*

*Southern District of New York*, dated January 31, 2012. This matter is a core proceeding pursuant

to 28 U.S.C. § 157(b). The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

III of the United States Constitution.

2.          Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.          The principal bases for the relief requested herein are Bankruptcy Code §§ 105(a),

502, 1123(a), 1124, 1125, 1126, and 1128, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020,

4007 and 9006, Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "**Local Rules**"), and the Court's General Order M-634 establishing the *Procedural Guidelines for Combined Disclosure Statement and Chapter 11 Plan, Combined Hearings on Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, and Conditional Approval of Disclosure Statement*, dated May 31, 2024 (the "**Guidelines**").

## BACKGROUND

4.　　The Debtor is a full-service fertility clinic that maintains a team of highly trained specialists and offers a comprehensive range of fertility services, including egg freezing, preimplantation genetic testing, fertility preservation, and other fertility-related services.

5.　　The Debtor, under the management and control of the Chief Restructuring Officer (the "**CRO**"), is authorized and intends to continue to manage its property and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

**The Chapter 11 Case**

6.　　On April 30, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and elected to proceed in a Subchapter V reorganization case.

7.　　On November 8, 2023, the Debtor filed an amended voluntary petition (ECF Doc. No. 193) revoking its Subchapter V designation, and electing to proceed in a Chapter 11 case.

8.　　On December 21, 2023, the Court entered an Order (ECF Doc. No. 216) granting the Debtor an exclusive period to file a plan of reorganization for 120 days from November 8, 2023, and to confirm a plan no later than 180 days from November 8, 2023.

9.　　On March 11, 2024, the Court entered an Order (ECF Doc. No. 268) extending the Debtor's exclusive period to file a plan of reorganization under Bankruptcy Code §1121(d) by ninety (90) days through and including June 5, 2024 and obtaining acceptances thereto through and including August 4, 2024.

10.     On June 5, 2024, the Debtor filed the *Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 323).

11.     On September 17, 2024, the Court entered an Order (ECF Doc. No. 391) further extending the Debtor's exclusive periods to file a plan of reorganization and solicit votes thereto under Bankruptcy Code §1121(d).

12.     On October 4, 2024, the Debtor filed the Plan (ECF Doc. No. 405) and the Disclosure Statement (ECF Doc. No. 406) therefor.

13.     On October 7, 2024, the Debtor filed a letter (ECF Doc. No. 407) pursuant to the Guidelines under General Order M-634, seeking approval from the Court to file this Motion.

14.     On October 10, 2024, the Court entered a memorandum endorsed order (ECF Doc. No. 418) authorizing the Debtor to file this Motion absent a pre-motion conference.

**The Plan and Disclosure Statement**

15.     The Debtor seeks to utilize chapter 11 to reorganize. To this end, the Debtor filed the Plan and Disclosure Statement in advance of this Motion. In general, the Plan provides for, among other things, (i) the restructuring of the Debtor's balance sheet by the elimination of a significant amount of unsecured debt; (ii) reducing the Debtor's rent expenses by eliminating unnecessary space; (iii) securing new value contributions from the Debtor's sole shareholder, Dr. John Zhang ("**Dr. Zhang**"), including an employment agreement and contribution of essential intangible assets, as consideration for Dr. Zhang's retention of his equity interest in the reorganized debtor; and (iv) seeks to resolve significant potential avoidance actions against the Debtor's sole shareholder and the Debtor's Chief Executive Officer.

16.    In compliance with Paragraph (e) of the Guidelines under General Order M-634[2], the Debtor submits that Plan will seek: (i) confirmation pursuant to Bankruptcy Code § 1129(b) in the event that the requirements of Bankruptcy Code § 1129(a)(8) are not satisfied because at least one class of claims or interests has voted to reject the Plan or is deemed not to have accepted the Plan under Bankruptcy Code § 1126(g) (*see* Plan, Section 9.02); and (ii) settlement of claims of the Debtor's estate against certain insiders, as defined in Bankruptcy Code § 101(31) (*see* Plan, Section 5.07). Additionally, by this Motion, the Debtor seeks to obtain the Court's conditional approval of the proposed Disclosure Statement before its service on parties in interest, the solicitation of Ballots (as defined below), and notice of the Confirmation Hearing (*see* Disclosure Statement Order, ¶¶ 2–3). Neither the Plan nor the Disclosure Statement Order contain any of the other provisions required to be disclosed under Paragraph (e) of the Guidelines.[3]

17.    The Plan provides for estimated Distributions to General Unsecured Creditors of approximately 2% to be paid over three (3) years. If the Plan is confirmed, upon the Effective Date as set forth in the Plan, the Debtor will pay the Landlord on the Effective Date $477,000.00 on account of its Allowed Claim, and with respect to the remaining portion of the Landlord's Allowed Claim, the Debtor estimates that the Landlord will receive Distributions over the life of the Plan, in the aggregate amount of $204,000.00. In addition, the Plan treats the Skyland Claim as an

---

[2] Paragraph (e) of the Guidelines provides that all motions brought thereunder must "(i) recite whether the proposed form of confirmation order and/or proposed chapter 11 plan contains any provision(s) of the type listed in paragraph (c)(i) of the[] Guidelines, and (ii) identify the location of any such provision(s) in the proposed form of confirmation order and/or proposed chapter 11 plan." (Guidelines, ¶ (e)).

[3] Specifically: (i) the Plan does not "provide for treatment under the proposed chapter 11 plan with respect to any class or parties in interest that shall depend on, and differ in accordance with, whether the applicable class or parties in interest vote to accept or reject the plan" (Guidelines, ¶ (c)(i)(C)); (ii) the Plan does not "settle pursuant to the proposed plan any claims against any third party without such party's consent or with such party's deemed consent" (*Id.* at ¶ (c)(i)(E)); and (iii) the Motion does not "seek to expedite or limit the solicitation of acceptances of the plan and/or the notice periods for consideration of the disclosure statement and confirmation of the plan under Fed. R. Bankr. P. 2002 and 3017" (*Id.* at ¶ (c)(i)(F)).

Allowed Unsecured Claim in the amount of $1,388,076.00, and the Debtor estimates that Skyland will receive Distributions over the life of the Plan in the aggregate amount of $24,000.00.

18.     In accordance with Bankruptcy Code § 1126, the Plan contemplates classifying holders of Claims and Equity Interests into certain Classes for all purposes, including with respect to voting rights, if any, as follows:

| Class | Treatment | Entitled to Vote |
|---|---|---|
| 1(a) — Other Priority Claim | Unimpaired | No — deemed to accept |
| 1(b) — PBGC Priority Claim | Unimpaired | No — deemed to accept |
| 2 — Secured Claims | Unimpaired | No — deemed to accept |
| 3(a) — General Unsecured Claims | Impaired | Yes |
| 3(b) — Landlord Claim | Impaired | Yes |
| 3(c) — Skyland Claim | Impaired | Yes |
| 4 — Insider Claims | Impaired | No — deemed to reject |
| 5 — Equity Interests | Impaired | No — deemed to accept |

19.     As set forth above, Classes 3(a), 3(b), and 3(c) are the only holders of Claims or Equity Interests that are entitled to vote on the Plan. All other holders of Claims or Equity Interests are not entitled to vote on the Plan because such holders hold a Claim or Equity Interest that is either (i) unimpaired under the Plan and deemed to accept the Plan (Classes 1(a), 1(b), 2, and 5); or (ii) impaired and deemed to reject the Plan (Class 4).

20.     The Debtor respectfully submits that the Disclosure Statement complies with all aspects of Bankruptcy Code § 1125. However, by this Motion, the Debtor only seeks interim approval of the adequacy of the Disclosure Statement. At the Confirmation Hearing, the Debtor will seek final approval of the adequacy of the Disclosure Statement as well as confirmation of the Plan.

**RELIEF REQUESTED**

21.     The Debtor respectfully requests that this Court enter the Disclosure Statement Order: (i) granting interim approval of the Disclosure Statement to permit the Debtor to solicit the

Plan; (ii) scheduling the Confirmation Hearing for final approval of the Disclosure Statement combined with the hearing on confirmation of the Plan; (iii) fixing the dates and deadlines related to the solicitation and confirmation of the Plan as set forth in the Confirmation Schedule; (iv) approving the Solicitation Procedures with respect to confirmation of the Plan; and (v) granting other related relief.

## BASIS FOR RELIEF

### Interim Approval of the Disclosure Statement

22.    The Debtor submits that the Disclosure Statement contains adequate information as defined in Bankruptcy Code § 1125.

23.    Bankruptcy Code § 1125 provides that the proponent of a proposed chapter 11 plan must provide "adequate information" regarding the plan to holders of impaired claims and interests entitled to vote on the plan. 11 U.S.C. § 1125. Particularly, Bankruptcy Code § 1125(a)(1) defines "adequate information" as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

24.    A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an informed judgment by creditors and interest holders, if applicable, to vote

on a plan. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 681 (Bankr. S.D.N.Y. 1988).

25.     Bankruptcy courts have broad discretion in measuring the adequacy of the information contained in a disclosure statement. *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995). Accordingly, such determinations are assessed on a case-by-case basis based on the unique facts and circumstances of each case. *See id.* (recognizing that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties") (internal citation omitted).

26.     To this end, courts will typically look at whether the disclosure statement contains information such as:

    a.  the circumstances that gave rise to the filing of the bankruptcy petition;
    b.  a complete description of the available assets and their value;
    c.  the anticipated future of the debtor;
    d.  the source of the information provided in the disclosure statement;
    e.  a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;
    f.  the condition and performance of the debtor while in chapter 11;
    g.  information regarding claims against the estate;
    h.  a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;
    i.  the accounting or valuation methods used to produce the financial information in the disclosure statement;
    j.  information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;
    k.  a summary of the plan of reorganization;
    l.  an estimate of all administrative expenses, including attorney's fees and accountant's fees;
    m.  the collectability of any accounts receivable;
    n.  any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;
    o.  information relevant to the risks being taken by creditors and interest holders;
    p.  the actual or projected value that can be obtained from avoidable transfers;
    q.  the existence, likelihood and possible success of non-bankruptcy litigation;

r.   the tax consequences of the plan; and

s.   the relationship of the debtor with affiliates.

*See In re Ashley River Consulting, LLC*, No. 14-13406 (MG), 2015 WL 6848113, at *8 (Bankr. S.D.N.Y. Nov. 6, 2015) (listing the factors courts have considered in determining the adequacy of information provided in the disclosure statement).

27.    The Debtor respectfully submits that the Disclosure Statement contains more than adequate information, within the meaning of Bankruptcy Code § 1125(a)(1), to allow the creditors and interest holders entitled to vote to make an informed judgment regarding the Plan.

28.    Specifically, the Disclosure Statement includes detailed information, among other things, concerning: (i) the terms of the Plan, including a summary of the classification and treatment of  all Classes of Claims and Equity Interests; (ii) the distributions to be made under the Plan on or after the Effective Date of the Plan; (iii) the estimated recoveries by creditors and equity security holders under the Plan on account of their respective Allowed Claims and Equity Interests; (iv) risk factors affecting the Plan; (v) certain tax consequences related to the Plan and distributions; and (vi) the means for implementation of the Plan. Accordingly, the Debtor believes that the Disclosure Statement complies with all aspects of Bankruptcy Code § 1125 and contains the pertinent information necessary for a holder of an eligible claim or interest to make an informed decision regarding whether to vote to accept or reject the Plan.

29.    The Debtor respectfully submits that the Disclosure Statement should be approved on an interim basis. The Debtor will seek final approval of the adequacy of the Disclosure Statement and confirmation of the Plan at the Confirmation Hearing.

**The Combined Hearing**

30.    The Debtor submits that a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan is appropriate under the circumstances.

31.    Bankruptcy Code § 1128 provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Relatedly, Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

32.    Bankruptcy Code § 105(d)(2)(B)(vi) expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

33.    The Guidelines promulgated by this Court under General Order M-364 provide that upon the Court's authorization, "[a] plan proponent may file a motion, referring to the[] Guidelines, that requests . . . the scheduling of a joint hearing to consider final approval of the adequacy of a disclosure statement and confirmation of the proposed chapter 11 plan to which it relates . . . ." (Guidelines, ¶ (b)).

34.    As stated above, on October 10, 2024, the Court, in accordance with the Guidelines, the Court entered a memorandum endorsed order (ECF Doc. No. 418) authorizing the Debtor to file this Motion and seek the relief proposed herein.  In addition, on October 10, 2024, the Court requested that the Court shorten the objection deadline to the Motion from fourteen (14) days to seven (7) days under Section (d)(iv) of the Guidelines promulgated by General Order M-634.

35.    The Debtor respectfully requests that the Court consolidate the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan at the single Confirmation Hearing. The Debtor submits that a combined hearing will streamline and expedite the confirmation process to the direct benefit of the Debtor's estate and its creditors.

36.    A combined hearing will accelerate the implementation of the Plan and limit the amount of time the Debtor will have to remain in chapter 11.  The Debtor's fertility clinic practice relies upon the confidence of its patients in the practice and the physicians.  Emerging as soon as possible from chapter 11 will hopefully allow the Debtor to do so and return to its pre-Petition Date revenue levels.  Moreover, the combined hearing will spare the Debtor from additional administrative expenses and further promote judicial efficiency and economy.

**The Confirmation Schedule**

37.    The Debtor requests that the Court approve the setting of certain dates, described herein under the Confirmation Schedule, in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rules 3017 and 3018.

| Event | Date |
|---|---|
| Record Date | October 29, 2024 |
| Solicitation Deadline | October 29, 2024 |
| Voting Deadline | November 26, 2024 at 4:00 p.m. (ET) |
| Confirmation Objection Deadline | November 26, 2024 at 4:30 p.m. (ET) |
| Confirmation Brief and/or Reply Deadline | December 2, 2024 at 5:00 p.m. (ET) |
| Certification of Vote Deadline | December 2, 2024 at 4:00 p.m. (ET) |
| Confirmation Hearing | December 5, 2024 at 10:00 a.m. (ET) |

*The Record Date*

38.    Bankruptcy Rule 3017(d) provides that for purposes of seeking confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).

Similarly, Bankruptcy Rule 3018(a) contains a provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a).

39.     In order to comply with the Bankruptcy Code and to avoid any doubt as to who is entitled to vote on the Plan, the Debtor requires the establishment of a record date. Generally, the record date for plan voting purposes is the date that the court enters an order approving the disclosure statement. *See* Fed. R. Bankr. P. 3017(d). Accordingly, the Debtor requests that the Court establish the record date (the "**Record Date**") in this case, for purposes of determining which creditors are entitled to vote on the Plan, as the date on which the Disclosure Statement Order granting this Motion is entered by the Court.

### *The Solicitation Deadline*

40.     Pursuant to Bankruptcy Rules 3017(d) and 3018(a), the Debtor requests that the Court establish **October 29, 2024**, or as soon as reasonably practicable thereafter (the "**Solicitation Deadline**"), as the deadline by which the Debtor shall commence distribution of the Solicitation Packages (as defined below) to all holders of Claims and Equity Interests entitled to vote to accept or reject the Plan.

41.     The Debtor submits that the foregoing proposed date will afford all holders of Claims and Equity Interests entitled to vote on the Plan at least twenty-eight (28) days to review and analyze the Solicitation Packages and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline (as defined below), consistent with Bankruptcy Rules 2002(b) and 3017(d). *See* Fed. R. Bankr. P. 2002(b) (requiring twenty-eight days' notice of deadline to object to confirmation of a plan); Fed. R. Bankr. P. 3017(d) (providing that after approval of a disclosure statement, the debtor must transmit the plan, the approved

disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).

### *The Voting Deadline*

42.     Bankruptcy Rule 3017(c) provides, in pertinent part, that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). Accordingly, the Debtor requests that the Court establish **November 26, 2024 at 4:00 p.m. (ET)** (the "**Voting Deadline**") as the deadline by which all Ballots (as defined below) accepting or rejecting the Plan must be properly executed, completed, and delivered to Ruskin Moscou Faltischek, P.C., co-counsel to the Debtor, at 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556-1425 (Attn: Sheryl P. Giugliano).

### *The Confirmation Objection Deadline*

43.     Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). Accordingly, the Debtor requests that the Court establish **November 26, 2024 at 4:30 p.m. (ET)** (the "**Confirmation Objection Deadline**") as the deadline by which parties in interest must file objections, if any, to confirmation of the Plan.

44.     The Debtor further requests that any objections to confirmation of the Plan must: (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Court, with an electronic copy delivered to chambers by email to pb.chambers@nysb.uscourts.gov, and served so that they are received on or before the Confirmation Objection Deadline upon (i) the Debtor, Zhang Medical

P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the Debtor, Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002.

45.    The Debtor believes the proposed timing for filing and service of objections to confirmation of the Plan will afford the Court and the Debtor, and other parties in interest, sufficient time to consider any objections prior to the Confirmation Hearing.

> ### *The Deadline to File a Confirmation Brief and/or Reply to any Plan and Disclosure Statement Objection*

46.    The Debtor (and other parties in support of the Plan) also requests permission to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan no later than **December 2, 2024 at 5:00 p.m. (ET)**.

> ### *The Deadline to File a Certification of Vote*

47.    In accordance with Local Rule 3018-1, the certification of vote (the "**Certification of Vote**") that certifies to the Court in writing, under penalty of perjury, the amount and number of allowed claims or allowed interests of each class accepting or rejecting the Plan and any Ballots not counted will be filed by **December 2, 2024 at 4:00 p.m. (ET)**.

### *The Confirmation Hearing*

48.    As previously set forth, and in accordance with Bankruptcy Rule 3017(c) and Bankruptcy Code § 1128 (requiring a confirmation hearing with respect to any chapter 11 plan), the Debtor requests that the Confirmation Hearing be scheduled on **December 5, 2024, at 10:00 a.m. (ET)**, or such other date thereafter at the Court's earliest convenience, before the Honorable Philip Bentley, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 601, One Bowling Green, New York, New York 10004.

**The Solicitation Procedures**

49.    In order to conduct an effective solicitation of the Plan in a manner consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules, the Debtor seeks approval of the Solicitation Procedures described herein.

### *The Solicitation Package*

50.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan. Specifically, Bankruptcy Rule 3017(d), in relevant part, provides:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
> (2) the disclosure statement approved by the court;
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and

> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan. If the court opinion is not transmitted or only a summary of the plan is transmitted, the court opinion or the plan shall be provided on request of a party in interest at the plan proponent's expense. If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation. For the purposes of this subdivision, creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing.

Fed. R. Bankr. P. 3017(d).

51.    Pursuant to the applicable provisions of the Bankruptcy Code, only those classes of claims or equity interests that are both (i) "impaired" by a chapter 11 plan, and (ii) entitled to receive a distribution under such a plan are entitled to vote on a chapter 11 plan. Here, under the proposed Plan, holders of claims in Classes 3(a), 3(b), and 3(c) are impaired and entitled to vote on the Plan. The holders of interests in Classes 4 and 5 are impaired under the Plan and will receive no distributions. The holders of interests in Class 4 are deemed to reject the Plan and the holders of interests in Class 5 are deemed to accept the Plan. Accordingly, the holders of interests in Classes 4 and 5 are not entitled to vote on the Plan.

52.    The Debtor proposes that on or before the Solicitation Deadline, the following solicitation materials (collectively, the "**Solicitation Package**") will be distributed to: (a) all

persons or entities in Classes 3(a), 3(b), and 3(c) as of the Record Date, (b) all persons or entities

listed in the Schedules as holding liquidated, noncontingent, undisputed Claims as of the Record

Date; (c) all other known holders of Claims against the Debtor, if any, as of the Record Date; (d)

all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the

Debtor's case on or before the Record Date; and (e) the Office of the U.S. Trustee:

     a.   the Disclosure Statement, the Plan, and all exhibits thereto;

     b.   the Disclosure Statement Order;

     c.   the Confirmation Hearing Notice;

     d.   if applicable, a Ballot, including voting instructions (only holders of Claims in Classes 3(a), 3(b), and 3(c) will receive a Ballot);

     e.   a Business Reply Envelope; and

     f.   such other materials as the Court may direct.

53.    If a Solicitation Package is returned as undeliverable, the Debtor shall resend such

Solicitation Package only once, provided that the United States Postal Service has included a

forwarding address at least ten (10) business days before the Voting Deadline.

54.    The Debtor requests authority to make non-substantive modifications to the

Disclosure Statement and other documents in the Solicitation Package prior to distribution in order

to insert dates and deadlines or make corrections or modifications of a typographical, conforming,

or ministerial nature.

55.    The Debtor believes that the solicitation procedures set forth above are well

designed and tailored to effectively solicit votes to accept or reject the Plan.

**_Form of Notice_**

56.    Pursuant to Bankruptcy Rule 2002(b), the Debtor is required to provide notice to

all holders of Claims or Equity Interests of the time fixed for filing objections to the combined

hearing on final approval of the Disclosure statement and confirmation of the Plan. Fed. R. Bankr.

P. 2002(b).

57.    To satisfy this requirement, the Debtor intends to send to all holders of Claims and

Equity Interests that are eligible to vote to accept or reject the Plan a copy of the notice of the

Confirmation Hearing, substantially in the form attached as **Exhibit 1** to the Disclosure Statement

Order (the "**Confirmation Hearing Notice**"). In accordance with Bankruptcy Rules 2002 and

3017(d), the Confirmation Hearing Notice shall contain, among other things: (i) notice of the filing

of the Disclosure Statement and Plan; (ii) notice of the interim approval of the Disclosure

Statement; (iii) information regarding the Confirmation Hearing; and (iv) directions for filing

objections to the final approval of the Disclosure Statement and confirmation of the Plan by the

Objection Deadline.

58.    In addition, the Debtor intends to send to all holders of claims and interests that are

ineligible to vote to accept or reject the Plan a copy of the non-voting status notice, substantially

in the form attached as **Exhibit 2** to the Disclosure Statement  Order (the "**Non-Voting Status**

**Notice**"), which will include, among other things: (a) instructions as to how to view or obtain

copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the

Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots)

from the Court's website via PACER; (b) notice of the Confirmation Objection Deadline; and (c)

notice of the Confirmation Hearing and information related thereto.

59.    The Debtor submits that service of the Solicitation Packages and the Non-Voting

Status Notices on or before the Solicitation Deadline will provide the requisite information to

holders of Claims and Equity Interests in compliance with Bankruptcy Rules 2002 and 3017(d).

*See* Fed. R. Bankr. P. 3017(d).

### Form of Ballot

60.    In accordance with Bankruptcy Rule 3018(c), the Debtor proposes to prepare and customize a ballot (the "**Ballot**"), substantially in the form attached as **Exhibit 3** to the Disclosure Statement Order, for holders of Claims entitled to vote to accept or reject the Plan. The form of Ballot is based on Official Form No. 314, but has been modified to address the particular circumstances of this case and to include certain additional information that the Debtor believes is relevant and appropriate for creditors and interest holders entitled to vote to make an informed judgment regarding the Plan.

61.    Pursuant to the Solicitation Procedures, the Debtor will distribute the Ballots to the relevant parties as part of the Solicitation Package on or before the Solicitation Deadline.

### The Tabulation Rules

62.    Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Equity Interest, and without prejudice to the rights of the Debtor in any other context, the Debtor proposes that each Claim within Classes 3(a), 3(b), and 3(c) shall be counted in accordance with the following rules (collectively, the "**Tabulation Rules**"):

    a.  Unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the undisputed amount of such claim as set forth in the Schedules filed by the Debtor, or (ii) the amount of such claim as set forth in a timely filed proof of claim;

    b.  If a Claim for which a proof of claim has been timely filed is marked in the Schedules in whole or in part as contingent, unliquidated or disputed on its face, unless otherwise ordered by the Court, and except with respect to the Landlord as set forth in the Plan and/or Disclosure Statement whose Claim is allowed for voting purposes in the amount of $1,000,000.00 such portion of the Claim that is marked as contingent, unliquidated or disputed will be temporarily allowed for voting purposes in the amount of $1.00;

    c.   If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    d.   If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

    e.   If the Debtor has filed and served an objection to a Claim at least ten (10) days before the Voting Deadline, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; and

    f.   If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot.

63.    If any creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such creditor or interest holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the Debtor, Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002, so that it is received no more than twenty (20) days after the later of (a) the date of service of the Disclosure Statement

Order, and (b) the date of service of a notice of an objection, if any, to the underlying Claim or Equity Interest.

64.     Any Ballot submitted by a Creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

65.     In tabulating the Ballots, the following additional procedures shall be utilized: (a) only Ballots actually received by the Voting Deadline will be counted; (b) the Debtor expressly reserves the right to extend the Voting Deadline until properly completed Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code § 1126 have been received; (c) a failure to return a Ballot will not be counted either as a vote for or against the Plan; (d) improperly completed or late Ballots will not be counted; (e) if a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest dated Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior Ballots; and (f) creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes within a particular Class; thus, a Ballot (or a group of Ballots) within a particular Class received from a single creditor that partially rejects and partially accepts the Plan will be deemed to have voted to accept the Plan.

## NOTICE

66.     The Debtor provided notice of this Motion to (a) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@Bederson.com); (b) Office of the

U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534,

New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); (c) John

Zhang, M.D., Sole Shareholder of the Debtor, c/o David H. Stein, Esq., 90 Woodbridge Center

Drive, Suite 900, Box 10, Woodbridge, New Jersey 07095 (dstein@wilentz.com); (d) Pardalis &

Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz

(norma@ortizandortiz.com); (e) Gibbons P.C., One Gateway Center, Newark, New Jersey 07102,

Attn: David N. Crapo, Patient Care Ombudsman (dcrapo@gibbonslaw.com); (f) the twenty (20)

largest unsecured creditors in this case; and (g) any party that requested notice pursuant to

Bankruptcy Rule 2002.

## COMPLIANCE WITH RULE LOCAL RULE 9013-1(a)

67.     This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## NO PRIOR REQUEST

68.     No previous request for the same or similar relief has been made by the Debtor to

this or any other court.

## CONCLUSION

69.     For the foregoing reasons, the Debtor respectfully submits that the Disclosure

Statement provides adequate information for the purposes of Bankruptcy Code § 1125 and should

be approved on an interim basis. The Debtor respectfully submits that a combined hearing to

consider final approval of the Disclosure Statement and confirmation of the Plan is appropriate

under the circumstances of this case. Last, the Debtor submits that the Solicitation Procedures

detailed herein are fair and reasonable, and the dates and deadlines proposed in the Confirmation

Schedule herein are prudent and attainable and will afford those parties entitled to vote on the Plan

enough time to make an informed decision as to whether to vote to accept or reject the Plan.

**WHEREFORE,** the Debtor respectfully requests entry of an order, substantially in the

form annexed hereto as **Exhibit A**, granting the relief requested herein and such other relief as is

just and proper.

Uniondale, New York
October 10, 2024

Respectfully submitted,

*/s/ Sheryl P. Giugliano*
Sheryl P. Giugliano
Michael S. Amato
Nicolas A. Florio
**RUSKIN MOSCOU FALTISCHEK, P.C.**
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone:  516-663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com
nflorio@rmfpc.com

*Attorneys for Debtor and*
*Debtor-in-Possession*

## EXHIBIT A

**Disclosure Statement Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                                    Chapter 11

ZHANG MEDICAL, P.C., d/b/a                                Case No. 23-10678 (PB)
NEW HOPE FERTILITY CENTER

                            Debtor.
------------------------------------------------------------x

**ORDER GRANTING
DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (I) APPROVING
THE DISCLOSURE STATEMENT ON AN INTERIM BASIS;
(II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL
OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION;
(III) FIXING THE DATES AND DEADLINES RELATED TO SOLICITATION
AND CONFIRMATION; (IV) ESTABLISHING SOLICITATION, NOTICE, AND
<u>TABULATION PROCEDURES; AND (V) GRANTING RELATED RELIEF</u>**

Upon the Order (ECF Doc. No. 418) entered October 10, 2024, granting the relief requested

in the Letter (ECF Doc. No. 407) dated October 7, 2024; and upon the motion (the "**Motion**")[1] of

Zhang Medical P.C., d/b/a New Hope Fertility Center (the "**Debtor**"), the above-captioned debtor

and debtor-in-possession, seeking entry of an order: (i) approving the Disclosure Statement on an

interim basis; (ii) scheduling a combined Confirmation Hearing to consider (a) approval of the

Disclosure Statement on a final basis, and (b) confirmation of the Plan; (iii) fixing the dates and

deadlines related to the solicitation and confirmation of the Plan as set forth in the Confirmation

Schedule; (iv) approving the Solicitation Procedures related to solicitation of the Plan; and (v)

granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334 and the *Amended Standing Order of Reference from the United States District Court

for the Southern District of New York*, dated January 31, 2012; and this Court having found that

the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having the power

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

to enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the Motion and relief sought therein

comply with the Guidelines established under General Order M-634; and this Court having found

that the Debtor provided adequate and appropriate notice of the Motion under the circumstances;

and this Court having found and determined that the relief requested in the Motion is in the best

interest of the Debtor's estate, its creditors, and other parties in interest; and the Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before the Court; and the Court having determined that the legal and factual bases set

forth in the Motion establish sufficient cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The Disclosure Statement is approved on an interim basis under Bankruptcy Code

§ 1125 and Bankruptcy Rule 3017, subject to notice and hearing on the Debtor's request for final

approval thereof and further subject to the right of any party in interest to timely object to final

approval of the Disclosure Statement and/or confirmation of the Plan. By such interim approval,

the Court has not determined whether the Disclosure Statement should be approved on a final basis

or whether the Plan should be confirmed. Any objections to the adequacy of the information

contained in the Disclosure Statement and/or confirmation of the Plan are expressly reserved for

consideration at the Confirmation Hearing.

3.      The Confirmation Schedule is approved in its entirety as follows:

| Event | Date |
|---|---|
| Record Date | October 29, 2024 |
| Solicitation Deadline | October 29, 2024 |
| Voting Deadline | November 26, 2024 at 4:00 p.m. (ET) |

| Confirmation Objection Deadline | November 26, 2024 at 4:30 p.m. (ET) |
| Confirmation Brief and/or Reply Deadline | December 2, 2024 at 5:00 p.m. (ET) |
| Certification of Vote Deadline | December 2, 2024 at 4:00 p.m. (ET) |
| Confirmation Hearing | December 5, 2024 at 10:00 a.m. (ET) |

4.      The combined Confirmation Hearing on final approval of the adequacy of the Disclosure Statement and confirmation of the Plan is scheduled for **December 5, 2024, at 10:00 a.m. (ET)**. The Confirmation Objection Deadline is **November 26, 2024 at 4:30 p.m. (ET)**. The Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open court.

5.      The deadline for the Debtor to file the Certification of Vote is **December 2, 2024 at 4:00 p.m. (ET)**.

6.      The deadline for the Debtor (and other parties in support of the Plan) to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan is **December 2, 2024 at 5:00 p.m. (ET)**.

7.      Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must: (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Court, with an electronic copy delivered to chambers by email to pb.chambers@nysb.uscourts.gov, and served so that they are received on or before Confirmation Objection Deadline upon  (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the Debtor, Pardalis &

Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002.

8.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved in all respects. The Confirmation Hearing Notice shall be served upon the Debtor's creditors and all parties requesting notice pursuant to Bankruptcy Rule 2002 on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.

9.     The Non-Voting Status Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved in all respects. The Non-Voting Status Notices shall be served upon all holders of Claims and Equity Interests that are ineligible to vote to accept or reject the Plan (Classes 1(a), 1(b), 2, 4, and 5) on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.

10.     The Debtor shall transmit a package (the "**Solicitation Package**") containing (a) the Disclosure Statement, the Plan, and all exhibits thereto, (b) this Disclosure Statement Order, (c) the Confirmation Hearing Notice, (d) if applicable, a Ballot, including voting instructions, and (e) a Business Reply Envelope on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter.

11.     The Record Date for determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan shall be **October 29, 2024**.

12.     As part of the Solicitation Package, the Debtor shall distribute to creditors entitled to vote on the Plan the Ballot based on Official Form No. 314, modified to address the particular circumstances of this chapter 11 case and to include certain additional information that the Debtor believes to be relevant and appropriate for creditors and interest holders entitled to vote to accept or reject the plan to make an informed judgment regarding the Plan. The form of Ballot attached hereto as **Exhibit 3** is hereby approved.

13.     Ballots shall be transmitted by mail, as part of the Solicitation Package, to the record holders of Claims entitled to vote to accept or reject the Plan (Classes 3(a), 3(b), and 3(c)). All other holders of Claims and Equity Interests will not be provided with a Ballot because such holders either are unimpaired and presumed to accept the Plan under Bankruptcy Code § 1126(f) or impaired and deemed to reject the Plan under Bankruptcy Code § 1126(g). Such non-voting holders will receive the Non-Voting Status Notice.

14.     The procedures set forth in the Motion for effectively casting a Ballot are hereby approved in their entirety. In order to cast a Ballot, parties must fully complete and execute the Ballot and return it by first class mail, over-night courier, or hand-delivery so as to be received by co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., at the address set forth in the Ballot on or before the Voting Deadline.

15.     Ballots otherwise sent by facsimile, telecopy, or electronic submissions will not be accepted. Only properly completed, executed, and timely submitted Ballots will be accepted.

16.     The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

  a.  any Ballot received after the applicable Voting Deadline (as may be extended by the Debtor as provided herein);

  b.  any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

5

c.   any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

d.   any Ballot that indicates neither an acceptance nor a rejection of the Plan;

e.   any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

f.   any form of Ballot other than the form sent as part of the Solicitation Package, or a copy thereof;

g.   any Ballot that does not contain an original signature;

h.   any Ballot that is submitted by facsimile, email, or by other electronic means; or

i.   any Ballot sent to the Debtor's professionals at any address other than the official address set forth on the Ballot.

17.   Subject to any contrary order of the Court and except as otherwise set forth herein, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Certification of Vote prepared by the Debtor.

18.   The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Disclosure Statement Order, provides sufficient time for creditors entitled to vote on the Plan to make informed decisions to accept or reject the Plan, and submit timely Ballots.

19.   Denial of final approval of the Disclosure Statement may result in the invalidation of the solicitation of Ballots submitted prior to such denial.

20.   Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Equity Interest, and without prejudice to the rights of the Debtor in any other context, each Claim within Classes 3(a), 3(b), and 3(c) shall be counted in accordance with the following rules (collectively, the "**Tabulation Rules**"):

a.   Unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed proof of claim has not been filed, the undisputed amount of such claim

6

as set forth in the Schedules filed by the Debtor, or (ii) the amount of such claim as set forth in a timely filed proof of claim;

b.  If a Claim for which a proof of claim has been timely filed is marked in the Schedules in whole or in part as contingent, unliquidated or disputed on its face, unless otherwise ordered by the Court and except with respect to the Landlord whose Claim shall be estimated as set forth in the Disclosure Statement and/or Plan at $1,000,000.00, such portion of the Claim that is marked as contingent, unliquidated or disputed will be temporarily allowed for voting purposes in the amount of $1.00;

c.  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

d.  If a Claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

e.  If the Debtor has filed and served an objection to a Claim at least ten (10) days before the Voting Deadline, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; and

f.  If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot.

21.    If any creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such creditor or interest holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the

Debtor, Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn:
Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander
Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408,
Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested
service of all motions and pleadings pursuant to Bankruptcy Rule 2002, so that it is received no
more than twenty (20) days after the later of (a) the date of service of the Disclosure Statement
Order, and (b) the date of service of a notice of an objection, if any, to the underlying Claim or
Equity Interest.

22.     Any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted
solely in accordance with the Tabulation Rules and the other applicable provisions contained
herein unless and until the underlying Claim is temporarily allowed by the Court for voting
purposes in a different amount, after notice and a hearing.

23.     In tabulating the Ballots, the following additional procedures shall be utilized: (a)
only Ballots actually received by the Voting Deadline will be counted; (b) the Debtor expressly
reserves the right to extend the Voting Deadline until properly completed Ballots (that are not
subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet
the voting requirements prescribed by Bankruptcy Code § 1126 have been received; (c) a failure
to return a Ballot will not be counted either as a vote for or against the Plan; (d) improperly
completed or late Ballots will not be counted; (e) any Ballot that indicates both an acceptance and
rejection of the Plan will not be counted; (f) if a creditor casts more than one Ballot voting the
same Claim before the Voting Deadline, the latest dated Ballot received before the Voting
Deadline will be deemed to reflect the voter's intent and thus to supersede any prior Ballots; and
(g) creditors must vote all of their Claims within a particular Class under the Plan either to accept

or reject the Plan and may not split their votes within a particular Class; thus, a Ballot (or a group of Ballots) within a particular Class received from a single creditor that partially rejects and partially accepts the Plan will be deemed to have voted to accept the Plan.

24.     The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with Bankruptcy Code § 1126.

25.     The Solicitation Procedures are hereby approved in their entirety, provided that the Debtor reserves the right to amend or supplement the Solicitation Procedures and related documents to better facilitate the confirmation process.

26.     The Solicitation Procedures for service of the Solicitation Package as well as the Confirmation Hearing Notice and Non-Voting Status Notice set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

27.     The Debtor is authorized to make non-material changes to the Disclosure Statement, the Plan, the Solicitation Procedures, the Non-Voting Status Notice, the Ballot, and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.

28.     The Debtor is hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

29.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.

30.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**<u>EXHIBIT 1</u>**

**Confirmation Hearing Notice**

**Confirmation Hearing Date & Time: December 5, 2024 at 10:00 a.m. (ET)**
**Confirmation Objection Deadline: November 26, 2024 at 4:30 p.m. (ET)**

Sheryl P. Giugliano
Michael S. Amato
Nicolas A. Florio
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com
nflorio@rmfpc.com
*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                    Chapter 11

ZHANG MEDICAL, P.C., d/b/a                               Case No. 23-10678 (PB)
NEW HOPE FERTILITY CENTER

                              Debtor.
----------------------------------------------------------x

**NOTICE OF (I) INTERIM APPROVAL OF THE DISCLOSURE STATEMENT
AND (II) COMBINED HEARING TO CONSIDER FINAL APPROVAL OF
THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN
AND THE OBJECTION DEADLINE RELATED THERETO**

**PLEASE TAKE NOTICE THAT** on October 4, 2024, Zhang Medical P.C., d/b/a New

Hope Fertility Center (the "**Debtor**")[1], the above-captioned debtor and debtor-in-possession, filed

the *First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center*

*Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 405) (as amended, supplemented or

otherwise modified from time to time, the "**Plan**") and the *Disclosure Statement for First Amended*

*Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center Under Chapter*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure
Statement, as applicable.

*11 of the Bankruptcy Code* (ECF Doc. No. 406) and related exhibits (as amended, supplemented or otherwise modified from time to time, the "**Disclosure Statement**").

      **PLEASE TAKE FURTHER NOTICE THAT** on _____, 2024, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order (ECF Doc. No. ___) (the "**Disclosure Statement Order**") approving, among other things, the adequacy of the Disclosure Statement on an interim basis and authorizing the Debtor to provide notice of its intent to seek confirmation of the Plan pursuant to the procedures set forth therein, including the solicitation of votes to accept or reject the Plan. The Court's interim approval of the Disclosure Statement is subject to notice and hearing on the Debtor's request for final approval thereof and further subject to the right of any party in interest to timely object to final approval of the Disclosure Statement and/or confirmation of the Plan. By such interim approval, the Court has not determined whether the Disclosure Statement should be approved on a final basis or whether the Plan should be confirmed.

      **PLEASE TAKE FURTHER NOTICE THAT** a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 5, 2024 at 10:00 a.m. (ET)** before the before the Honorable Philip Bentley, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 601, One Bowling Green, New York, New York 10004. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002. In accordance with the Plan, the Plan may

be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing by further action of the Debtor and without further notice to or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to confirmation of the Plan must: (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Court, with a copy delivered to chambers by email to pb.chambers@nysb.uscourts.gov, and served so that they are received on or before **November 26, 2024 at 4:30 p.m. (ET)** (the **"Confirmation Objection Deadline"**) upon (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the Debtor, Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002. The deadline for the Debtor (and other parties in support of the Plan) to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan is **December 2, 2024 at 5:00 p.m. (ET)**.

**PLEASE TAKE FURTHER NOTICE THAT** the Record Date for determining which creditors are entitled to vote on the Plan is **October 29, 2024**, the date on which the Court entered the Disclosure Statement Order on the docket of the Debtor's chapter 11 case.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for voting on the Plan is **November 15, 2024 at 4:00 p.m. (ET)**, as may be extended by the Debtor in accordance with the Plan and the Disclosure Statement Order. If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you must: (a) carefully follow the voting instructions described therein, (b) complete all of the required information on the Ballot, and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is actually received by co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., at the address set forth in the Ballot on or before the Voting Deadline. A failure to follow such instructions may disqualify your vote. The Court's denial of final approval of the Disclosure Statement may result in the invalidation of the solicitation of Ballots submitted prior to such denial.

*[remainder of page intentionally left blank]*

4

**PLEASE TAKE FURTHER NOTICE THAT** the materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials, you should contact co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Tel: (516) 663-6600, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com). Please be advised that co-counsel to the Debtor is authorized to answer questions about, and provide additional copies of, solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan.

Dated: Uniondale, New York
          October __, 2024

                             **RUSKIN MOSCOU FALTISCHEK, P.C.**
                             *Counsel to Debtor and Debtor-in-Possession*

                             By: _____
                                 Sheryl P. Giugliano
                                 Michael S. Amato
                                 Nicolas A. Florio
                                 1425 RXR Plaza
                                 East Tower, 15th Floor
                                 Uniondale, New York 11556
                                 Telephone:  516-663-6600
                                 sgiugliano@rmfpc.com
                                 mamato@rmfpc.com
                                 nflorio@rmfpc.com

## **EXHIBIT 2**

**Non-Voting Status Notice**

**Confirmation Hearing Date & Time: December 5, 2024 at 10:00 a.m. (ET)**
**Confirmation Objection Deadline: November 26, 2024 at 4:30 p.m. (ET)**

Sheryl P. Giugliano
Michael S. Amato
Nicolas A. Florio
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com
nflorio@rmfpc.com

*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Chapter 11

ZHANG MEDICAL, P.C., d/b/a                              Case No. 23-10678 (PB)
NEW HOPE FERTILITY CENTER

                                            Debtor.
-----------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS TO HOLDERS OR POTENTIAL HOLDERS OF UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN AND/OR HOLDERS OR POTENTIAL HOLDERS OF IMPAIRED CLAIMS OR INTERESTS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on October 4, 2024, Zhang Medical P.C., d/b/a New

Hope Fertility Center (the "**Debtor**")[1], the above-captioned debtor and debtor-in-possession, filed

the *First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center*

*Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 405) (as amended, supplemented or

otherwise modified from time to time, the "**Plan**") and the *Disclosure Statement for First Amended*

*Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center Under Chapter*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

*11 of the Bankruptcy Code* (ECF Doc. No. 406) and related exhibits (as amended, supplemented or otherwise modified from time to time, the "**Disclosure Statement**").

      **PLEASE TAKE FURTHER NOTICE THAT** on _____, 2024, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order (ECF Doc. No. ___) (the "**Disclosure Statement Order**") approving, among other things, the Disclosure Statement on an interim basis and authorizing the Debtor to provide notice of its intent to seek confirmation of the Plan pursuant to the procedures set forth therein, including the solicitation of votes to accept or reject the Plan. The Court's interim approval of the Disclosure Statement is subject to notice and hearing on the Debtor's request for final approval thereof and further subject to the right of any party in interest to timely object to final approval of the Disclosure Statement and/or confirmation of the Plan. By such interim approval, the Court has not determined whether the Disclosure Statement should be approved on a final basis or whether the Plan should be confirmed.

      **PLEASE TAKE FURTHER NOTICE THAT** you are a holder or potential holder of a Claim or Equity Interest against the Debtor that is <u>not</u> entitled to vote on the Plan due to the nature and treatment of such Claim or Equity Interest under the Plan. Specifically, a holder of a Claim in a class that is not Impaired under the Plan is conclusively presumed to have accepted the Plan pursuant to Bankruptcy Code § 1126(f) and is not entitled to vote on the Plan. Further, a holder of a Claim or Equity Interest in a class that is Impaired under the Plan and conclusively presumed to have rejected the Plan pursuant to Bankruptcy Code § 1126(g) is not entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** a combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 5, 2024 at 10:00 a.m. (ET)** before the before the Honorable Philip

Bentley, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 601, One Bowling Green, New York, New York 10004. Please be advised that the Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing by further action of the Debtor and without further notice to or action, order, or approval of the Court. The Court's denial of final approval of the Disclosure Statement may result in the invalidation of the solicitation of Ballots submitted prior to such denial.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Disclosure Statement, the Plan, the Disclosure Statement Order, and other Solicitation Package materials (except the Ballots), can be obtained: (i) upon written request to co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); or (ii) from the Court's website via PACER at https://ecf.nysb.uscourts.gov/ (registration required at https://pacer.uscourts.gov/).

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to confirmation of the Plan must: (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Court, with a copy delivered to chambers by email to pb.chambers@nysb.uscourts.gov, and served so that they are received on or before **November 26, 2024 at 4:30 p.m. (ET)** (the **"Confirmation Objection**

3

**Deadline"**) upon (i) the Debtor, Zhang Medical P.C., d/b/a New Hope Fertility Center, 4 Columbus Circle, 4th Floor, New York, New York 10019, Attn: Charles N. Persing, Chief Restructuring Officer (cpersing@bederson.com); (ii) co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Attn: Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com); (iii) co-counsel to the Debtor, Pardalis & Nohavicka LLP, 35-10 Broadway, Suite 202, Astoria, New York 11106, Attn: Norma Ortiz (norma@ortizandortiz.com); (iv) Office of the U.S. Trustee — NY Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Rachael E. Siegel (rachael.e.siegel@usdoj.gov); and (v) all parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002. The deadline for the Debtor (and other parties in support of the Plan) to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan is **December 2, 2024 at 5:00 p.m. (ET)**.

[*remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status

of your interest(s), you should contact co-counsel to the Debtor, Ruskin Moscou Faltischek, P.C.,

1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556, Tel: (516) 663-6600, Attn:

Sheryl P. Giugliano and Michael S. Amato (sgiugliano@rmfpc.com; mamato@rmfpc.com).

Dated: Uniondale, New York
_____, 2024

                                  **RUSKIN MOSCOU FALTISCHEK, P.C.**
                                  *Counsel to Debtor and Debtor-in-Possession*

                                  By: _____
                                      Sheryl P. Giugliano
                                      Michael S. Amato
                                      Nicolas A. Florio
                                      1425 RXR Plaza
                                      East Tower, 15th Floor
                                      Uniondale, New York 11556
                                      Telephone: 516-663-6600
                                      sgiugliano@rmfpc.com
                                      mamato@rmfpc.com
                                      nflorio@rmfpc.com

# EXHIBIT 3

## Form of Ballot

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                                      Chapter 11

ZHANG MEDICAL, P.C., d/b/a                                 Case No. 23-10678 (PB)
NEW HOPE FERTILITY CENTER

                              Debtor.
------------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED PLAN OF REORGANIZATION OF
## ZHANG MEDICAL P.C., D/B/A NEW HOPE FERTILITY CENTER
## <u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>

On October 4, 2024, Zhang Medical P.C., d/b/a New Hope Fertility Center (the "**Debtor**")[1], the above-captioned debtor and debtor-in-possession, filed the *First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 405) (the "**Plan**") and the *Disclosure Statement for First Amended Plan of Reorganization of Zhang Medical P.C., d/b/a New Hope Fertility Center Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 406) and related exhibits (the "**Disclosure Statement**"). On _____, 2024, the Court entered an Order (ECF Doc. No. ___) (the "**Disclosure Statement Order**"), approving the adequacy of the Disclosure Statement on an interim basis. The Court's interim approval of the Disclosure Statement does not indicate approval of the Plan by the Court. At the Confirmation Hearing, the Debtor will seek final approval of the adequacy of the Disclosure Statement as well as confirmation of the Plan.

The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from Ruskin Moscou Faltischek, P.C., co-counsel to the Debtor, 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556-1425, Tel: (516) 663-6600, Fax: (516) 663-6601 (Attn: Sheryl P. Giugliano).

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.**

**If your Ballot is not received by Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556-1425 (Attn: Sheryl P. Giugliano), either (a) by first class mail, (b) by overnight mail service, or (c) by personal delivery so that, in each case, it is actually received no later than _____, 2024 at 4:00 p.m. (ET) (the "Voting Deadline"), your vote will not count as either an acceptance or rejection of the Plan.**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Plan.

**Delivery of a Ballot by facsimile, e-mail or any other electronic means will <u>not</u> be accepted or counted.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

<u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

**Item 1. Amount of Claim[2]**

The undersigned hereby certifies that as of the Record Date, _____, 2024, the undersigned was the holder of Class 3__ Claim in the unpaid amount set forth below (insert amount in box below):

> $ _____

**Item 2. Vote on the Plan**

The undersigned holder of the Claim set forth in Item 1 votes to (please check <u>one</u>):

| <u>**ACCEPT**</u> **THE PLAN** ☐ | <u>**REJECT**</u> **THE PLAN** ☐ |
|---|---|

Any Ballot that is executed by the holder of a Claim that indicates both an acceptance and a rejection of the Plan will be counted as an acceptance of the Plan.

Dated: _____          Print or Type Name: _____

                                            Signature: _____

**RETURN THIS BALLOT TO:**          Title: _____
                                                    (if corporation or partnership)

**Ruskin Moscou Faltischek, P.C.**
1425 RXR Plaza                              Name of Corporation: _____
East Tower, 15th Floor
Uniondale, New York 11556-1425          Address: _____
Attn: Sheryl P. Giugliano
        Michael S. Amato
                                                      _____

---

[2] For voting purposes only, subject to tabulation rules.

## <u>VOTING INSTRUCTIONS</u>

1.  All capitalized terms used in the Ballot or Voting Instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan.

2.  The Plan can be confirmed by the Court, and therefore made binding on you, if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must (i) complete the Ballot, (ii) indicate your decision either to accept or reject the Plan, and (iii) sign and return the Ballot to the address set forth herein on or before the Voting Deadline. Your Ballot must be received by the Voting Deadline.

4.  If a Ballot is received after the Voting Deadline or indicates that it is an acceptance and a rejection, it will not be counted.  The method of delivery of Ballots is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot is actually received by Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, New York 11556-1425 (Attn: Sheryl P. Giugliano), on or before the Voting Deadline. Instead of effecting delivery by mail, it is recommended, though not required, that such holders use an overnight or hand delivery service. In all cases, sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile, e-mail or any other electronic means will <u>not</u> be accepted.

5.  If multiple Ballots are received from a holder of Claims with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Equity Interest or an assertion or admission of a Claim or Equity Interest.

7.  Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or, if no such mailing label is attached, on the Ballot.

8.  **THE DEBTOR EXPRESSLY RESERVES THE RIGHT TO OBJECT AT A LATER DATE TO THE AMOUNT ALLEGED TO BE DUE TO THE CREDITOR BY THE DEBTOR OR THE INDEBTEDNESS ASSERTED IN A TIMELY FILED PROOF OF CLAIM.**

**PLEASE RETURN YOUR BALLOT PROMPTLY!**